UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:                                              Case No. 12-32264
                                                     Chapter 7

CHRISTOPHER D. WYMAN            Judge Opperman

             Debtor.
_____/

**ORDER REGARDING 1) MOTION FOR ORDER FOR RULE 2004
EXAMINATION, AND 2) COMBINED MOTION FOR PERMISSIVE
ABSTENTION AND FOR ORDER CLARIFYING AUTOMATIC STAY**

Creditor Barbara Duggan ("Duggan") having filed her Motion for Order for Rule 2004 Examination on June 1, 2012 (Docket No. 19, the "2004 Motion"); the Debtor, Christopher D. Wyman, having filed a timely Answer to the 2004 Motion on June 14, 2012 (Docket No. 23); other affected parties also having filed responses to the 2004 Motion; the Court having scheduled a hearing on the 2004 Motion for July 11, 2012, at 9:30 a.m. (the "2004 Motion Hearing"); Duggan also having filed her Combined Motion for Permissive Abstention and for Order Clarifying Automatic Stay on June 18, 2012 (Docket No. 38, the "Abstention Motion"); the Debtor having filed a timely Answer to the Abstention Motion on July 2, 2012 (Docket No. 47); the Chapter 7 Trustee, Michael A. Mason, having filed a Partial Concurrence in the Abstention Motion on July 9, 2012 (Docket No. 54); Duggan having filed her Response to the Trustee's Partial Concurrence Docket No. 55; the Court having scheduled a hearing on the Abstention Motion for July 11, 2012, at 9:30 a.m. (the "Abstention Motion Hearing"); the Debtor having filed an ex parte Motion for Adjournment, on July 10, 2012, at 3:09 p.m., requesting an adjournment of the 2004 Motion Hearing and the Abstention Motion Hearing (Docket No. 57); the 2004 Motion Hearing and the Abstention Motion Hearing having been held, and neither

the Debtor nor his attorney having appeared; the Court having considered the matters and all pleadings filed, and for the reasons given by the Court at the Hearing:

IT IS ORDERED that the Court shall grant the Motions, unless Debtor's counsel:

A. Contacts the Court by July 16, 2011, and requests oral arguments on the 2004 Motion Hearing and the Abstention Motion Hearing, at which time the Court shall schedule adjourned hearings; and,

B. Pays the sum of $1,750.00 to Duggan's attorney, Tindall Law, for fees incurred travelling to and from the Hearings, and the sum of $50.00 for transportation costs, for a total of $1,800.00 on or before July 23, 2012; and

C. Pays the sum of $612.50 to the Trustee's attorneys, Bernardi, Ronayne & Glusac, P.C., for fees incurred travelling to and from the Hearings, and the sum of $50.00 for transportation costs, for a total of $662.50 on or before July 23, 2012.

IT IS FURTHER ORDERED that if the Debtor's counsel fails to contact the Court by July 16, 2012, and/or, fails to pay the amounts ordered by July 23, 2012:

A. The MOTION FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS be and it hereby is GRANTED as follows:

1. Debtor CHRISTOPHER D. WYMAN shall appear at a place to be designated by Duggan's counsel, on such date and time as counsel designates, and shall produce the documents described in 2004 Motion Exhibit 6 and be examined pursuant to Fed. R. Bankr 2004.

2. Subpoenas for the examination of the proposed deponents listed in the 2004 Motion and for production of documents listed in 2004 Motion Exhibit 6 shall be issued by Duggan's counsel on a minimum of 10 days

notice and may be served on each proposed deponent by U.S. Mail at the address listed in Debtor's Petition and Schedules.

B. The MOTION FOR PERMISSIVE ABSTENTION AND ORDER CLARIFYING AUTOMATIC STAY be and it hereby is GRANTED as follows:

1. Pursuant to 28 USC 1334(c)(1), this Court abstains, in favor of the currently pending proceedings in the 53rd District Court, Howell, MI – Case No. 09-4485-GC (the "Current Litigation"), and as to any future proceedings filed by the Trustee in the appropriate Court in the State of Michigan, from proceedings regarding fraudulent transfers.

2. The pleadings in all litigation shall provide that the Trustee is the real party in interest, except as to damages, penalties, costs and attorney fees for contempt, and all recoveries, except as to damages, penalties, costs and attorney fees for contempt, shall be property of the estate pursuant to 11 U.S.C. § 541(a), to be immediately turned over to and administered by the Trustee, unless abandoned pursuant to 11 U.S.C. § 554.

3. Duggan shall be and remain a named plaintiff in the Current Litigation, and in any future litigation commenced with the Trustee regarding fraudulent transfers, so that her rights including any recoveries there from, shall be preserved should the litigation or any such recoveries be abandoned pursuant to 11 U.S.C. § 554.

4. The Trustee may abandon the estate's interest, excluding damages, penalties, costs and attorney fees for contempt, in any litigation if he determines such interest is burdensome to the estate, or, is of

3

12-32264-dof    Doc 62    Filed 07/13/12    Entered 07/13/12 14:22:53    Page 3 of 4

inconsequential value and benefit to the estate, by filing and serving a Notice of Abandonment with this Court pursuant to 11 U.S.C. §554 (a).

5.      Pursuant to 11 USC 105(a), this Court clarifies that the automatic stay in this bankruptcy proceeding does not apply to state court civil contempt proceedings to vindicate the dignity of the state court to enforce its orders/injunctions, as to the Debtor or non-debtor third parties.

.

**Signed on July 13, 2012**

                ___**/s/ Daniel S. Opperman**___
                **Daniel S. Opperman**
                **United States Bankruptcy Judge**