UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE: CHRISTOPHER D. WYMAN       Case No. 12-32264-dof
    a/k/a Chris Wyman, fdba CD Wyman,      Judge OPPERMAN
    fdba Wyman Excavating & Development,      Chapter 7
    fdba Wyman Builder Services,
    fdba Wyman Building Company

        Debtor(s).
_____ /

## DEBTOR'S ATTORNEY'S STATEMENT

NOW COMES the Debtor's attorney Dennis L. Perkins and by way of making a statement to this Court sets forth as follows:

1. That motions for a 2004 examination, for order clarifying and a motion for abstention were all filed to be held on July 11, 2012.

2. That the Debtor's attorney was involved and engaged in a civil jury trial which commenced on Monday, July 9, 2012 and went through July 11, 2012 and ended at approximately 2:30 p.m. on that date.

3. That Debtor's attorney, knowing that he would not be able to finish the trial and attend the hearing on creditor Duggan's motions, requested an adjournment from both the Trustee and Michael Tindall, creditor Duggan's attorney.

4. The Debtor's attorney did not receive confirmation either for or against his request from the Trustee but did receive a negative response for adjournment from creditor Duggan's attorney. These requests, by the way, were made during breaks during the jury trial.

5. That a motion to adjourn was filed with the court, with copies of said motion sent to the court, the Trustee, Trustee's attorney and creditor Duggan's attorney.

6. That while the Debtor's attorney was engaged in his jury trial, the hearing was held regardless.

7. That a notation from the court was received via email. Debtor's attorney, after the jury trial, listened to the audio of the hearing.

8. That the Court stated, in the audio, that Debtor's attorney should have notified the parties prior to the jury trial to request an adjournment. Unfortunately, one does not know whether or not trial are going to occur as scheduled. There is no sense, based upon the experience of Debtor's attorney, to adjourn hearings if cases are not going to proceed. Unfortunately, this case proceeded commencing on Monday, July 9, 2012.

9. That, in the Court's order of July 13, 2012, attorney fees and costs of $2,462.50 were assessed and were to be paid only if Debtor's attorney wished to have oral argument before the Court, notification of which was to be accomplished by July 16, 2012.

10. That as a condition precedent to oral argument, payment of these fees must be made. Such a condition precedent effectively chills the ability of the Debtor to seek relief from this Court by the payment of monies that he doesn't have, hence his inability to have Debtor's attorney argue before this court.

11. That, based upon the audio tape of the hearing there seemed to be a suggestion that the hearing could not be called off since there was not enough time for the Debtor's attorney to notify the parties and not appear in court on Wednesday, July 11, 2012.

12. While although there is no objection to the 2004 motion, the Debtor and Debtor's attorney are concerned that the Court will grant all of the motions without the

input of the Trustee's attorney as it relates to the order for clarification and the order for abstention.

13. In addition, the Debtor and Debtor's attorney believe, that, pursuant to ethical considerations, there is an irreconcilable conflict between Mr. Tindall acting as attorney for his client, Barbara Duggan and acting as Special Counsel for the Trustee. From the audio hearing, Mr. Tindall had stated on the record that his client was fine with such a conflict. Mr. Tindall does not bring to the hearing nor has he produced any affidavit or notarized statement which would tend to verify that his client understands and realizes that her attorney will be working for the Trustee and against her interest.

14. That, in the meantime, creditor Duggan's attorney has filed, without standing, in the matter of Diana K. Gentry, bankruptcy case no. 09-36472, an objection to the First National Bank in Howell lien as a secured claim. Creditor Duggan's attorney wishes the Court to order 50% of the sale proceeds to be paid to the Trustee of this estate, the Trustee of the estate of Christopher Wyman, Michael Mason, i.e. Michael Mason and has otherwise filed his appearance and his objection on the Gentry case based upon the fact that Mr. Tindall has agreed to represent the Trustee to recover fraudulent transfers by Wyman for the benefit of the Wyman bankruptcy estate when, at the July 11, 2012 hearing, there had been no retention of Mr. Tindall as the Trustee's attorney and is acting outside of the scope of any employment agreement that he has.

That as is shown by his request for relief, no where in his request for relief does he ask the court to award his client any of these monies.

Dated: July 16, 2012

Respectfully submitted,

*[signature]*

Dennis L. Perkins (P28568)
Attorney for Debtor
105 E. Grand River Ave.
Howell, MI 48843
(517) 546-6623
bkperk@sbcglobal.net