# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - FLINT

In re:

**CHRISTOPHER D. WYMAN,**

**Debtor.**

_____/

Case No. 12-32264

Chapter: 7

Hon. D. S. OPPERMAN

## ALLOWED SECURED CREDITOR BARBARA DUGGAN'S
## REPLY IN SUPPORT OF DE 190

NOW COMES Allowed Secured Creditor, Barbara Duggan ("Duggan"), by and through her attorney, Bejjani Law PLLC, and for her Reply to DE 191 filed by Trustee Samuel D. Sweet ("Trustee Sweet") and his agent, Select Title Company of Brighton, MI, states the following:

1. DE 191 cites no legal authority whatsoever supporting a legal basis to "amend" a "motion" previously granted and superseded by a final appealable order.

2. DE 191 cites no legal authority whatsoever to alter or amend a final order that has not been reconsidered or appealed.

3. DE 191 cites no legal authority whatsoever to establish any authority for this Court to consider or act on this "motion."

4. DE 191 cites no legal authority whatsoever to dispute that res judicata applies to preclude the arguments presented.

5. As more fully set forth below, DE 191 provides no legal authority to support the merits of the arguments presented, and, ignores established record facts that preclude the arguments presented.

## DE 191 LACKS MERIT

Duggan's Judgment was entered in the 53rd District Court, State of Michigan, January 5, 2010. No appeal was taken, and the Judgment became final. Post Judgment proceedings were initiated April 3, 2012 against Debtor, Gentry and Pichler to avoid fraudulent transfers and appoint a Receiver. *See*, **Exhibit 1**. Debtor held title to the real property at that date. *See*, **Exhibit 2**. All three "respondents" were served with subpoenas April 10, 2012. *See*, **Exhibit 3**. Debtor's subpoena included a statutory injunction enjoining the transfer of any property. *See*, **Exhibit 4**. Debtor appeared April 23, 2012. *See* **Exhibit 5**.

The state court amended the Judgment April 24, 2012. *See*, **Exhibit 6**. The Debtor transferred the real property to Pichler the same day, for no consideration. *See*, **Sweet Exhibit B**. Duggan filed her Judgment Lien May 3, 2012, after the transfer to Pichler was discovered. The Claim of Interest clearly disclosed the transfer to Pichler, that Debtor was the true owner, that the transfer to Pichler was fraudulent, and, that state court proceedings were pending. Duggan moved for contempt against Debtor for violation of the statutory injunction. *See*, **Exhibit 7**. Debtor then filed the Petition in this matter, May 24, 2012, and the state court proceedings were stayed under 11 USC 362(a)(1). [1]

MCL 600.2803 clearly provides that a Judgment Lien attaches to the "debtor's interest in real property". The debtor's interest in real property is defined to be "an interest enumerated in MCL 600.6018". MCL 600.2801(b). MCL 600.6018 defines the interest in real property to

---

[1] Alternatively, because pre-petition state court proceedings were pending, and, stayed by Debtor's Petition filing, any expiration of Duggan's Claim of Interest would have been tolled, under *11 USC 108(c)*, by the Supremacy Clause of the US Constitution. "(c) …**if applicable nonbankruptcy law**, … fixes a period for … **continuing a civil action in a court other than a bankruptcy court on a claim against the debtor…  and** such **period has not expired before the date of the filing of the petition**, then **such period does not expire until the later of** (2) **30 days after notice of the termination or expiration of the stay under section 362,** 922, 1201, or 1301 of this title, as the case may be, **with respect to such claim."** *Easley v. Pettibone Michigan Corp., 990 F. 2d 905, 912 and ns 5,6 (6th Cir 1993* (**a claimant may file any suit, commencement of which was stayed 30 days after notice of the termination of the stay**); *Ashby v. Byrnes, 251 Mich App 537; 651 NW 2d 922, 926 (2002)* (**under subsection 108(c)(2), plaintiffs were provided a thirty-day grace period to file their medical malpractice claim after the lifting of the automatic stay of bankruptcy**); *Walker v. RDR REAL ESTATE, No. 14-2183 (6th Cir January 12, 2016),* See, **Exhibit 8**.

include "All the real estate of any judgment debtor, including, but not limited to, ... **lands conveyed in fraud of creditors** ...[and] **all undivided interests whatever**". On March 8, 2013, this Court ruled:

> "**.... title to the Jones Road Property** *did not pass* **from the Debtor to Ms. Pichler** *until the Quit Claim Deed was recorded. The Quit Claim Deed was recorded within the 90 day period prior to the Debtor's bankruptcy petition***, so this transfer could be a preference under 11 U.S.C. 547.**" Case No. 12-03348, DE 66, 3/08/13, P.4.

Trustee Sweet's argument, DE 191, Nos. 4 and 5 are therefore meritless and frivolous.

On November 20, 2014, this Court issued the notice attached as Exhibit 9. Trustee Sweet received actual notice. See, Exhibit 9, P3. Duggan filed her Proof of Claim on November 25, 2014. See, Duggan Exhibit 6C. That Proof of Claim constituted prima facia evidence of the validity and amount of Duggan's claim. *Fed. R. Bank. 3001(f) (***The objecting party to the claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity. The objection must have probative force equal to the contents of the claim**; *In re Unimet Corp.,* 74 B.R. 156 (Bankr. N.D. Ohio 1987);[**The objecting party's burden is by a preponderance of the evidence**.]; *In re Fidelity Holding Co., Ltd.,* 837 F.2d 696 (5th Cir. 1988).[**More than a mere unsubstantiated objection to form is required**.]; *Garner v. Shier (In re Garner),* 246 B.R. 617, 623 (9th Cir. B.A.P. 2000)[**If the objecting party produces evidence to refute at least one of the allegations essential to the legal sufficiency of the claim, the burden of persuasion shifts back to the claimant.**]; *In re Hughes,* 313 B.R. 205 (Bankr. E.D. Mich. 2004).]

No objection to Duggan's claim was filed. The deadline for filing such an objection can/could not be extended. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 US 380 (1993) at n4* [**Bankruptcy Court may not extend deadline for objecting to proof of claim in Chapter 7 cases**]. The claim was approved, under *11 USC 502(a),* on February 18, 2015, more than two (2) years before the alleged May 3, 2017 expiration date claimed by Trustee Sweet. See, Exhibit 9. The "allowance" of Duggan's claim created a secured final judgment of this Court that merged Duggan's "Claim of Interest" into the secured final Judgment; and, now precludes each and every one of the meritless and frivolous arguments Trustee Sweet attempts to raise in DE 191, under res judicata. *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525 (9th Cir.1998)(**action barred by res judicata due to failure to object to mortgagee's allowed**

proof of claim during the bankruptcy); *In re Orsini Santos, 349 BR 762* (BAP 1st Cir 2006)*[same]; Stearns Salt & Lumber Co. v. Hammond*, 217 F. 559, 564 (6th Cir.1914) ("**It is well settled that the action of a referee in bankruptcy allowing or disallowing a claim <u>is a judgment</u>, final in the absence of review. . . .**"); *In re Dow Corning Corp.,* 237 BR 380,392 (BC, ED MI 1999) **(The Code makes no substantive distinction among allowed-claim holders based on how allowance came about.** *See* **11 U.S.C. § 502(a) ("A claim [to which no party in interest objects]** . . . *is deemed allowed.***");** *In re Allen-Morris*, 523 BR 532,537 (DC ED Mi 2014) **(an order allowing a proof of claim can be a "final judgment" for** *res judicata* **purposes).** This Court's secured Judgment allowing Duggan's claim was not appealed, is now final, and, binds Trustee Sweet.

DE 191 represents a frivolous attempt to circumvent the allowance of Duggan's secured claim and belatedly raise "objections" to her claim that are now precluded. The original Sweet motion to "Amend" is improper, this Court has no authority to grant the requested relief, and, the belated attempt is frivolous and sanctionable.

Respectfully Submitted,

**BEJJANI LAW PLLC**
<u>/s/ *Elie Bejjani*</u>
Elie Bejjani (P74626)
Attorney for Secured Creditor
6 Parklane Blvd, Suite 600
Dearborn, MI 48126
(313) 757-0036
DATED: December 27, 2018          elie@bejjanilaw.com

P.O. BOX 46564
MT. CLEMENS, MI 48046
FACSIMILE: (815) 572-5858
TINDALLPC@COMCAST.NET



# TINDALL LAW

**MICHAEL E. TINDALL**          **DIRECT DIAL:313-638-7613**          **E-mail: MET@COMCAST.NET**

April 3, 2012

**CLERK OF THE COURT
ATTN: PAT
204 S. HIGHLANDER WAY, STE. 1
HOWELL, MI 48843**

## RE: DUGGAN V. WYMAN, CASE NO. 09-4485-GC

Dear Pat:

Per our conversation Tuesday afternoon, April 3, 2012, enclose please find:

1. APPEARANCE
2. MOTION TO AMEND JUDGMENT, Hearing Date 4/24/2012 10:30AM
3. MOTION TO APPOINT RECEIVER, Hearing Date 4/24/12  10:30AM
4. Three (3) Subpoenas duces tecum for creditor examination 4/24/12  10:00AM
5. FILING FEES $85.00 ($15 X 3; $20 X 2)

Please have the subpoenas signed by the Judge. Once signed, call me directly and I will arrange to have them picked up and served.

