UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
        *Debtor(s),*

CASE NO. 12-32264

CHAPTER 7

_____ \

## APPLICATION FOR PAYMENT OF PRE-APPROVED ATTORNEY FEES OF SPECIAL COUNSEL TO TRUSTEE PURSUANT TO 11 USC 328(a)

Now comes administrative secured claimant MICHAEL E. TINDALL, in pro per, "hereinafter Claimant", pursuant to this Court's Order dated May 30, 2019, DE 267, and for this APPLICATION states:

## I.    BACKGROUND FACTS:

1. On May 24, 2012, Debtor filed his Petition in this matter.

2. At the time of filing the Petition, Claimant, with considerable experience and expertise in sophisticated corporate transactions, real estate, financing and complex commercial litigation involving such matters, See Exhibit 1, represented state court secured creditor Barbara Duggan in state court litigation against Debtor and multiple fraudulent transferees of Debtor to recover fraudulently transferred assets and damages for fraud.

3. The state court litigation was stayed by the filing of the Petition and ultimately transferred to this Court.

4. On July 16, 2012, Trustee engaged Claimant, as special counsel, by a contingency fee agreement, under Section 328(a) of the Code; filed an

Application for Approval of Claimant's employment and contingency fee, under Section 328(a); and, Claimant's employment and contingency fee was approved by Order of this Court, DE 67, "**on the terms and conditions contained in the Trustee's Application**". See, Exhibit 2.

5. This Court's order specifically provided "**any fees and costs will not be paid without prior court approval.**" Upon execution of the contingent fee agreement, a contingent fee attorney lien attached to the fraudulently transferred real property commonly known as 1011 Jones Rd., Howell MI. under Michigan law.[1] That lien was later perfected, under Michigan law, on August 23, 2018; and, was transferred to the proceeds of sale of the real property by Order of this Court dated March 13, 2019, DE 212.

6. On May 6, 2019, at Trustee Sweet's specific request, this Court entered its Order, DE 244, subordinating state tax liens to "**the costs of administration herein**". Claimant's pre-approved secured contingent fee is a first priority secured lien against the proceeds of the sale of 1011 Jones Rd. Howell MI., and administrative expense, and, takes priority over all other administrative expenses in this matter.

7. On or about May 29, 2019, Trustee Sweet sold the subject real property for $65,000.00. See, Exhibit 3. The sale price of the real property exceeded the amount of the only allowed secured claim

---

[1] *Lundstead v. JRV Holdings LLC, 225 F.Supp 3d 622, 626-7 (ED MI 2016)* (**contingent fee attorney lien created upon execution of retention agreement**); *George v. Sandor M. Gelman PC., 201 Mich App 474, 478; 506 NW2d 583 (1993); Kysor Ind. Corp. v. DM Liquidating Co., 11 Mich App 438, 446; 161 NW2d 452 (1968).*

against that property [held by allowed secured creditor Barbara Duggan in the amount of $32,288.91]. Therefore, under Section 506(b) of the Code, Barbara Duggan is entitled to receive post-petition attorney fees incurred or paid by her from and after May 24, 2012[2] as an unsecured damage claim against the Bankruptcy Estate.[3]

    A. Barbara Duggan has paid post-petition attorney fees in the amount of $28,642.93;

    B. Upon information and belief, Barbara Duggan has and will continue to incur post-petition attorney fees since November 2017 in an amount as yet undetermined.

8. By virtue of the sale of the subject real property by Trustee Sweet, there remains $31,904.82 in sale proceeds subject to Claimant's first priority lien for pre-approved contingent fees under Section 328(a).

**APPLICATION**:

9. Under § 328, a trustee, with the court's approval [pre-approval], may employ a professional under § 327 on any reasonable terms and conditions of employment. [4] Arroval under Section 328(a) supersedes Section 330.

10. **Absent approval [pre- approval] of compensation under § 328**, the court awards a professional employed under § 327 "reasonable

---

[2] 11 USC 506(b) **"To the extent that an allowed secured claim is secured by property the value of which,** after any recovery under subsection (c) of this section, **is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose."**

[3] There is currently pending a Counter Claim in Adversary No. 19-11756 to recover these and other damages.

