# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION - FLINT

IN RE:

                                            CASE NO. 12-32264-dof

CHRISTOPHER D. WYMAN,               CHAPTER 7

                                            HONORABLE DANIEL S. OPPERMAN

           DEBTOR,

_____/

## TRUSTEE'S SECOND RESPONSE TO APPLICATION FOR PAYMENT OF PRE-APPROVED ATTORNEY FEES OF SPECIAL COUNSEL TO TRUSTEE PURSUANT TO 11 U.S.C. 328(a)

    **NOW COMES** Trustee, Samuel D. Sweet, ("Trustee"), by and through his counsel, Samuel D. Sweet, PLC, and hereby states as follows:

    1.      The requested application is in the amount of $34,100.00.

    2.      Mr. Tindall has alleged to be handling the estate's special counsel matters pursuant to a retainer agreement in which he is provided a 1/3 contingency fee on all monies recovered. As a result of this fee the total amount recovered would be $102,402.40.

    3.      Unfortunately the estate did not recover $102,402.40 it recovered $65,607.98. The maximum fee that Mr. Tindall could claim in this case is $21,869.33.

    4.      Mr. Tindall has claimed that he is operating under a fee agreement with the bankruptcy estate. Unfortunately I as Trustee do not have a copy of any fee agreement that was signed between him and Mike Mason when he was originally retained. Further there has not been one attached to any pleading in this case. Even the application for employment did not reference any fee agreement nor identify that a fee agreement was ever executed.

    5.      Unfortunately this may be another example of Mr. Tindall not being forthcoming with the Court.

    6.      Applicant's fee application specifically provides that certain fees requestse in this case are "preapproved". Unfortunately the actual Order for Employment specifically provides that they are subject to court approval and the court may allow an amount based upon facts not known at the time or facts which accrued post application. As a result, this Court is allowed to award any amount that seems appropriate based upon the work and results achieved by the applicant.

    7.      The Applicant executed an Affidavit of Disinterestedness in this matter

specifically providing that he did not have an interest adverse to the bankruptcy estate nor have any conflict of interest with the bankruptcy estate and any assets related thereto. Unfortunately it has become clear that Mr. Tindall did in fact have an interest adverse to the estate. Mr. Tindall has claimed via the filing of a claim of interest relative to property of this estate that he in fact possessed an interest adverse to this bankruptcy estate. Mr. Tindall has claimed a secured interest in property of the estate and as such had an interest adverse to this estate long prior to his application for fees in this case. Pursuant to In Re Gray, 64 BR505 (ED.Mich.Northern 1986), the bankruptcy court for the Eastern District of Michigan has already determined that having a secured claim on property of the bankruptcy estate constitutes an interest adverse to the bankruptcy estate. As a result his Affidavit was false and misleading at the time it was executed and continues to be to this day.

8.    Pursuant to this Court's own Order (Docket Entry 422, Case #12-03348) it was determined that

Mr. Tindall engaged in a fraud on the Court relative to a discovery issue in the obtainment of a judgment against Michelle Pichler. This action caused both the estate and Ms. Pichler to engage in years of litigation that was unnecessary, unwarranted and costly to all parties.

9.    Committing fraud on the Court is a serious matter and the Applicant should not be rewarded for such action by being allowed fees in this case.

10.    As a result of the foregoing the Trustee is requesting that this Honorable Court deny all fees to Mr. Tindall at this time.

**WHEREFORE**, Trustee requests that this Honorable Court deny the Application for Payment of Pre-Approved Attorney Fees of Special Counsel and for such other and further relief this Court deems just and proper.

Respectfully submitted,

SAMUEL D. SWEET, PLC

By:   /s/ Samuel D. Sweet
Samuel D. Sweet (P48668)
Attorneys for Trustee
P.O. Box 757
Ortonville, MI 48462-0757
(248) 236-0985
ssweet@trusteesweet.us

Dated: 8/23/2019

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

IN RE:

CHRISTOPHER D. WYMAN,

        DEBTOR,

_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

## CERTIFICATE OF SERVICE

*The undersigned hereby certifies that a copy of the following:*

       **Trustee's Second Response to Application for Payment of Pre-Approved Attorney Fees of Special Counsel to Trustee Pursuant to 11 U.S.C. 328(a)**

*was electronically served on the 23rd day of August, 2019, upon:*

Dennis L. Perkins
Attorney for Debtor
bkperk@sbcglobal.net
(Via ECF Only)

Elie Bejjani
Attorney for Barbara Duggan
elie@bejjanilaw.com
(Via ECF Only)

*was served via First Class Mail, pre-paid postage, on this 23rd day of August, 2019, addressed as follows:*

Christopher D. Wyman
6241 Grand River Road
Brighton, MI 48114

Michael E. Tindall
18530 Mack Ave., Ste. 430
Detroit, Michigan 48236

       /s/ Jessica A. Will
       SAMUEL D. SWEET, PLC
       Jessica A. Will, Legal Assistant
       P.O. Box 757
       Ortonville, MI 48462-0757
       (248) 236-0985
       jwill@trusteesweet.us