Please contact me directly with any questions.

Yours Very Truly,

**TINDALL LAW**

BY:

MICHAEL E. TINDALL
For the Firm
MET/mmp
Enclosures

# ATTORNEYS AND COUNSELORS AT LAW

*U.S. Treasury Circular 230 Disclosure*: Advice, if any, contained in this communication or any attachment(s) may not be used by any taxpayer to avoid federal tax penalties or to market, promote, distribute or recommend any entity, investment plan or arrangement to others unless otherwise expressly stated herein.

## Real Property

| Buyer Information | |
|---|---|
| Name: | WYMAN, CHRISTOPHER |
| Address: | 1011 E JONES RD, HOWELL, MI 48855-9298 |
| County/FIPS: | LIVINGSTON |
| **Seller Information** | |
| Name: | GENTRY DIANA K |
| **Property Information** | |
| Address: | HUGHES RD, MI |
| Data Source: | A |
| **Legal Information** | |
| Assessor's Parcel Number: | 11-03-100-039 |
| Contract Date: | 09/13/2011 |
| Recording Date: | 10/12/2011 |
| Document Number: | 28731 |
| Document Type: | DEED |
| **Sale Information** | |
| Sale Price: | $5000 |

| Buyer Information | |
|---|---|
| Name: | WYMAN, CHRISTOPHER D |
| Address: | 5757 MILETT RD, FOWLERVILLE, MI 48836-8924 |
| County/FIPS: | LIVINGSTON |
| **Seller Information** | |
| Name: | GENTRY, DIANA KAYE |
| Address: | 187 S HUGHES RD, HOWELL, MI 48843-9176 |
| County/FIPS: | LIVINGSTON |
| **Property Information** | |
| Address: | 5757 MILETT RD, FOWLERVILLE, MI 48836-8924 |
| County/FIPS: | LIVINGSTON |
| Data Source: | B |
| **Legal Information** | |
| Assessor's Parcel Number: | 4706-30-300-019 |
| Contract Date: | 10/24/2003 |
| Recording Date: | 10/31/2003 |
| Document Type: | QUIT CLAIM DEED |
| Book/Page: | 4223/592 |



Officer Garry Flanary
P.O. Box 2285
Howell, MI 48844
Phone: 517.545.9999  Fax: 810.632.9127
E-Mail: gflanary@garryflanary.com
TIN: 38-3681135

Invoice Number
  4156 – 57436

Invoice date
  4/11/2012

Case Number
  094485GC

## INVOICE

Michael E. Tindall

P.O. Box 46564
Mt. Clemens, MI 48046-

Pursuant to Public Act 243 of 2003
our rates have increased by statute.
This can be viewed at
www.garryflanary.com/statutes.htm

**Matter:** Duggan v Wyman                              **Venue:**

| Date | Description | Amount |
|------|-------------|--------|
| 4/10/2012 | **Service of Case Number: 094485GC** | $21.00 |
| | **Served upon:** Chris Wyman      dba CD Wyman | |
| | VIA: Personally served. | |
| | **at:** 6241 W. Grand River        Brighton | |
| | **on:**        Tuesday, April 10, 2012        **at:**   11:56   **hours.** | |
| Notes: | | |
| **Payment due by:**   4/23/2012 | **Total payment due:** | $21.00 |

Past due amounts are subject to 1 1/2% interest per month. All returned checks will add $25.00 to your amount due.

### If not attached, POS has been filed with originating court.

Please return bottom portion of Invoice with payment. Thank you!

**Payment due by: 4/23/2012**

TIN: 38-3681135

## INVOICE

Invoice number:
  4156 – 57436

Case number:
  094485GC

Total amount due:
  $21.00

Remit to:

Officer Garry Flanary
53rd District Court
P.O. Box 2285
Howell, MI 48844

*Thank you!*

3



Officer Garry Flanary
P.O. Box 2285
Howell, MI 48844
Phone: 517.545.9999  Fax: 810.632.9127
E-Mail: gflanary@garryflanary.com
TIN: 38-3681135



| Invoice Number | |
| --- | --- |
| | 4156 - 57435 |
| Invoice date | |
| | 4/11/2012 |
| Case Number | |
| | 094485GC |

# INVOICE

**Michael E. Tindall**

**P.O. Box 46564**
**Mt. Clemens, MI  48046-**

**Pursuant to Public Act 243 of 2003
our rates have increased by statute.
This can be viewed at
www.garryflanary.com/statutes.htm**

**Matter:** Duggan v Crest Home Sales          **Venue:**

| Date | Description | Amount |
| --- | --- | --- |
| 4/10/2012 | Service of Case Number: 094485GC | $30.99 |
| | Served upon: Crest Home Sales      c/o Diana Gentry | |
| | VIA: Personally served. | |
| | at: 6241 W. Grand River     Brighton | |
| | on:        Tuesday, April 10, 2012      at:    11:56    hours. | |
| Notes: | | |
| **Payment due by:**    4/23/2012 | **Total payment due:** | $30.99 |

Past due amounts are subject to 1 1/2% interest per month.  All returned checks will add $25.00 to your amount due.

**If not attached, POS has been filed with originating court.**

Please return bottom portion of Invoice with payment. Thank you!

**Payment due by:  4/23/2012**

TIN: 38-3681135

# INVOICE

| Invoice number: | |
| --- | --- |
| | 4156 - 57435 |
| Case number: | |
| | 094485GC |
| Total amount due: | |
| | $30.99 |

**Remit to:**

Officer Garry Flanary
53rd District Court
P.O. Box 2285
Howell, MI  48844

*Thank you!*

Approved, SCAO

Original - Return
1st copy - Witness
2nd copy - File
3rd copy - Extra

| STATE OF MICHIGAN | | SUBPOENA | CASE NO. |
|---|---|---|---|
| 53RD | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | Order to Appear and/or Produce | 09-4485-GC |

Police Report No. (if applicable)

**Court address**
204 S. HIGHLANDER WAY, STE 1, HOWELL, MI 48843

**Court telephone no.**
517-548-1000

| Plaintiff(s)/Petitioner(s) | | Defendant(s)/Respondent(s) |
|---|---|---|
| ☐ People of the State of Michigan<br>☑ BARBARA DUGGAN | v | CHRIS WYMAN d/b/a/ CD WYMAN |

| ☑ Civil | ☐ Criminal | Charge |
|---|---|---|

☐ Probate    In the matter of

In the Name of the People of the State of Michigan.  TO:

CHRIS WYMAN d/b/a/ CD WYMAN 6241 W. GRAND RIVER, BRIGHTON MI

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

**YOU ARE ORDERED:**

☑ 1. to appear personally at the time and place stated below:  You may be required to appear from time to time and day to day until excused.

☑ The court address above    ☐ Other:

| Day<br>TUESDAY | Date<br>APRIL 24, 2012 | Time<br>10:00 AM |
|---|---|---|

☐ 2. Testify at trial / examination / hearing.

☑ 3. Produce/permit inspection or copying of the following items: SEE ATTACHED

☑ 4. Testify as to your assets, and bring with you the items listed in line 3 above.

☑ 5. Testify at deposition.

☑ 6. MCL 600.6104(2), 600.6116, or 600.6119 prohibition against transferring or disposing of property is attached.

☑ 7. Other:  CONTINUING THEREAFTER DAY TO DAY UNTIL COMPLETE

| ☑ 8. | Person requesting subpoena<br>MICHAEL E. TINDALL P29090 | | Telephone no.<br>(313) 638-7613 |
|---|---|---|---|
| | Address<br>PO BOX 46564 | | |
| | City<br>MOUNT CLEMENS | State<br>MI | Zip<br>48046 |

NOTE: If requesting a debtor's examination under MCL 600.6110, or an injunction under item 6. this subpoena must be issued by a judge. For a debtor examination, the affidavit of debtor examination on the other side of this form must also be completed. Debtor's assets can also be discovered through MCR 2.305 without the need for an affidavit of debtor examination or issuance of this subpoena by a judge.