[4] *In re Airspect Air, Inc., 385 F. 3d 915, 920 (6th Cir 2004)*

compensation for actual, necessary services rendered by [the professional] ..., **based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title,"** as well as **"reimbursement for actual, necessary expenses."** *11 U.S.C. § 330(a).*[5]

11. Section 328 applies when the bankruptcy court approves a particular rate or means of payment, and § 330 applies when the court does not do so.[6]

12. The requirements of LBR 2016-1 apply to applications filed under Section 330, but do not apply to applications for payment of pre-approved fees under 328(a).[7]

13. Claimant's pre-approved secured contingent fee is **"1/3 of any recovery after deducting all costs incurred pre and post filing"**. See, Exhibit 2.

14. Based on the values determined by Trustee Sweet, himself, the amount of Claimant's secured contingent fee is $34,410.00. See, Exhibit 2, P2.

WHEREFORE, Claimant respectfully requests this Court issue its order to pay Claimant's pre-approved contingent fee claim forthwith, in immediately available funds, from the remaining proceeds of the sale of 1011 Jones Rd., Howell MI that secure payment.

---

[5] *Id.*

[6] *Id*

[7] *LRB 2016(a); In re B.U.M. Int'l Inc.*, 229 F.3d 824, 829 (9th Cir 2000); *In re National Gypsum*, 123 F.3d 861, 862 (5th Cir 1997).

Respectfully Submitted,

Dated: 6/17/19

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI   48236
(248)250-8819
**Direct Email: <u>met@comcast.net</u>**

**IN RE CHRISTOPHER D. WYMAN**     **CASE NO: 12-32264**

**Debtor(s)**

# EXHIBIT NO:  1



# Michael E. Tindall



**Bar Admit Year:** 1978
**Bar Status:** Active — *1978 to 2017 ; 2017+ RetiRED*
**E-mail Work:** met@comcast.net
**T:** 248-250-8819
**C:** ███████████

**TINDALL LAW, MOUNT CLEMENS MI: Current Practice Areas:**
Business/Corporate (40%), Mergers & Acquisitions (30%), Real Estate (30%)

**Birth year:** 1953

## About Michael E. Tindall

**Law School:**
Edit item — 1978 University of Detroit Mercy School of Law

**Languages Spoken:**
Edit item — English

**Honors and Awards:**

Lawyer of the Year, Michigan Lawyer's Weekly, 2000Graduate, summa cum laude, first in class. Dean's Scholarship for Academic Excellence Justice Frank Murphy Honor Society; Managing Editor, MSBA Corporation Finance and Law Section Journal; Journal of Urban Law (Law Review) (1977).

**Special Licenses/Certifications:**

*ADMISSIONS TO PRACTICE* Michigan: U.S. Supreme Court, U.S. Court of Appeals, Sixth Circuit, U.S. Tax Court, U.S. Court of Claims, U.S. District Court, Eastern District of Michigan, US District Court, Southern District of Ohio (SD), US District Court, Middle District FL (SD) U.S. Bankruptcy Court, Eastern District of Michigan, US Bankruptcy Court, Southern District of Ohio (SD)., US Bankruptcy Court, Middle District Tenn.

Passed all sections of Ohio C.P.A. exam and met six months of two-year audit practice requirement.

CONTINUING LEGAL EDUCATION (Michigan, New York and Florida) in Corporate Finance, Mergers and Acquisitions, Real Estate Finance, Commercial Lending and Finance, Real Estate Acquisition, Waterfront Development, Marina Development and Regulation.

WAYNE STATE UNIVERSITY LAW SCHOOL Postgraduate study in Taxation and corporate transactions.