**FAILURE TO OBEY THE COMMANDS OF THE SUBPOENA OR APPEAR AT THE STATED TIME AND PLACE MAY SUBJECT YOU TO PENALTY FOR CONTEMPT OF COURT.**

| | | | Court use only |
|---|---|---|---|
| Date | Judge/Clerk/Attorney | Bar no. | ☐ Served    ☐ Not served |

MC 11  (6/09) SUBPOENA, Order to Appear and/or Produce    12-32264-dof  Doc 196  Filed 12/28/18  Entered 12/28/18 21:57:19  Page 9 of 31  MCR 2.506

## STATE OF MICHIGAN

# IN THE CIRCUIT COURT FOR THE COUNTY OF LIVINGSTON

### BARBARA DUGGAN

          Plaintiff,                       NO: 09-4485-GC

                                       HON. L. SUZANNE GEDDIS

vs.

### CHRIS WYMAN d/b/a CD WYMAN

          Defendant.

---

**Tindall Law**
**By: Michael E. Tindall (P29090)**
Attorney for Plaintiff
P.O. Box 46564
Mt. Clemens, MI 48046
(313) 638-7613

**Dennis L. Perkins (P28568)**
Attorney for Defendant
105 E. Grand River
Howell, MI 48843
(517) 546-6623

## APPEARANCE AND NOTICE OF APPEARANCE

TO:    Michael E. Tindall
        Attorney at Law
        P.O. Box 46564
        Mt. Clemens, MI 48046

    NOW COMES Dennis L. Perkins, attorney at law, and hereby enters his Appearance in this case,

as attorney for Defendant, Chris Wyman.

Dated: 4/23/12

                                Dennis L. Perkins (P28568)
                                Attorney for Defendant

### PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on _____April 23_____, 2012,

By:   [ ] U.S. Mail                 [X] FAX
      [X] Hand Delivered       [ ] Overnight Courier
      [ ] Certified Mail         [ ] Other:

Signature: _____Patricia A. Maten_____
           PATRICIA MATEN

## STATE OF MICHIGAN

## IN THE 53RD DISTRICT COURT

**BARBARA DUGGAN**

        **Plaintiff**

v.

**CASE NO. 09-4485-GC**
**HON. SUZANNE GEDDIS**

**CHRIS WYMAN d//b/a CD WYMAN**

        **Defendant.**

_____\\

**TINDALL LAW**
**BY: MICHAEL E. TINDALL (P29090)**
**P.O. BOX 46564**
**MT. CLEMENS, MI 48046**
**(313) 638-7613**
**FAX: 815-572-5858**
**MET@COMCAST.NET**

_____\\

| CERTIFICATE OF SERVICE |
| --- |
| The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record on _____ 4/2____ , 2012__  <br> __x__ US MAIL _____ E-FILE/MAIL_____  <br> _____ FAX _____ DELIVERY |

## MOTION AND BRIEF TO AMEND JUDGMENT

Now comes Plaintiff, pursuant to MCR 2.612(A)(1), and for this Motion states:

1. On December 9, 2009, Plaintiff filed a two (2) Count Complaint in this matter

   seeking damages under Count I in the amount of $7,684.12; and, restitution

   under Count II in the amount of $15,900.00

2. Defendant defaulted.

3. On January 5, 2010 Default and Default Judgment was entered by this Court.

4. Apparently, due to oversight, the Default and Default Judgment was entered

   as to Count I only, instead of as to both Counts I and II.

Wherefore, Plaintiff respectfully requests the Judgment be amended, *nunc pro*

*tunc* to January 5, 2010 to reflect entry of Judgment as to both Counts I and II in the total

amount of $23,584.12, as prayed in the original Complaint.



## BRIEF IN SUPPORT OF MOTION

Plaintiff relies on MCR 2.612(A)(1) in support of this Motion.

## NOTICE OF HEARING

Please take notice that Plaintiff's MOTION TO AMEND JUDGMENT will be brought on for hearing before the Court on Tuesday, April 24, 2012 at 10:30AM, or as soon thereafter as counsel may be heard.

Respectfully Submitted,

**TINDALL LAW**

BY:

MICHAEL E. TINDALL P29090
For the Firm
**P.O. BOX 46564**
**MOUNT CLEMENS, MI  48046**
**(313) 638-7613**
**(815) 572-5858 (FAX)**
**Direct Email: met@comcast.net**

Dated: 4/2/12

BARBARA DUGGAN

                    Plaintiff

v.                                          CASE NO. 09-4485-GC
                                            HON. SUZANNE GEDDIS
CHRIS WYMAN d//b/a CD WYMAN

                    Defendant.

_____\

TINDALL LAW
BY: MICHAEL E. TINDALL (P29090)
P.O. BOX 46564
MT. CLEMENS, MI 48046
(313) 638-7613
FAX: 815-572-5858
MET@COMCAST.NET

_____\

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the
foregoing document was served upon counsel
of record herein at their respective addresses
on the record on __5/15____, 2012__

_X_US MAIL _X_ E-FILE/MAIL____
        FAX    DELIVERY
UPON PICHLER AND LINCK BY MAIL

## PLAINTIFFS' MAY 25, 2012 HEARING BRIEF IN SUPPORT OF

## ADDING PARTIES TO THIS ACTION, MCL 600.6128(2)
## AND
## FOR CONTEMPT FOR VIOLATION OF INJUNCTION
## UNDER MCL 600.6116 AND 6119
## AND
## APPOINTMENT OF RECEIVER, MCL 600.6104(4) AND MCL 566.37(1)(c)(ii).

## INTRODUCTION:

This is a statutory post judgment proceeding to enforce Plaintiff's Judgment in

the amount of $24,584.12, plus statutory interest and costs of collection, now totaling

$28,655.48, by recovering back fraudulent conveyances of money, assets and property

from various family/insider "transferees" of Defendant/Judgment Debtors

CHRISTOPHER D. WYMAN and his Co-Defendant wholly owned corporation, CD

WYMAN INC. [1] The insider/fraudulent transferees include: his then wife, subsequently

ex-wife; his/their wholly owned and controlled corporations/businesses, and, other

related family members; including a former daughter - in – law MICHELLE PICHLER a/k/a MICHELLE GENTRY, and, WYMAN'S uncle, EDWARD LINCK [2]

Prior to 2006, WYMAN and GENTRY operated numerous businesses, under two (2) corporations and a variety of assumed names, owned by GENTRY, in which both were officers and active principles. **See, Exhibit 1, Pre 2006**. In 2001, WYMAN, WYMAN INC., his then wife GENTRY, and, several of their businesses were sued by various creditors in various courts. **See, Exhibit 2**. To place assets beyond the reach of these creditors, WYMAN and GENTRY entered into a scheme for a "sham uncontested divorce"[3]. WYMAN transferred nearly all his assets – real and personal – to GENTRY and/or her solely owned and controlled entities for little or no consideration, under the guise of a "property settlement" he did not sign. WYMAN retained liability for 50% of most of the debt secured by these properties.

Following entry of the Judgment of Divorce, WYMAN and GENTRY continued operating the same businesses, at the same location, under two (2) newly formed corporations, and, newly created assumed names. These were titled solely in the name of GENTRY. **See, Exhibit 1, Post 2006.** Gentry continued to "assist" in the operation of WYMAN'S business; supervised his real estate activities, as his Associate Broker, under

---

[1] Under Michigan's Uniform Fraudulent Transfers Act ("UFTA"), *MCL 566.31, et seq.*

[2] *MCL 566.31(g)* provides in pertinent part: **"Insider" includes all of the following:**

**"(i) If the debtor is an individual, all of the following: (A) A relative of the debtor ... (D) A corporation of which the debtor is a director, officer, or person in control.**

**(iv) An affiliate, or an insider of an affiliate as if the affiliate were the debtor.**

**(v) A managing agent of the debtor."**

[3] Actually, two (2) divorce cases were filed. The first, filed October 15, 2002, was filed by WYMAN, as Plaintiff, represented by Attorney Kehoe [now representing GENTRY in this case]. THAT CASE WAS DISMISSED 20 DAYS LATER, ON November 4, 2002. The second case, filed January 28, 2003, with GENTRY as Plaintiff, resulted in an uncontested Judgment of Divorce, dated May 16, 2003, unsigned by WYMAN, who was not represented by counsel.

TINDALL LAW

her real estate brokerage company; provided substantially all WYMAN'S revenue/income through her various companies; and, shared joint debts and assets equally with WYMAN. WYMAN and GENTRY continued to transfer real and personal property back and forth between themselves and/or GENTRY'S new entities; and, to jointly incur debt using the transferred assets as collateral. **See, Exhibit 3.**

WYMAN purchased the real property commonly known as 1011 Jones Rd., on May 14, 2009, for $79,900.00, while insolvent. 16 days later, he gave a mortgage on that property to his uncle, EDWARD LINCK, for $130,000.00. On October 16, 2009, WYMAN recorded a Memorandum of Land Contract to his former daughter-in-law, MICHELLE PICHLER. WYMAN'S mortgage to his uncle was discharged the same day. That mortgage was replaced, by a new mortgage from PICHLER to LINCK, in the higher amount of $155,000.00 the next day, October 17, 2009.