**Bar/Professional Activity:**

Member: American Bar Association, Michigan Bar Association (Taxation, Real Property, Environmental and, Corporate, Finance, and Business Law Sections), Macomb County Bar Association, Detroit Bar Association, University of Detroit Law Alumni Association, International Marina Institute, Michigan Boating Industries Association, Grosse Pointe Power Squadron, National Water Front Development Association, National Marine Industries Association, Detroit Board of Realtors, M&A Source, International Business Brokers Association.,

**Pro bono/Community Service:**

General Counsel and Director, GLEANER'S COMMUNITY FOOD BANK, INC. 1979-1992
Counsel, Grosse Pointe Little League, 1978-1985
Counsel, McGregor Fund, 1978-80
Counsel, Auxiliary for Detroit Symphony Orchestra, 1979-1981
Special Counsel, Port Huron, MI City Counsel, 1999-2002,

**Scholarly Lectures and Writings:**

PUBLICATIONS

*Lawyer's Role in Combating the Millennium Bug: The "Legal Audit",* Year 2000 Information Center, (February,1998)

*Year 2000- "The Millennium Bug" A Bonanza or Time Bomb for the Accountant,* Year 2000 Information Center, (November,1997)

*Letters of Intent, Binding and Non-binding Commitments,* IBBA Conference Manual, San Fran., CA (June, 1994)

*Deal Structure: Evaluating the Alternatives,* IBBA Conference Manual, Phil. PA (October 1993)

*The Attorney's Role in Adequate Disclosure in Client Financial Statements,* 1 MI Corp. Fin. B.L.J. No. 1, p. 23 (November-December, 1976)

*Cash Tender Offers; Preliminary Injunctions and the Standard of Irreparable Harm,* 1 MI Corp. Fin. B.L.J. No. 2, p. 29 (January-February, 1977)

*Adequate Disclosure of Finders Fees in Security Transactions,* 1 MI Corp. Fin. B.L.J. No. 3, p. 2 (March - April 1977)

*Corporate By-Laws and the Requirement of Reasonableness a Tool or a Club,* 1 MI Corp. Fin, B.L.J. No. 3, p. 37 (Summer, 1977)

*The Magnuson-Moss Act and Consumer Product Warranties in Michigan,* 1 MI Corp. Fin. B.L.J. No. 6, p. 10 (November-December, 1977)

*Going Private: A New Fairness Test for Delaware Long - Form Mergers - An Analysis of Judicial Super Legislation,* 2 MI Corp. Fin. B.L.G. No. 2, p. 7 (March-April, 1978),

**Verdicts and Settlements:**

Obtained, and successfully defended on appeal, largest sanction award in Michigan against state environmental regulatory agency: *People v. Bayshore, 210 Mich App 71 (1995).*

Successfully sued Wayne County Circuit Court, Wayne County Friend of Court, and, Wayne County Sheriff for Declaratory Judgment in federal court on behalf of divorced, non-custodial payers of child support for federal civil rights/constitutional due process violations committed in judicial enforcement proceedings.

**Transactions:**

1992 – 1998 Directed legal operations of private investment banking firm specializing in middle market companies and transactions in the 2-100M sales range including:

- Design acquisition criteria
- Acquisition searches *Valuation Analysis *Sale/Merger negotiation
- Real estate development and finance

- Shareholder dispute resolution
- Equity restructure/recapitalization
- Commercial debt/lease financing
- Financial development consulting
- Year 2000 compliance and transactional impact consulting
- Supervised all marketing and evaluation.

1983 – 1992  Directed Diversified holding company involved in real estate development and acquisition, purchase, operation and sale of various service and commercial businesses; negotiation of acquisitions and sales, negotiation and structuring of financing, complete restructuring and reorganization of business and financial structure.

**Representative Clients:**

Manufacturer's Hanover Bank; Michigan Nat. Bank; Core Industries; Manufacturer's Bank; National Bank of Detroit; INVEST Financial Grp.; Zenith Enterprises;

**Educational Background:**
BS/BA ACCOUNTING, JOHN CARROL UNIVERSITY,

## White Papers

Frequent Lecturer on Corporate Law and Finance, Mergers and Acquisitions, Transactional Structure, Real Estate and Waterfront Development, and, Estate Planning to investment banking and professional groups.