## I. THE UFTA:

The UFTA "was designed to protect unsecured creditors against debtors who make fraudulent transfers out of, or create obligations against, the debtors' estate(s) adverse to creditors' rights."[4] A transfer made [or obligation incurred] by a debtor(s) is fraudulent as to *ANY* creditor [without regard to whether the claim arose *before*, or, *after* the transfer] if the debtor(s) made the transfer [or incurred the obligation] through (a) *actual* fraud; or, (b) *constructive* fraud.[5]

---

[4] *Multi-Grinding, Inc. v. Richardson Sales & Consulting Services, Inc.*, 2004 WL 1335813 at *2 (Mich App.), *citing Nicholas Loan & Mortgage, Inc. v. W. Va. Coal Co-Op, Inc., 209 W.Va. 296, 547 S.E.2d 234 (2001); Regan v. Carrigan, 194 Mich App 35 (1992) at 39-40.*
[5] *In re Machine Tool Cont. Corp., 381 BR 657 (ED MI 2008).*

Actual fraud exists where the debtor(s) made the transfer (incurred the obligation) with the intent to hinder, delay or defraud **ANY** creditor.[6] Actual fraud is evidenced by "***badges of fraud***" that include:

(a) The transfer or obligation was to an insider.[7] **See, Exhibit 3.**

(b) The debtor retained possession or control of the property transferred after the transfer.[8] **See, Exhibit 1**.

(c) The transfer or obligation was disclosed or concealed.

(d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.[9] **See, Exhibit 2**.

(e) The transfer was of substantially all of the debtor's assets. **See, Exhibit 3.**

(f) The debtor absconded.

(g) The debtor removed or concealed assets.

(h) The value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.[10]

(i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

(j) The transfer occurred shortly before or shortly after a substantial debt was incurred. **See, Exhibit 2.**

---

[6] *MCL 566.34(1)(a)*. The "complaining creditor" need not be the same creditor the debtor(s) intended to "**hinder, delay or defraud**" when making the transfer; and, the "complaining creditor" need not have a claim, or, even have existed at the time the "fraudulent transfer" occurred. The statute specifically provides a transfer is "fraudulent" as to **ANY** creditor, "*without regard to whether the claim [complaining creditor] arose BEFORE or AFTER the transfer was made* [or obligation incurred]".

[7] *Regan v. Carrigan, 194 Mich App 605 (1994)(Creditors may recover fraudulent transfers of corporate assets to-from-between insider family transferees); Coleman-Nichols v.Tixon Corp., 203 Mich App 645 (1994)(Corporate payments of insider personal expenses, including legal fees, are fraudulent transfers.) Doe v. Ewing, 205 Mich App 605 (1994)(fraudulent transfers between husband and wife may be set aside by creditors); Bentley v. Caille, 289 Mich 74,79 (1939); Linke v. Goodrich, 30 Mich App 228,230 (1971)(Courts closely scrutinize transactions between husband and wife where creditors are involved.)*

[8] *John Ceci, PLLC v. Johnson et al, Mich Ct. App UNPUBLISHED, No. 288856 (May 11, 2010)(Divorce transfer of real estate to spouse, followed by transfer to controlled corporation in fraud of creditor, is fraudulent transfer under UFTA.)* **See, Exhibit 4.**

[9] *John Ceci PLLC, n 8 supra.*

[10] *Thomas v. Leja, 187 Mich App 418 (1991) (A mortgage given against real estate, without consideration, is invalid)*; *Harwood v. Randolph Harwood, Inc., 124 Mich App 137(1983)(Inadequate consideration is evidence proving contract is a sham and transaction is fraudulent).*

TINDALL LAW

4

(k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.[11]

The evidence will show that – literally - every "badge of fraud" is present in this case.

A "transfer" that may be "voided" and recovered back [12] includes **every** mode [direct, indirect, absolute or conditional, voluntary or involuntary] of disposing or parting with any "property"/asset, or, **any interest in any "property"/asset**.[13] A "sham divorce", where property is transferred between spouses – under the guise of a marital division- to defraud creditors, is a fraudulent transfer voidable under the UFTA.[14]

Property is anything that may be subject to ownership,[15] including the creation, maintenance, enhancement and mortgaging of real property[16] held as "tenants by the entireties". [17] The UFTA specifically authorizes: (a) **avoidance of all fraudulent transfers**; [18] (b) **injunction against further disposition/transfer of assets or other property by debtor(s) and transferees;** [19] (c) **appointment of a receiver to recover assets transferred and other property of debtor(s) or transferees**; [20] (d) **any other relief the Court determines appropriate**; [21] (e) **direct attachment/execution against**

---

[11] *MCL 566.34(2).*

[12] *Regan v. Carrigan, 194 Mich App 35 (1992) at 40 (where a grantee participates in a fraudulent transfer, a defrauded creditor also has recourse directly against that grantee).*

[13] *MCL 566.31(l).*

[14] *Estes v. Titus, 273 Mich App 356 (2006); Regan v. Carrigan, N 12 supra; John Cecci PLLC, N 8 supra.*

[15] *MCL 566.31(i).*

[16] *LaBour v. Bergen, 334 Mich 437 (1952).*

[17] *In re Harlin, 32 BR 36 (ED MI 2005)( "Michigan cases, dispersed over half a century, consistently hold that it is fraudulent for one with other debts to continue after insolvency to make payments on a mortgage of entireties property* or under a contract to purchase property by the entireties, *and such property is liable for the insolvent's debt to the extent he has placed assets therein, notwithstanding the mortgage or contract may have been executed while solvent and before other debts were contracted.) ; accord, Szkeybalo v. Szkeybalo, 729 NW2d 233 (Mich Sup. Ct. Order 2007).*

[18] *MCL 566.37(1)(a).*

[19] *MCL 566.37(1)(c)(i).*

[20] *MCL 566.37(1)(c)(ii).*

[21] *MCL 566.37(1)(c)(iii).*

TINDALL LAW

5

**fraudulently transferred assets**;[22] and, (f) **a direct money Judgment against a**

**fraudulent transferee**.[23]

## II. THE PLAYERS:

### A. CHRISTOPHER D. WYMAN a/k/a CHRIS WYMAN a/k/a CD WYMAN a/k/a CD WYMAN INC

WYMAN and his corporation are the Defendant debtors who fraudulently

transferred assets to various "insiders" and "affiliates" in violation of *MCL 566.34(1)*.

### B. DIANA K. GENTRY, a/k/a DIANA WYMAN a/k/a DIANA BENNETT

GENTRY is WYMAN's ex-wife, an "insider" under MCL 566.31(1)(g), and, an

"affiliate" under *MCL 566.31(a)(i) and (iv); and, (g)(iv)*.

### C. DK GENTRY INC d/b/a *GENTRY BUILDING CO., LIVINGSTON LOANS*;

**GENTRY SALES, INC.,** d/b/a/ *LIVINGSTON REAL ESTATE, REO INVESTMENT GROUP, CREST HEATING AND COOLING, CREST HOME SALES, CREST MOBILE HOME SERVICE, CREST MOBILE HOMES, LIVINGSTON HOME SALES, LIVINGSTON HOME SERVICE* ; **successors in interest to:**

**CREST HOUSING INC.,** d/b/a *CREST MOBILE HOME, TRI COUNTY LENDING, GENTRY BUILDING CO., WYMAN BUILDING CO*; and

**CREST HOME SERVICES CO.,** subsequently known as **CD WYMAN INC.,** d/b/a *WYMAN BUILDING SERVICES, WYMAN BUILDER SERVICES, WYMAN EXCAVATING & DEVELOPMENT*.

GENTRY'S wholly owned corporations and businesses are "affiliates" of

WYMAN, under *MCL 566.31(g)(iv)*

---

[22] *MCL 566.37(1)(a), (b) and (2).*

[23] *MCL 566.38(2). Regan v. Carrington, n12  supra at 39-40)(Creditor may recover directly against a fraudulent grantee, whether or not the grantee knowingly participated in the fraudulent*

## D. MICHELLE PICHLER f/k/a MICHELLE GENTRY:

PICHLER is an "insider" under *MCL 566.31(g)* and claims an interest in 1011

Jones Rd., by virtue of the fraudulent Land Contract and Quit Claim Deed from

WYMAN.

## E. EDWARD LINCK.

LINCK is an "insider" under *MCL 566.31(g)* and claims an interest in 1011 Jones

Rd., by virtue of the fraudulent mortgages executed by WYMAN and PICHLER.

## III. ADDING PARTIES; BURDEN OF PROOF:

*MCL 600. 6128* provides, in relevant part:

"(1) Where it appears to the court that:

(a) The judgment debtor *may have an interest in or title to any real property*, and such interest or title is disclaimed by the judgment debtor ...

(b) The judgment debtor *may own or have a right of possession to any personal property* ...