**IN RE CHRISTOPHER D. WYMAN**     **CASE NO: 12-32264**

**Debtor(s)**

# EXHIBIT NO: 2 .

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:

**CHRISTOPHER D. WYMAN**
*Debtor(s).*

CASE NO. 12-32264
**CHAPTER 7**
HON: D. S. OPPERMAN

\

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record on _____, 2018

___US MAIL ___ E-FILE/MAIL
FAX ___ DELIVERY

MICHAEL E. TINDALL

## NOTICE OF CLAIM OF INTEREST

Please take notice that MICHAEL E. TINDALL, acting in pro per as sole successor in interest to TINDALL LAW, claims the below listed and described interest(s) in the real property commonly known as 1011 East Jones Rd., Township of Cohoctah, County of Livingston, State of Michigan, Tax Id No. 02-24-300-007, more fully described in attached Exhibit 1, and any and all proceeds of or from the sale of such real property by Trustee Samuel D. Sweet, bankruptcy trustee in Chapter 7 Case No. 12-32264-dof, In re CHRISTOPHER D. WYMAN, DEBTOR, pursuant to that certain agreement of sale dated June 14, 2018 and approved by Order of sale dated July 5, 2018.

1

1. Fifty (50%) percent ($15,500.00) of all proceeds ($32,000.00) of a certain Judgment entered April 24, 2012 in favor of Barbara Duggan by the 53rd District Court and perfected by Judgment Lien dated May 3, 2012 and recorded at **2012R-015343**, Livingston County Records.

2. Thirty Three (33%) ($21,710.00) of the sale price of the property ($65,000.00) by the Bankruptcy Trustee, pursuant to paragraph 3 of the Agreement attached as Exhibit 2 and the Order approving same attached as Exhibit 3.

3. Thirty Three (33%) ($16,700.00) of the value ($50,000.00) of certain equipment to be transferred and included in the July 14, 2018, under paragraph 5 of Addendum 1 thereof, pursuant to paragraph 3 of the Agreement attached as Exhibit 2 and the Order approving same attached as Exhibit 3.

Actual and constructive notice of the interest(s) claimed herein is hereby given to all concerned parties and to SELECT TITLE CO. of Brighton MI, on this date.

Respectfully Submitted,

MICHAEL E. TINDALL
Successor to TINDALL LAW
18530 Mack Ave. Ste 430
Detroit, MI  48236
(248) 250-8819
Direct Email: met@comcast.net

Dated: 8/**23**/18

2

**DRAFTED BY:**
MICHAEL E. TINDALL
Successor in Interest to TINDALL LAW
**18530 MACK AVE, STE 430**
**DETROIT, MI 48236**
**(248) 250-8819**
Direct Email: met@comcast.net

State of Michigan
County of Livingston
Subscribed + sworn this 23rd day of August 2018.

Katie Clark
Notary Public
Livingston County, Michigan
Comm Expires 10-1-24
Acting in Livingston County, Michigan

# EXHIBIT NO: 1

*Exhibit 1*

The Following described premises situated in the Township of Cohoctah, Livingston County, and State of Michigan, to-wit:

Part of the Southwest 1/4 of Section 24, Town 4 North, Range 4 East, and part of the Northwest 1/4 of Section 25, Town 4 North, Range 4 East, more particularly described as follows: Commencing at the Southwest corner of said Section 24; thence North 03 degrees 46 minutes 16 seconds West 1296.63 feet (previously recorded as North 00 degrees 45 minutes 00 seconds West 1296.33 feet); thence along the centerline of Jones Road (66 foot wide Right of Way), North 88 degrees 04 minutes 34 seconds East 183.87 feet (previously recorded as South 89 degrees 29 minutes 00 seconds East 184.60 feet) to the Point of Beginning of the parcel to be described; thence continuing along said line North 88 degrees 04 minutes 34 seconds East (previously recorded as South 89 degrees 25 minutes 00 seconds East) 331.21 feet; thence South 01 degree 56 minutes 26 seconds East 1324.64 feet; thence South 88 degrees 10 minutes 34 seconds West 331.21 feet; thence North 01 degree 56 minutes 26 seconds West 1324.26 feet to the Point of Beginning, subject to the rights of the public over the existing Jones Road. Also subject to any other easements or restriction of record.