(2) If the person *claiming adversely to the judgment debtor* is not a party to the proceeding, the court **shall** by show cause order *or otherwise cause such person to be brought in and made a party thereto*, and shall set such proceeding for early hearing."

*MCL 600.6131* provides in relevant part:

"(1) The complainant shall make a prima facie case by introducing in evidence the judgment against the principal defendant and proof of the conveyance complained of. *The burden of proof is then on the judgment debtor, the person claiming through him, or the person whom it is claimed holds the property in trust for him, to show that the transaction is in all respects bona fide or that the person is not holding as trustee of the judgment debtor.*

(3) Where it appears that the judgment debtor *at a time within 1 year prior to the date of the commencement of the action in which the judgment is entered* [24] has had title to or has paid the purchase price of **any real or personal property** to

---

*transfer);accord, Spencer v. Miller, 279 Mich 194 (1937); Kelly v Thomas Solvent Co, 722 F Supp 1492, 1499 (WD Mich 1989).*

[24] This action commenced December 9, 2009,within one (1) year of the various Jones Rd. transactions.

which *at the time of the examination his wife, or a relative or a person on confidential terms with the judgment debtor may claim title or right of possession*, the burden of proof shall be upon the judgment debtor, or person claiming title or right of possession, *to establish that the transfer or gift from him was not made for the purpose of delaying, hindering, and defrauding creditors.*"

The burden of proof lies solely on WYMAN, GENTRY, PRICHLER, and, LINCK to prove the interests held by them are NOT fraudulent conveyances.

## IV. CIVIL CONTEMPT MCL 600.1701(g) and (i)

## A. VIOLATION OF STATUTORY INJUNCTION: MCL 600.6116; 6119

As more fully set forth in Plaintiff's VERIFIED MOTION, filed April 26, 2012, WYMAN and GENTRY were personally served with subpoenas and statutory injunctions on April 10, 2012. At 8:11:41AM on April 24, 2012, immediately prior to appearing before this Court pursuant to that subpoena, WYMAN recorded a Quit Claim Deed transferring the Jones Rd. property to PICHLER. By RESPONSE, dated April 30, 2012, WYMAN admits the recording/transfer, See Nos. 7&8, but claims:

1. The recording evidences a "**prior transfer**" from 2009; and,
2. He made the recording/transfer on "**advice of counsel**".

Neither of these is a valid defense.

Without regard to the "legitimacy" of the dates WYMAN argues, a Land Contract Vendor retains "legal title", as a matter of law, until the contract is fully paid and the conveyance is perfected. [25] The Vendee's interest is only an "equitable interest", until the contract is paid and cancelled.[26] The "**completion**" of a "**prior transfer**", in violation of *MCL 600.6116 and 6119*, constitutes contempt of court.[27]

---

[25] *Gilford v. Watkins, 342 Mich 632 (1955); Vereyken v. Annie's Place, Inc., 964 F.2d 593 (6thh Cir 1992).*
[26] No such "payoff" or "cancellation" of the Notice of Land Contract has ever been filed.
[27] *Sayo, Inc. v. York Int. Corp., MCA UNPUBLISHED, Case No. 274489 (4/1/2008)*, **See, Exhibit 5.**

Attorney Perkins's attempt to "*fall on his sword*" for his client is meritless.

"**Advice of counsel**" is NOT a defense to contempt for violation of a court order/injunction.[28] To the contrary, ALL individuals who conspire with a contemnor to violate court orders are equally liable and subject to contempt proceedings.[29]

## B. REFUSAL TO APPEAR FOR RE-SCHEDULED CREDITOR EXAMINATION:

As more fully set forth in Plaintiff's Supplements [2] to Contempt Motion, [filed 5/3/12, as to WYMAN; 5/7/12 as to GENTRY] WYMAN and GENTRY appeared before this Court May 1, 2012 and were sworn. Examination began with GENTRY. Despite three(3) weeks advance notice, Attorney Perkins requested a postponement due to a conflicting afternoon court hearing. As a professional courtesy, Plaintiff's counsel stipulated to adjourn both examinations to dates and times agreed to by BOTH opposing counsels, *AFTER* consulting their respective clients. Less than 24 hours later, BOTH opposing counsel refused, *within 15 minutes of each other*, to appear as agreed.

Courts look with favor on stipulations between counsel to simplify and shorten litigation and save costs to the parties. Such stipulations are enforced by the courts, absent "good cause" to do otherwise.[30] Counsels' negligent failure to consult their clients, particularly when representing otherwise, is NOT good cause. [31]

---

[28] *In re Contempt of Klamka, MCA UNPUBLISHED, Case No. 299174 (11/17/2011). See, Exhibit 6.; Brown v. Brown, 335 Mich 511 (1953).*

[29] *Brown, supra; ARA Chuckwagon of Det. Inc. v. Lobert, 69 Mich App 151,159 (1976).*

[30] *Ball v. Ex-Cell-O Corp., 52 Mich App 550,554 (1974); Dana Corp. v. Emp. Serv. Comm., 371 Mich 107,110 (1963); City of Novi v. City of Detroit, 433 Mich 414 (1989).*

[31] "Good cause" is a substantial irregularity in the proceeding; *reasonable excuse* for failure to comply; or, other reason showing *manifest injustice. Alken-Ziegler, Inc v Waterbury Headers Corp, 461 Mich 219 (1999).; Huggins v MIC Gen Ins Corp, 228 Mich App 84 (1998)(Rescheduling proceedings, without written confirmation (ie consent), is not good cause.)*

# V. **APPOINTMENT OF RECEIVER**

Plaintiffs request this Court:

A. Immediately appoint Michigan Court Officer GARY FLANARY as Receiver, pursuant to *MCL 600.6104(4) and 566.37(1)(c)(ii).,* to marshal, take possession of all assets and property of WYMAN, GENTRY, and their various and sundry entities, including 1011 Jones Rd.; void the fraudulent transfers and the interests in the real property commonly known as 1011 Jones Rd., Howell MI held by EDWARD LINCK and MICHELLE PICHLER; and, direct the Receiver to liquidate all such assets and businesses and distribute all proceeds to Plaintiff and the other creditors of WYMAN to satisfy the Judgments against them.

B. Find WYMAN, GENTRY and PICHLER in civil contempt; and, award Plaintiff her **mandatory** costs and attorney fees incurred in these proceedings, under MCL 600.1721; [32]

C. Confine WYMAN and GENTRY to the Livingston County Jail until their testimony is completed, and, all amounts due Plaintiff are paid, under MCL 600.1715(2); and,

D. Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

TINDALL & COMPANY P.C.

Dated: 5/15/12

BY:

MICHAEL E. TINDALL P29090
For the Firm

---

[32] ***MCL 600.1721*** **makes compensatory sanctions, including Plaintiff's costs and attorney fees incurred in this proceeding, mandatory.** *In re Contempt of Calcutt, 184 Mich App 749, 764 (1990); Plumbers and Pipefitters Local 190 v. Wolff, 141 Mich App 815, 818-19 (1985); Birkenshaw v. City of Detroit, 110 Mich App 500, 510 (1981).*

BARBARA DUGGAN

        Plaintiff

v.

CHRIS WYMAN d//b/a CD WYMAN

        Defendant.

_____\

TINDALL LAW
BY: MICHAEL E. TINDALL (P29090)
P.O. BOX 46564
MT. CLEMENS, MI 48046
(313) 638-7613
FAX: 815-572-5858
MET@COMCAST.NET

_____\

CASE NO. 09-4485-GC
HON. SUZANNE GEDDIS

| CERTIFICATE OF SERVICE |
| --- |
| The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record on _____, 200__<br><br>____US MAIL ____E-FILE/MAIL____<br>____FAX ____DELIVERY |

## ORDER FOR CONTEMPT

At a session of said Court held in the City of Howell
County of Livingston, State of Michigan on May ___, 2012

PRESENT: Hon. _____
DISTRICT COURT JUDGE

This matter having come before this Court on Plaintiff's EX-PARTE MOTION

AND ORDER TO SHOW CAUSE FOR CONTEMPT, and, SUPPLEMENTS (2) thereto

as to CHRISTOPHER WYMAN AND DIANA GENTRY, and, an Evidentiary Hearing

having been scheduled for May 25, 2012; and, WYMAN having intentionally filed and

recorded a Quit Claim Deed, on April 24, 2012, in violation of the subpoena and statutory

injunction contained in MCL 600.6110 and 6119 after being properly served with the

Injunction on April 10, 2012; and, WYMAN and GENTRY having refused to appear and

complete their examination(s) and produce documents as ordered by this Court and as

stipulated between counsel; and, this Court being otherwise fully advised in the premises:

**IT IS ORDERED, ADJUDGED AND DETERMINED** that this Court has jurisdiction to determine its own jurisdiction, and, whether the automatic stay of Bankruptcy, under 11 USC 362, applies to this proceeding, to persons involved in this proceeding, and, to property subject to this proceeding.