-More commonly known as: 1011 E Jones Rd, Howell, MI 48855

# EXHIBIT NO:  2

In the Matter of                                     File No. 12-32264

CHRISTOPHER D. WYMAN                                 Chapter 7
aka Chris Wyman, fdba CD Wyman,
fdba Wyman Excavating & Development                  JUDGE DANIEL S. OPPERMAN
fdba Wyman Builder Services, fdba
Wyman Building Company
                              Debtor/

## APPLICATION FOR APPROVAL OF EMPLOYMENT OF TINDALL LAW FIRM AS SPECIAL COUNSEL FOR THE ESTATE

### TO THE HONORABLE DANIEL S. OPPERMAN, BANKRUPTCY JUDGE

Michael A. Mason, the Chapter 7 Trustee for the estate of Christopher D. Wyman (the "Trustee"), by his attorneys, Bernardi, Ronayne & Glusac, P.C., states:

1. That he is the duly appointed, qualified and acting Trustee in the above matter.

2. That one of the potential assets in this bankruptcy estate consists of possible avoidable transfers. Said claims arose prior to the filing of this bankruptcy estate and Attorney Michael E. Tindall and the Tindall Law Firm was pursuing avoidance of the transfers on behalf of Creditor Barbara Duggan and will continue to represent her in this bankruptcy proceeding, which may include the following:

        a.      Objections to the dischargeability of the debts owing to Ms. Duggan under 11 U.S.C. § 523(a).

        b.      Objections to discharge under 11 U.S.C. § 727.

        c.      Objections to Proofs of Claim.

        d.      Other actions that do not conflict with Attorney Michael E. Tindall and/or the Tindall Law Firm's duties and obligations as special counsel to the Trustee.

The aforementioned do not constitute an actual conflict of interest, and thus under 11 U.S.C. § 327(c) Attorney Michael E. Tindall and the Tindall Law Firm may be employed by the Trustee as his special counsel for the limited purposes of pursuing the avoidance of transfers. This representation as special counsel to Trustee shall not limit or restrict the ability of Attorney Michael E. Tindall or the Tindall Law Firm to continue to represent Creditor Barbara Duggan in this or any other court or proceeding. Michael E. Tindall and the Tindall Law Firm are duly qualified to practice law in the Courts of the State of Michigan.

1

3. Because the Tindall Law Firm and Michael E. Tindall were pursuing avoidance of various transfers, pre-filing, the employment of the Law Firm would be in best interest of the Bankruptcy Estate and Applicant is therefore requesting authority to hire the Tindall Law Firm of Box 46564, Mount Clemens, MI 48046 (PH 313-638-7613) to represent the estate in these matters. Said law firm is willing to represent the bankruptcy estate with same to be compensated, pursuant to 11 U.S.C. 328 (a), as follows: The law firm will be reimbursed for its costs from any recovery and will be allowed a fee of one third (1/3) of any recovery after deducting all costs incurred, pre and post filing.

4. Other than representing Creditor Barbara Duggan in the pre-filing pursuit of the avoidance of various transfers and continuing to represent her in this bankruptcy proceeding, neither the Tindall Law Firm or any of its partners or associates have any other connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee. Further, the firm does not hold or represent any interest adverse to the Debtor or the estate with respect to this cause of action. The law firm is eligible to serve as counsel for the estate and the Trustee pursuant to the provisions of 11 USC 327 (a) and (c). Said law firm is a disinterested person within the meaning of 11 USC 101(14).

5. The law firm has been informed and understands that no settlement of the controversy insofar as it relates to the bankruptcy estate's interest in same may be consummated until after a notice and a hearing and approval by the Bankruptcy Court and that fees and costs may be paid only upon entry of a Bankruptcy Court order.