**IT IS FURTHER ORDERED AND ADJUDGED** that these contempt proceedings against WYMAN and GENTRY are not for the purpose of collecting a debt against WYMAN, but are to punish the intentional violation of the statutory Injunction under MCL 600.6110 and 6119, this Court's orders and subpoenas, and, to vindicate the authority and uphold the dignity of this Court, and, are not stayed under 11 USC 362.

**IT IS THEREFORE ORDERED** that WYMAN and GENTRY be and they hereby are adjudged and determined to be in contempt of the orders of this Court and the statutory Injunction under MCL 600.1701(g) and (i).

**IT IS FURTHER ORDERED** that WYMAN shall be fined $7500.00 and GENTRY shall be fined $7500.00 pursuant to MCL 600.1715(1) for their intentional acts of contempt of this Court's Orders.

**IT IS FURTHER ORDERED** that pursuant to MCL 600.1721, Plaintiff is hereby awarded her actual costs and attorney fees incurred in these proceedings pursuant to MCL 600.1721.

**IT IS FURTHER ORDERED** that the amounts awarded/imposed hereunder may be paid from any proceeds of sale or liquidation of property as an expense of administration/liquidation.

_____
DISTRICT COURT JUDGE

**CLIFTON WALKER; LATASHIA HAYES, Plaintiffs-Appellants,**

**v.**

**RDR REAL ESTATE; JENNIFER LEWARCHIK; RANDY LEWARCHIK; ALEJANDRO PARRA; JAMES MILLER; DONALD R. FARRIS, Defendants-Appellees.**

No. 14-2183.

**United States Court of Appeals, Sixth Circuit.**

Filed January 12, 2016.

BEFORE: STRANCH, DONALD, and LIPEZ, Circuit Judges.[1]

# NOT RECOMMENDED FOR PUBLICATION

# OPINION

STRANCH, Circuit Judge.

Clifton Walker and LaTashia Hayes brought this action alleging civil rights and state law torts related to eviction from their apartment. This appeal concerns the district court's management of post-trial motions during the pendency of an automatic stay enacted under provisions of the U.S. Bankruptcy Code. The district court dismissed without prejudice the post-trial motions of Walker and Hayes and, following the bankruptcy court's entry of a Stay Modification Notice, set a deadline to refile the motions. Because we conclude that the deadline violated the stay by requiring post-trial motions to be refiled before the stay was lifted, we REVERSE the court's dismissal of the post-trial motions as untimely and REMAND for further proceedings.

# I. BACKGROUND

Walker and Hayes brought this action against the owners and managers of their shared apartment (Jennifer and Randy Lewarchik), the corporate entity behind the apartment complex (RDR Real Estate), and three police officers (Detroit Police Department officer Alejandro Parra and sergeant James Miller and Wayne County Sheriff Department deputy Donald R. Farris), who were named in both their individual and official capacities. Walker and Hayes allege that Defendants forced them out of their apartment with a fake eviction paper after Walker filed a larceny complaint against Jennifer Lewarchik. The district court granted dismissal and summary judgment as to Walker and Hayes's claims against the Lewarchiks and RDR Real Estate, and a jury returned a verdict in favor of the officers. Following the court's entry of judgment on April 29, 2013, and based on alleged false testimony at trial, Walker and Hayes filed post-trial motions for a new trial and to set aside the summary judgment order.

In the summer of 2013, approximately two months after Walker and Hayes filed their post-trial motions, the City of Detroit filed a bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of Michigan, resulting in an automatic stay of Walker and Hayes's case against the City's police officers pursuant to the U.S. Bankruptcy Code. The district court entered an order formally staying the pending post-trial motions until further notice. On June 13, 2014, the post-trial motions had been stayed for approximately one year when — citing uncertainty as to the duration of the stay — the court entered an order dismissing the motions without prejudice and instructed that they be refiled when the stay was lifted. Two weeks later, on June 27, 2014, a Stay Modification Notice was filed in the bankruptcy court.

Pursuant to the bankruptcy court's Alternative Dispute Resolution (ADR) Order,[1] upon filing of a Stay Modification Notice, generally the stay is deemed immediately "modified with respect to the applicable [claim] solely to permit the liquidation of the claim in a non-bankruptcy forum." (R. 153-2, Stay Modification Notice, Page ID 3389.) With respect to a "Multi-Party Tort Claim and any related Indemnification Claims," however, the stay is modified "35 days after the filing



of the Stay Modification Notice unless the Public Safety Unions or the applicable Indemnification Claimant(s) file a Stay Preservation Notice," in which case the stay may remain in effect. (*Id.* at 3389 n.2.) The ADR Order defines a Multi-Party Tort Claim as one that "arise[s] out of personal injury actions: (a) asserted concurrently against the City and one or more current or former Public Safety Union members . . .; and (b) with respect to which, the applicable Public Safety Union Member seeks related defense costs." (Appellate R. 84, at 13, 86, at 2, Defs.' Mots. to Take Judicial Notice.)

Walker and Hayes filed a motion for reconsideration to reinstate their dismissed-without-prejudice post-trial motions, which the district court denied, instead requiring that their post-trial motions be refiled by July 31, 2014. On August 1, 2014, Walker and Hayes filed two motions asking the court for post-trial relief — to set aside the jury verdict and judgment entered upon the jury verdict under Federal Rules of Civil Procedure 59(a)(A) and 60(b)(2), (3), and (6), and to set aside the summary judgment order under Rule 60(b)(2) and (3). These motions were accompanied by a motion to accept the one-day late filings. Counsel explained that he attempted to refile the post-trial motions on July 31 but inadvertently failed to complete the final transaction step of the electronic filing process before logging out — a mistake that was not discovered until the next day, August 1, because he left the office for the rest of the day to attend to "other pressing business and family matters." (R. 162, Mot. to Accept 1-Day Late Filing, Page ID 4037.)

Noting that Walker and Hayes had failed to meet deadlines and comply with orders in the past and explaining that "a busy workload or 'other pressing business' does not constitute 'excusable neglect,'" on August 27, the district court denied Walker and Hayes's motion to accept the one-day late filings and dismissed the post-trial motions as untimely. (R. 168, Order Den. Pls.' Mot., Page ID 4074.) The parties do not dispute that Walker and Hayes filed a timely notice of appeal of the August 27 order on September 10.

## II. LEGAL STANDARD

We review a district court's setting of a filing deadline under an abuse of discretion standard. *See* *ACLU v. McCreary Cty.*, 607 F.3d 439, 451 (6th Cir. 2010) ("[A] district court has broad discretion to manage its docket."). A district court abuses its discretion when it "commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (quoting *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008)). Under this standard, we reverse a district court's ruling only if we have a "definite and firm conviction" that it committed a clear error of judgment. *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989).

An automatic stay entered pursuant to the U.S. Bankruptcy Code blocks "the commencement or continuation" of a judicial action or proceeding against the debtor, its officers, or its inhabitants that was or could have been commenced before the bankruptcy petition was filed. 11 U.S.C. § 362(a)(1); *see id.* § 922(a)(1). Any action taken in violation of a stay is invalid and voidable, absent limited equitable circumstances not present here. *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 911 (6th Cir. 1993); *see* *NLT Comput. Servs. Corp. v. Capital Comput. Sys., Inc.*, 755 F.2d 1253, 1258 (6th Cir. 1985) (holding that district court's resolution of the suit on the merits and assumption of jurisdiction over the bankruptcy proceeding violated automatic stay).

## III. ANALYSIS

On appeal, Walker and Hayes argue that the district court abused its discretion by denying their August 1, 2014 motion to accept the one-day late filing and by earlier entering two case management orders that dismissed without prejudice their post-trial motions and that, following the filing of the Stay Modification Notice, set a July 31 deadline to refile.

Defendants argue that our review of the two case management orders is precluded because the notice of appeal was filed more than 30 days after their entry. *See* Fed. R. App. P. 4(a)(1)(A). However, even though the filing of a timely notice of appeal in a civil action is mandatory and jurisdictional, *Bowles v. Russell*, 551 U.S. 205, 209 (2007), an appeal of a district court's final order preserves for appeal all of the district court's non-final rulings and orders, *McLaurin v. Fischer*, 768 F.2d 98, 102 (6th Cir. 1985); *see* *Caldwell v. Moore*, 968 F.2d 595, 598 (6th Cir. 1992) ("[T]he final judgment calls into question the propriety of all the nonfinal rulings of the district court."). The earlier dismissal without prejudice of the two post-trial motions of Walker and Hayes and the subsequent order setting the deadline to refile were non-final

decisions that could not be appealed until the court denied the motion to accept the one-day late filings and dismissed the post-trial motions as untimely, which effectively ended the litigation. *See* 28 U.S.C. § 1291 (conferring "jurisdiction of appeals from all *final decisions* of the district courts" (emphasis added)). We accordingly turn to the merits of Walker and Hayes's arguments regarding those two case management orders.