6. Said law firm is aware of the provisions of 11 USC 328(a) and has agreed, notwithstanding the terms and conditions of employment herein set forth, that the Court may allow compensation different from the compensation provided herein if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

WHEREFORE, the Trustee prays that his employment of the Tindall Law Firm as special counsel for the estate to represent it as provided above be approved.

**BERNARDI, RONAYNE & GLUSAC, P.C.**

Dated: July 16, 2012

/s/Rodney M. Glusac
Attorneys for Trustee
1058 Maple Street, Suite 100
Plymouth, MI 48170
(734) 416-1780
rodg@brgpc.com
(P43756)

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In the Matter of

CHRISTOPHER D. WYMAN
aka Chris Wyman, fdba CD Wyman,
fdba Wyman Excavating & Development
fdba Wyman Builder Services, fdba
Wyman Building Company

_____ Debtor/

File No. 12-32264

Chapter 7

JUDGE DANIEL S. OPPERMAN

## DECLARATION OF DISINTERESTEDNESS OF THE TINDALL LAW FIRM

TINDALL LAW FIRM declares as follows:

1. The Tindall Law Firm is a law firm competent to represent the bankruptcy estate in relation to the matters described in the Trustee's application for its employment.

2. Other than representing Creditor Barbara Duggan in the pre-filing pursuit of the avoidance of various transfers, and its continued representation of her in continued state court proceedings, with Trustee on Objection in In re Gentry Case No. 09-36472, and, this bankruptcy proceeding, which may include the following:

        a.    Objections to the dischargeability of the debts owing to Ms. Duggan under 11 U.S.C. § 523(a).
        b.    Objections to discharge under 11 U.S.C. § 727.
        c.    Objections to Proofs of Claim.
        d.    Other actions that do not conflict with Attorney Michael E. Tindall and/or the Tindall Law Firm's duties and obligations as special counsel to the Trustee;

none of which constitute an actual conflict of interest, neither the Tindall Law Firm or any of its partners or associates have any other connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee. Further, the firm does not hold or represent any interest adverse to the Debtor or the estate with respect to this cause of action. The law firm is eligible to serve as counsel for the estate and the Trustee pursuant to the provisions of 11 USC 327 (a) and (c). Said law firm is a disinterested person within the meaning of 11 USC 101(14).

3. The Trustee's application to employ has been read by the Tindall Law Firm and the law firm agrees to accept said employment on the terms and conditions contained in the Trustee's Application.

It is declared under penalty of perjury that the foregoing is true and correct.

Dated: July _6_, 2012

TINDALL LAW FIRM

By

Michael E. Tindall (P29090)
Box 46564
Mount Clemens, MI 48046
PH 313-638-7613
Email: met@comcast.net

Prepared by:
Michael A. Mason (P17185)
516 W. Court St., Flint, MI 48503, Phone (810) 234-9201, Email: mamtrustee@sbcglobal.net

# EXHIBIT NO:  3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In the Matter of

File No. 12-32264

CHRISTOPHER D. WYMAN
aka Chris Wyman, fdba CD Wyman,
fdba Wyman Excavating & Development
fdba Wyman Builder Services, fdba
Wyman Building Company

Chapter 7

JUDGE DANIEL S. OPPERMAN

_____ Debtor/

## ORDER APPROVING APPLICATION FOR EMPLOYMENT OF TINDALL LAW FIRM AS SPECIAL COUNSEL FOR THE ESTATE

Upon reading the Application of the Trustee for authority to employ the Tindall Law Firm as special counsel for the estate and it appearing that the employment by the estate of the law firm of the Tindall Law Firm is in the best interests of the bankruptcy estate, and upon reviewing the Declaration of Disinterestedness and the Court being fully advised:

**IT IS HEREBY ORDERED** that Michael A. Mason's employment of Michael E. Tindall and the Tindall Law Firm ("Firm") pursuant to 11 U.S.C. 327 on the terms and conditions contained in the Trustee's Application is approved.