Walker and Hayes assert that setting the July 31 filing deadline was an abuse of discretion because, pursuant to the terms of the Stay Modification Notice, the stay was not deemed modified until August 1. This argument turns on whether the stay is governed by the ADR Order and Notice provisions for Multi-Party Tort (MPT) Claims, which specify that the stay of such claims will not be modified until 35 days after the filing of the Notice. The ADR Order defines an MPT Claim as one "asserted concurrently against the City and one or more current or former Public Safety Union members." (Appellate R. 84, at 13, 86, at 2, Defs.' Mots. to Take Judicial Notice.) According to Defendants, Walker and Hayes never named the City of Detroit as a defendant in the litigation and thus could not have asserted MPT Claims. As a result, Defendants insist, the June 27 entry of the Notice by the bankruptcy court immediately modified the stay. But Walker and Hayes sued the City police officers in both their individual and official capacities and the Supreme Court has instructed us to treat an official-capacity suit as a suit against the entity "in all respects other than name." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Treating Walker and Hayes's official-capacity claims against the City police officers as claims against the City compels us to conclude that they are MPT Claims as defined by the ADR Order. Accordingly, the stay was not modified until August 1, 2014.

The district court appears to have come to the same conclusion. In the order denying the motion to accept the one-day late filing, the court found that "[t]he Notice states that the stay will be lifted 35 days from the filing of the Notice" — as was only true for MPT Claims. (R. 168, Order Den. Pls.' Mot., Page ID 4074.) The court went on to hold that the Notice's 35-day time period for MPT Claims "does not operate to extend Plaintiffs' time to re-file their motions" but "provides a limited window for the Defendants to file a Stay Preservation Motion." (*Id.*) Even if that is the purpose of the 35-day time period, however, the Notice explicitly stated that, with respect to an MPT Claim, the stay would not be modified until 35 days after the filing of the Notice — here, August 1, 2014, one day after the court's new filing deadline.

In addition, 11 U.S.C. § 108(c) provides that, if nonbankruptcy law or an order entered in a nonbankruptcy proceeding fixes a time period for commencing or continuing a stayed civil action and that period has not expired before the date of the filing of the petition, then the period does not expire until "30 days after notice of the termination or expiration of the stay." In applying the language of § 108(c), courts begin the 30-day grace period on the date upon which the plaintiff received notice that the stay *had been* lifted. *See, e.g., Eastom v. City of Tulsa,* 783 F.3d 1181, 1185 n.4 (10th Cir. 2015) ("11 U.S.C. § 108(c) provides a minimum 30-day extension of the statute of limitations once the bankruptcy stay is lifted."); *Kimbrell v. Brown,* 651 F.3d 752, 756 (7th Cir. 2011) ("[U]nder 11 U.S.C. § 108(c), when a plaintiff received notice that a defendant's automatic stay *has been terminated,* he may pursue a claim against that defendant within 30 days of receiving such notice, even if the applicable statute of limitations expired during the stay." (emphasis added)); *Easley,* 990 F.2d at 912 ("The District Court erred in denying defendant's motion to dismiss because plaintiffs failed to refile their products liability claim within thirty days *of the lifting of* the automatic stay. . . ." (emphasis added)). As one influential treatise puts it, "[t]here is no need to file pleadings or other briefs in a proceeding which has been stayed; section 108(c) will be applicable if the stay terminates." 2-108 Collier on Bankruptcy, ¶ 108.03[2] (15th ed. 2015).

The questions we must answer, therefore, are whether the court violated the automatic stay and § 108 of the Bankruptcy Code by setting the deadline to refile the post-trial motions on a date before the stay was modified. To briefly summarize the facts before us, during the pendency of the stay, the district court dismissed without prejudice Walker and Hayes's post-trial motions, which had been pending for approximately one year. The Stay Modification Notice was filed two weeks later. The district court required that plaintiffs refile motions for post-trial relief and set the deadline to do so as July 31, 2014, but, pursuant to the ADR Order and Notice, the stay was not deemed modified until the next day, August 1. When Walker and Hayes refiled their post-trial motions on August 1, the court dismissed them as untimely.

By continuing the pre-bankruptcy action before the stay was lifted to allow the litigation to proceed, the court inadvertently violated the stay. Because continuation of a pre-bankruptcy proceeding during the pendency of a stay is barred by the Bankruptcy Code, the July 31 deadline is invalid and voidable. *See Easley,* 990 F.2d at 911. Because the time to file post-trial motions under Federal Rule of Civil Procedure 60(c) had not expired before filing of the bankruptcy petition, moreover, § 108(c) gave Walker and Hayes 30 days in which to refile the post-trial motions following modification of the stay on August 1. *See, e.g., id.* at 912. The court thus applied the incorrect legal standard by ignoring

§ 108(c). Based on this procedural record, we cannot escape a definite and firm conviction that the court abused its discretion in setting the deadline to refile as July 31.

## IV. CONCLUSION

The post-trial motions filed by Walker and Hayes on August 1, 2014 were timely filed. We need not reach Walker and Hayes's remaining arguments and express no opinion on the merits of the post-trial motions. For the foregoing reasons, we REVERSE the district court's dismissal of the post-trial motions as untimely and REMAND for further consideration of the post-trial motions.

[*] The Honorable Kermit V. Lipez, Circuit Judge for the United States Court of Appeals for the First Circuit, sitting by designation.

[1] Defendants move us to take judicial notice of the ADR Order. (Appellate R. 84, 86, Defs.' Mots. to Take Judicial Notice.) Walker and Hayes also move us to take judicial notice of a request for investigation of their counsel that was filed by counsel for Farris with the State Attorney Grievance Commission. (Appellate R. 88, Pls.' Mot. to Take Judicial Notice.) There are no objections to these motions. In accordance with Federal Rule of Civil Procedure 27, Sixth Circuit Rule 27, and Federal Rule of Evidence 201(b), we grant the motions.

Save trees - read court opinions online on Google Scholar.

Form nttfclm

226 West Second Street
Flint, MI 48502

## UNITED STATES BANKRUPTCY COURT
Eastern District of Michigan

Case No.: **12–32264–dof**
Chapter: 7

In Re: (NAME OF DEBTOR(S))
   Christopher D Wyman
   aka Chris Wyman, fdba CD Wyman, fdba
   Wyman Excavating & Development, fdba
   Wyman Builder Services, fdba Wyman
   Building Company
   6241 Grand River Rd.
   Brighton, MI 48114

Social Security No.:
   xxx–xx–7147

Employer's Tax I.D. No.:

# NOTICE OF NEED TO FILE PROOF OF CLAIM DUE TO RECOVERY OF ASSETS

## NOTICE IS GIVEN THAT:

The initial notice in this case instructed creditors that it was not necessary to file a proof of claim. Since that notice was sent, assets have been recovered by the trustee.

Creditors who wish to share in any distribution of funds must file a proof of claim with the clerk of the bankruptcy court at the address above on or before:

### February 17, 2015

Creditors who do not file a proof of claim on or before this date will not share in any distribution from the debtor's estate.

A Proof of Claim form ("Official Form B 10") can be obtained at the United States Courts Web site: (http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx) or at any bankruptcy clerk's office. A proof of claim may be mailed to the clerk's office for filing. If you wish to receive proof of its receipt by the bankruptcy court, enclose a photocopy of the proof of claim together with a stamped, self–addressed envelope.

There is no fee for filing the proof of claim.

**Any creditor who has previously filed a proof of claim in this case need not file another proof of claim.**

Dated: 11/18/14

BY THE COURT

12-32264-dof Doc 195 Filed 11/20/14 Entered 11/21/14 01:11:39 Page 1 of 4

In re:
Christopher D Wyman
          Debtor

Case No. 12-32264-dof
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0645-4          User: dcunn          Page 1 of 2          Date Rcvd: Nov 18, 2014
                             Form ID: ntctfclm     Total Noticed: 48

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 20, 2014.