**IT IS FURTHER ORDERED** that the Court may allow compensation different from the compensation provided in the Trustee's application if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of said terms and conditions and that any fees and costs will not be paid without prior Court approval.

Signed on July 18, 2012

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge

# EXHIBIT NO: 3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In The Matter Of:                                        In Bankruptcy

CHRISTOPHER D. WYMAN,                          Case No. 12-32264-DOF
                                                               Chapter 7
                                                               HON. DANIEL S. OPPERMAN

           Debtor.

_____/

**CHAPTER 7 TRUSTEE, SAMUEL D. SWEET'S,**
**REPORT OF SALE OF**
**1011 JONES ROAD, HOWELL, MICHIGAN 48855**


Samuel D. Sweet, Trustee hereby states as follows:

1.    I am the duly appointed Trustee of the above matter.
2.    That an Amended Order Granting Trustee's Motion to Sell Certain Real Property and Settle and Resolve Various Adversary Proceedings in this Matter was entered by this Court on March 13, 2019 (Docket No. 212) authorizing the sale of the real property located at 1011 Jones Road, Howell, Michigan 48855.
3.    On May 29, 2019, the Trustee conducted a real estate closing on this asset of the Debtor.
4.    The only offer was from Diana Kaye Gentry in the amount of $65,000.00 and was accepted by the Trustee.
5.    At closing, based on the closing date, the estate received a tax credit of $607.98 for taxes accrued through the date of sale.
6.    Thus, the total paid by the Purchaser was $65,607.98.
7.    After deducting the costs of sale, $32,288.91 for Judgment Lien Payoff, and $31,877.64 for delinquent taxes the bankruptcy estate netted $27.18. See attached Seller's Settlement Statement.


Dated: May 30, 2019

                                        _/s/ SAMUEL D. SWEET (P48668)____
                                        Chapter 7 Trustee
                                        P.O. Box 757
                                        Ortonville, MI  48462
                                        (248) 236-0985
                                        trusteesweet@hotmail.com

# Seller's Settlement Statement

Select Title Company
6870 Grand River Ave
Suite 300
Brighton, MI 48114
Phone: (810)220-1370    Fax: (810)220-2094

| | |
|---|---|
| **Settlement Date:** | 05/29/2019 |
| **Escrow officer/Closer:** | Dawn M. Grooms |
| **Order Number:** | 47-181464-B |
| **Buyer:** | Diana Kaye Gentry<br>193 S. Hughes<br>Howell, MI 48843 |
| **Seller:** | Samuel D. Sweet, Bankruptcy Trustee for the Estate of Christopher D. Wyman<br>Bankruptcy Case No. 12-32264-dof<br>653 N. Lapeer Rd<br>Oxford, MI 48371 |
| **Property location:** | 1011 W. Jones Road<br>Howell, MI 48855 |

| | Seller Debit | Seller Credit |
|---|---|---|
| **Financial Consideration** | | |
| Sale Price of Property | | 65,000.00 |
| **Prorations/Adjustments** | | |
| City/Town Taxes<br>05/30/19 -07/01/19 | | 147.44 |
| County Taxes<br>05/30/19 -12/01/19 | | 460.54 |
| **Escrow/Title Charges** | | |
| Closing Fee to Select Title Company | 200.00 | |
| Judgment Lien payoff theu 5/22 to Bejjani Law PLLC | 32,288.91 | |
| Owner's Title Insurance to Select Title Company<br>Coverage: 65,000.00<br>Premium: 595.25<br>Version:   ALTA Owner's Policy of Title Insurance (6-17-06) | 595.25 | |
| **Recording Charges** | | |
| Recording Fees-Deed to Register of Deeds | 30.00 | |
| Record Sale order to Livingston County Register of Deeds | 30.00 | |
| Transfer Taxes to Register of Deeds | 559.00 | |
| **Miscellaneous Debits/Credits** | | |
| Delinquent taxes to Samuel D. Sweet, Bankruptcy Trustee for the Estate | 31,877.64 | |
| **Subtotals** | 65,580.80 | 65,607.98 |
| **Balance Due TO Seller** | 27.18 | |
| **TOTALS** | 65,607.98 | 65,607.98 |