| | | |
|---|---|---|
| db | #+Christopher D Wyman, | 6241 Grand River Rd., Brighton, MI 48114-7709 |
| 21178377 | AIS Rental Corp., | 600 44th Street, SW, Grand Rapids, MI 49548-4128 |
| 21178378 | +American Concrete Products, | c/o Michael R. Stillman, 7091 Orchard Lake Rd., Ste. 27, West Bloomfield, MI 48322-3654 |
| 21178380 | +Barbara Duggan, | 437 Booth, Troy, MI 48085-1552 |
| 21178382 | +Capital One Bank U.S.A., | c/o Adam Scott Berman, 8300 Hall Rd., Ste. 200, Utica, MI 48317-5506 |
| 21178388 | +Edward Linck, | 1829 Hanover Rd., Ann Arbor, MI 48103-5914 |
| 21178389 | #+First National Bank, | 101 E. Grand River Ave., Howell, MI 48843-2251 |
| 21178391 | +Fowlerville News & Views, | 202 E. Grand River Ave., Fowlerville, MI 48836-8634 |
| 21178392 | +Gentry Building Company, | 6241 W. Grand River Rd., Brighton, MI 48114-7709 |
| 21178394 | +Hirshberg Acceptance Corp., | c/o Parri J. Hockenberry, 471 E. Broad St., FL 12, Columbus, OH 43215-3806 |
| 21178395 | +Hometown Newspapers, | c/o Ann Arbor Credit Bureau, P.O. Box 230, Howell, MI 48844-0230 |
| 21178398 | JJ Marshall, | 6060 Collections Dr., Utica, MI 48316-4946 |
| 21178399 | +John and Nancy Saunders, | 4605 Golfview, Brighton, MI 48116-9773 |
| 21178400 | Livingston Aggregate, Inc., | 1335 E. Batton, Howell, MI 48855 |
| 21178403 | +Manufactured Home Monthly, | 11590 Highland Rd., Hartland, MI 48353-2711 |
| 21178404 | +Mark Goldman & Associates, | 30300 Northwestern Hwy., Ste. 312, Farmington, MI 48334-3481 |
| 21178405 | +McNally Nimergood, | 5825 Dixie Highway, Saginaw, MI 48601-5961 |
| 21178406 | Metris Companies, | c/o Hirshberg Acceptance, 29905 Six Mile Rd., Ste. B, Livonia, MI 48152-3603 |
| 21479181 | +Michael J. Olson, | 915 N. Michigan Ave., Suite 6, Howell, MI 48843-3111 |
| 21178407 | +Michael Tindall, | Attorney at Law, P.O. Box 46564, Mount Clemens, MI 48046-6564 |
| 21178408 | +Michelle Pichler, | 1011 Jones Rd., Howell, MI 48855-9298 |
| 21178409 | +Michigan Leasing & Financial Service, | 6143 1/2 28th St., Grand Rapids, MI 49546-6957 |
| 21178410 | +Monogram Credit Card Bank, | c/o Mary Jane Elliott P.C., 24300 Karim Blvd., Novi, MI 48375-2942 |
| 21178411 | +Ms. Rayola Banfield, | c/o Nancy Day, Trustee, P.O. Box 55, Howell, MI 48844-0055 |
| 21178412 | Newton & Associates, | P.O. Box 8510, Metairie, LA 70011-8510 |
| 21178413 | +Patrick Wyman, | 7892 Windfield, Brighton, MI 48116-1791 |
| 21178415 | ++RUSSELL COLLECTION AGENCY, | PO BOX 7009, FLINT MI 48507-0009 |
| | (address filed with court: | Russell Collection Agency, P.O. Box 7009, Flint, MI 48507-0009) |
| 21178414 | +Randy's Service Station, | 8030 W. Mason Rd., Fowlerville, MI 48836-8275 |
| 21178416 | +SE Johnson Companies, Inc., | 1345 Ford St., P.O. Box 29A, Maumee, OH 43537-1732 |
| 21178417 | State of Michigan Dept. of Treasury, | Collection Division, P.O. Box 30443, Lansing, MI 48909-7943 |
| 21178418 | +Stone Transport Inc., | 3495 Hack, Saginaw, MI 48601-9244 |
| 21178419 | +Stoneco, Inc., | c/o D. Douglas McGaw, Attorney at Law, 5455 Corporate Dr. Ste. 104, Troy, MI 48098-2620 |
| 21178421 | Tanner and James, Inc., | 32 W. Loockerman St. #205, Dover, DE 19904-7357 |
| 21178422 | +The Marketeer, | c/o George Moses, P.O. Box 686, Brighton, MI 48116-0686 |
| 21178423 | +Woodland Medical Center, | 7575 Grand River, Brighton, MI 48114-9309 |

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

| | | |
|---|---|---|
| 21178379 | +EDI: MID8.COM Nov 18 2014 22:28:00 | Aspen Mastercard, c/o Midland Credit Management, 8875 Aero Drive, Ste.200, San Diego, CA 92123-2255 |
| 21266925 | +EDI: ATLASACQU.COM Nov 18 2014 22:33:00 | Atlas Acquisitions LLC, 294 Union St., Hackensack, NJ 07601-4303 |
| 21178383 | EDI: SEARS.COM Nov 18 2014 22:28:00 | CBUSA/Sears Credit Card, P.O. Box 183081, Columbus, OH 43218-3081 |
| 21178381 | +E-mail/Text: rward@cadillac-ar.com Nov 18 2014 22:34:32 | Cadillac Accounts Receivable Mgmt., P.O. Box 358, Cadillac, MI 49601-0358 |
| 21178386 | EDI: DTEE.COM Nov 18 2014 22:28:00 | Detroit Edison, 1 Energy Plaza, 2160 WCB, Detroit, MI 48226-1221 |
| 21178387 | EDI: DISCOVER.COM Nov 18 2014 22:28:00 | Discover Bank/DFS Services, LLC, P.O. Box 3025, New Albany, OH 43054-3025 |
| 21178390 | +E-mail/Text: bankruptcysupport@flagstar.com Nov 18 2014 22:36:47 | Flagstar Bank, Attn: Bankruptcy Dept. MS-S144-3, 5151 Corporate Dr., Troy, MI 48098-2639 |
| 21178396 | EDI: HFC.COM Nov 18 2014 22:33:00 | HSBC Bank/Cardmember Service, P.O. Box 5241, Carol Stream, IL 60197-5241 |
| 21178385 | EDI: IRS.COM Nov 18 2014 22:28:00 | Department of Treasury, Internal Revenue Service, P.O. Box 267, Stop 812, Covington, KY 41019 |
| 21178402 | +EDI: RESURGENT.COM Nov 18 2014 22:28:00 | LVNV Funding, LLC, P.O. Box 740281, Houston, TX 77274-0281 |
| 21178401 | EDI: RESURGENT.COM Nov 18 2014 22:28:00 | LVNV Funding, LLC, c/o Resurgent Capital Services, P.O. Box 10587, Greenville, SC 29603-0587 |
| 21178376 | +E-mail/Text: ustpregion09.de.ecf@usdoj.gov Nov 18 2014 22:34:55 | Marion J. Mack Jr., Assistant U.S. Trustee, 211 W. Fort St., Ste. 700, Detroit, MI 48226-3263 |
| 21178420 | EDI: ACCE.COM Nov 18 2014 22:28:00 | Sunoco Inc., c/o Asset Acceptance Corp., P.O. Box 2036, Warren, MI 48090-2036 |

TOTAL: 13

***** BYPASSED RECIPIENTS (continued) *****

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
ust          Daniel M. McDermott
21178397*    IRS/Department of Treasury,  Compliance Services Insolvency,  Box 330500-Stop 15,
             Detroit, MI 48232
21178384     ##+Commercial Billing Services,  c/o Maria J. Riley,  24114 Rain Creek Dr.,
             Tomball, TX 77375-5133
21178393     ##+Gentry Sales,  6241 W. Grand River Rd.,  Brighton, MI 48114-7709

                                                                         TOTALS: 1, * 1, ## 2

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security
Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the
bankruptcy rules and the Judiciary's privacy policies.

Date: Nov 20, 2014                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 17, 2014 at the address(es) listed below:
          Dennis L. Perkins    on behalf of Defendant Christopher D Wyman bkperk@sbcglobal.net
          Dennis L. Perkins    on behalf of Interested Party Christopher D Wyman bkperk@sbcglobal.net
          Dennis L. Perkins    on behalf of Debtor Christopher D Wyman bkperk@sbcglobal.net
          Kevin S. Toll    on behalf of Defendant Michelle  Pichler ktoll@ktolllaw.com
          Michael E. Tindall    on behalf of Plaintiff Michael A. Mason MET@COMCAST.NET
          Michael E. Tindall    on behalf of Trustee Michael A Mason MET@COMCAST.NET
          Michael E. Tindall    on behalf of Creditor Barbara  Duggan MET@COMCAST.NET
          Michael E. Tindall    on behalf of Plaintiff Barbara  Duggan MET@COMCAST.NET
          Michael J. Olson    on behalf of Creditor Edward  Linck molson@mtolaw.com
          Richard T. Ponsetto, Jr.    on behalf of Defendant Diana Kaye Gentry george@bklawoffice.com
          Richard T. Ponsetto, Jr.    on behalf of Creditor Diana  Gentry george@bklawoffice.com
          Richard T. Ponsetto, Jr.    on behalf of Defendant   Gentry Sales, Inc. george@bklawoffice.com
          Rodney M. Glusac    on behalf of Trustee Michael A Mason rodg@brgpc.com
          Samuel D. Sweet    ssweet@trusteesweet.us,  jwill@trusteesweet.us;ss125@trustesolutions.net
                                                                         TOTAL: 14