Seller

Samuel D. Sweet, Bankruptcy Trustee for the
Estate of Christopher D. Wyman Bankruptcy Case
No. 12-32264-dof

BY:

Select Title Company
Settlement Agent

**IN RE CHRISTOPHER D. WYMAN**     **CASE NO: 12-32264**

**Debtor(s)**

# EXHIBIT NO:  4

PROPOSED ORDER

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

    **CHRISTOPHER D. WYMAN**
             *Debtor(s),*

                                  **CASE NO. 12-32264**

                                  **CHAPTER 7**

_____\

## *PROPOSED*

## ORDER GRANTING APPLICATION FOR PAYMENT OF PRE-APPROVED ATTORNEY FEES OF SPECIAL COUNSEL TO TRUSTEE PURSUANT TO 11 USC 328(a)

    This matter having come before this Honorable Court based upon Claimant's **APPLICATION FOR PAYMENT OF PRE-APPROVED ATTORNEY FEES OF SPECIAL COUNSEL TO TRUSTEE PURSUANT TO 11 USC 328(a)**; and, the Court being fully advised in the premises;

    **IT IS HEREBY ORDERED** that Claimant's APPLICATION is GRANTED;

    IT IS FURTHER ORDERED that Trustee Sweet shall forthwith pay Claimant the amount of his pre-approved secured contingent fee, $34,100.00, or, such lesser amount as is available from the proceeds of any sale of 1011 Jones Rd., Howell MI.in immediately available funds.

IN RE CHRISTOPHER D. WYMAN       CASE NO: 12-32264

Debtor(s)

# EXHIBIT NO:  5

NOTICE OF APPLICATION

**IN RE WYMAN,**     **CASE NO: 12-32264**

**Debtor(s)**

# EXHIBIT NO: 5

NOTICE OF APPLICATION AND OPPORTUNITY TO OBJECT

Form B20A(Official Form 20A
09/97)

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

In re:

**CHRISTOPHER D. WYMAN**

**Chapter: 7**

**Case No.: 12-32264**

_____ **Debtor(s)** _____ /

**Judge: D. S. OPPERMAN**

## NOTICE OF <u>APPLICATION FOR PAYMENT OF PRE-APPROVED ATTORNEY FEES OF SPECIAL COUNSEL TO TRUSTEE PURSUANT TO 11 USC 328(a)</u>

Applicant has filed papers with the court to: TO PAY PERFECTED SECURED LIEN FROM FIRST PROCEEDS, pursuant to Fed. R. Bank Pro. 2002(a), as modified by LRB 2002-2

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Motion or if you want the court to consider your views on the motion, within ___20___ days, you or your attorney must:

1.              File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court
226 WEST SECOND STREET
FLINT, MI 48502**

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

**MICHAEL E. TINDALL, 18530 Mack Ave., Ste 430 Detroit MI 48236**

2.              If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: ___6/18/19___

Signature: /S/
Name: _MICHAEL E. TINDALL, pro per__
Address: 18530 Mack Ave., Ste 430
Detroit MI 48236
(248) 250-8819

_____

[1]Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

Revised 06/07

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:
  CHRISTOPHER D. WYMAN
  *Debtor(s),*

_____\

CASE NO. 12-32264
CHAPTER 7

## CERTIFICATE OF SERVICE

## APPLICATION FOR PAYMENT OF PRE-APPROVED ATTORNEY FEES OF SPECIAL COUNSEL TO TRUSTEE PURSUANT TO 11 USC 328(a)

was served on  SAMUEL D. SWEET, Trustee, Debtor's counsel Dennis L. Perkins and Elie Bejjani, Esq, and, on all interested persons required to be served under Fed. R. Bank 2002(a), as modified by LRB 2002-2 on June ____, 2019 through the ECF filing system.

Dated: 6/ /19

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI   48236
(248)250-8819
**Direct Email: met@comcast.net**