# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:
**CHRISTOPHER D. WYMAN**
*Debtor(s),*

CASE NO. 12-32264

CHAPTER 7

_____\

**OBJECTION TO DE 292, FIRST AND FINAL FEE APPLICATION
OF SAMUEL D. SWEET, PLC FOR SERVICES RENDERED AS ATTORNEY
FOR TRUSTEE NOVEMBER 17, 2014 THROUGH OCTOBER 30, 2019
SPECIFICALLY RELATED TO REPRESENTING THE ESTATE ON CASES
PENDING AT THE TIME OF MICHAEL TINDALL DISBARMENT**

Now comes Applicant/Special Counsel and objects to DE 292 filed by SAMUEL

D. SWEET, apparently solely in his capacity as "ATTORNEY FOR TRUSTEE"

[apparently NOT as Trustee] for claimed representation of himself, following the

disbarment of Special Counsel on or about October 30, 2017.[1] Special Counsel objects to

the SWEET APPLICATION for the reasons that follow:

---

[1] Special Counsel was the subject of a disbarment order by the Michigan Attorney Discipline Board that was under appeal to the Michigan Supreme Court on September 30, 2017. In response to unauthorized filings by PICHLER, Case No. 12-03348, DE 411, 412 and 413, Special Counsel informed this Court, on October 30, 2017 at 2:14PM, that a disbarment by a state discipline agency did NOT serve to disbar an attorney from practice before federal district and bankruptcy courts. Case No. 12-03348, DE 414, PP2-3 of 7. "Someone" so informed Chief Judge Hood of the District Court that same day, and, within four (4) hours, an Order issued from Chief Judge Hood disbarring Special Counsel from federal practice, See, 17-51481, DE 1, 10/30/17, without notice, hearing or opportunity to respond specifically required, as a matter of due process, by *Theard v. US, 354 US 278, 282 (1957)*(specifically invalidating local rule of ED La substantially identical to ED MI LR 83.22(g) on due process grounds for lack of notice and hearing); *In re Ruffalo, 390 US 544, 550, 553, and n2 (1968)*(reversing disbarment from Sixth Circuit under court rule failing to accord notice and hearing substantially identical to ED LR 83.22(g)); *In re Cook, 551 F.3d 542, 549-50, 552, 554-5 (6th Cir 2009)*(federal courts may "initiate" federal disbarment proceedings based on disbarment by a state court, but must independently determine – through show cause proceedings- whether member of federal bar may practice in federal court); *In re Squire, 617 F.3d 461 (6th Cir 2010)*(reciprocal discipline in federal court requires notice and hearing by "show cause"). SWEET was "selected" to deliver that order to Special Counsel October 31, 2017, prior to the show cause hearing conducted by this Court against Ms. Duggan, at which Special Counsel was to appear to assist her, See DE 414, P 3 of 7, and, to inform Special Counsel that he had been barred from the court room. This, despite this Court's observation [in favor of Mr. Ponsetto], on the record July 16, 2019, that federal courts are open to the general public, as a matter of law.

## A. **GENERAL OBJECTIONS:**

1. On September 23, 2019, this Court issued its Opinion/Order to the effect that Special Counsel's claim, under 11 USC 328, to a contingent fee of $34,100.00, should not exceed $21, 869.33. For the reasons more fully set forth in DE 291, 10/15/19, attached hereto as Exhibit 1 and incorporated herein – in its entirety, by reference – that reduction is/was a "clear abuse of discretion", clear error as a matter of law, and, contrary to the established facts and rulings/law of the case in this bankruptcy and related adversary proceedings.

2. As more fully set forth in Exhibit 1, Nos. 31-34, PP 12-14, this Court has NO discretion to alter, amend or reduce the contingent fee due special counsel for the reason that SWEET has failed to allege or prove that anything **"not capable of being anticipated"** has ever occurred. This Court is therefore bound by its own order.

3. Regardless of amount, Special Counsel's contingent fee is secured by the proceeds of sale of 1011 Jones RD, Howell MI,[2] alleged by SWEET to be $31,904.82. DE 292, No. 5, P 2 of 16. Therefore, the maximum amount SWEET could be entitled to receive would be:

   A. Proceeds subject to lien:      $31,904.82
   Contingent fee to Special Counsel      <u>$34,100.00</u>
   SWEET      -0-

   B. Proceeds subject to lien:      $31,904.82
   Contingent fee to Special Counsel      <u>$21,869.33</u>
   SWEET      $10,035.49

---

[2] Upon execution of the contingent fee agreement, a contingent fee attorney lien attached to the fraudulently transferred real property commonly known as 1011 Jones Rd., Howell MI. under Michigan law. *Lundstead v. JRV Holdings LLC, 225 F.Supp 3d 622, 626-7 (ED MI 2016)* **(contingent fee attorney lien created upon execution of retention agreement)**; *George v. Sandor M. Gelman PC., 201 Mich App 474, 478; 506 NW2d 583 (1993); Kysor Ind. Corp. v. DM Liquidating Co., 11 Mich App 438, 446; 161 NW2d 452 (1968)*. That lien was later perfected, under Michigan law, on August 23, 2018; and, was transferred to the proceeds of sale of the real property by Order of this Court dated March 13, 2019, DE 212.

4. *11 USC 330* and *Fed R. Bank 2016* expressly make any award of compensation under Section 330 **"subject to"** section 328. Therefore, any award – regardless of lien – to SWEET is subject to the award to Special Counsel pursuant to Section 328.

5. *11 USC 330(a)(4)* states, in relevant part:

> "Except as provided in subparagraph (B), the court **shall not allow compensation for—**
>
> > (i) **unnecessary duplication of services**; or
> > (ii) services that **were not—**
> > > (I) **reasonably likely to benefit the debtor's estate**; or
> > > (II) **necessary to the administration of the case.**"

6. For the reasons more fully set forth in DE 291, Exhibit 1, BOTH the real property known as 1011 Jones Rd and the personal property SWEET wrongly conveyed with it, were recovered – as a matter of fact and as a matter of law – in June 2014, BEFORE SWEET became involved in this case. SWEET therefore did nothing to recover the subject property.

7. As a matter of fact and of law, for the reasons set forth in DE 291, Exhibit 1, all services listed by SWEET in DE 292 were unnecessary duplication of services, at the time SWEET allegedly rendered them, already performed and results already accomplished by Special Counsel BEFORE SWEET entered the case.

8. As a matter of fact and of law, for the reasons set forth in DE 291, Exhibit 1, NONE of the services allegedly performed by SWEET, at the time he allegedly rendered them, and listed in his Application were (a) reasonably likely to benefit the debtor's estate, because the result had already been achieved BEFORE SWEET entered the case; and, (b) were not necessary to the administration of the case, because the result had already been achieved before SWEET entered the case.

9. As a matter of fact and of law, for the reasons set forth in DE 291, Exhibit 1, the performance of the listed services, and, the amount charged for said services by SWEET were unreasonable on their face, and, the unreasonable and unnecessary

nature of those services were apparent and easily discoverable from the record of the case.

10. As a matter of fact and of law, for the reasons set forth in DE 291, Exhibit 1, the result claimed by SWEET [i.e. resolution of the Pichler matter and the dismissal of both the Gentry and Wyman discharge matters] have – in fact and law – NOT been accomplished, as represented, due to lack of jurisdiction and failure to comply with Fed R. Bank 2002.

11. Fed R. Bank 2016, and, the **Handbook for Chapter 7 Trustees Effective July 1, 2001 Page 8-30**, require:

> "Pursuant to FRBP 2016, each application for interim or final fees and expenses **must include:**
>
> > 1. **a detailed statement of services rendered**, time expended, and expenses incurred; ...
> >
> > **The fee guidelines at Appendix C have additional requirements which must be met as well"**

12. The Appendix C guidelines for reviewing applications for compensation and expenses under Section 330 provides, in relevant part, as follows:

> "**(6) Fee applications submitted by trustees are subject to the same standard of review as are applications of other professionals and will be evaluated according to the principles articulated in these Guidelines....**
>
> (b) Contents of Applications for Compensation and Reimbursement of Expenses. **All applications should include sufficient detail to demonstrate compliance with the standards set forth in 11 U.S.C. § 330.** The fee application should also contain sufficient information about the case and the applicant so that the Court, the creditors, and the United States Trustee can review it **without searching for relevant information in other documents....**
>
> (v) Time entries should be kept contemporaneously with the services rendered in time periods of tenths of an hour. **Services should be noted in detail** and not combined or "lumped" together, with each service showing a separate time entry; however, **tasks performed in a project which total a de minimis amount of time can be combined or lumped together if they do not exceed .5 hours on a daily aggregate. Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference."**

13. SWEET'S Application clearly fails to comply with the standards recited in No. 12 above, and, were obviously NOT kept contemporaneously but were clearly prepared/manufactured "after the fact" solely for purposes of seeking compensation for services to which SWEET is not entitled.

14. As a matter of fact and of law, for the reasons set forth in DE 291, Exhibit 1, SWEET recovered nothing from Pichler for the benefit of the estate because, as a matter of fact and of law, for the reasons set forth in DE 291, Exhibit 1, Pichler took no interest in the real property and had nothing to convey to SWEET.

15. In addition to the above, SWEET breached his fiduciary duties to the bankrupt estate and to all creditors of the estate by:

    A. Allowing Debtor Wyman to occupy and waste the real property known as 1011 Jones Rd., conveyed to the bankrupt estate in June 2014 by Quit Claim Deed, between August 26, 2014 and the date of sale.

    B. Transferring the personal property/construction equipment, conveyed to the bankrupt estate in June 2014 by Bill of Sale, and valued at $50,000.00, by transferring such equipment as part of the sale of Jones Rd for no consideration.

    C. Failing and refusing to obtain appraisals of the real property and the personal property, and, failure to take any steps whatsoever to determine and obtain the full fair market value of the real and personal property, thereby depriving all creditors of the bankrupt estate of the true value of those assets.

    D. Failing and refusing to advertise, market, or, list the real property and the personal property with appropriate professionals to obtain the full fair market value of the property for the benefit of the bankrupt estate and its creditors.

    E. Entering into a "sweetheart" deal to sell the real and personal property to Diana Gentry and/or her related entity for substantially less than full fair market value.

    F. As a consequence of these respective breaches of fiduciary duty, SWEET and his bonding company are:

i.  Liable to the bankrupt estate and all creditors for double (2X) damages for statutory waste to the real property;

ii.  Liable to the bankrupt estate and all creditors for treble (3X) damages, plus costs and attorney fees, for statutory conversion of the personal property; and,

iii.  SWEET has forfeited any and all compensation from the bankrupt estate for services provided, in any form whatsoever.

For the reasons stated, SWEET'S Application must be denied.

Respectfully Submitted,

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI  48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated: 10/31/19

# EXHIBIT NO: 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:
  **CHRISTOPHER D. WYMAN**
        *Debtor(s),*

                                  CASE NO. 12-32264

                                  CHAPTER 7

_____\

**\*\*\*\*\*\*\*\*\*\*AMENDED\*\*\*\*\*\*\*\*\*\***

**This AMENDED MOTION is filed, by direction of the Court,
pursuant to DE 287 dated 10/18/19.**

## MOTION TO MODIFY/ALTER/AMEND OPINION/ORDER ON APPLICATION FOR PAYMENT OF PRE-APPROVED ATTORNEY FEES OF SPECIAL COUNSEL PURSUANT TO 11 USC 328(a), DE 285 AND FOR AMENDED OR ADDITIONAL FINDINGS

Now comes Applicant/Special Counsel and moves, pursuant to FRCP 59(e), made applicable to bankruptcy by LR Bank 9024-1(b), and, FRCP 52, made applicable to bankruptcy by Fed R. Bank 7052, to modify/alter/amend this Court's Opinion/Order, DE 285, dated September 23, 2019, for the reason that, as more fully set forth below, the Opinion/Order constitutes a plain and egregious "abuse of discretion" as it: disregards established facts; disregards controlling Michigan and federal law binding on this Court.

1. For the reasons more fully set forth below, this Court's Opinion/Order of September 23, 2019 is based on a clear "manifest" error of law resulting from the "disregard, misapplication, or failure to recognize/apply "controlling precedent", on the part of this Court, that it is bound to follow.

2. A motion, under *59(e),* is proper if it calls to the Court's attention controlling authority that was overlooked or disregarded in the original ruling.

   A. **APPLICABLE MOTION STANDARD:**

**Page 1 of 14**

1. *FRCP 59(e):* Motions to alter or amend may be granted if there is **a clear error of law.**[1] The purpose of a Rule 59(e) motion is to allow the court to make its own corrections, thus sparing the parties and appellate court the burden of unnecessary appellate proceedings.[2] The moving party "must either **clearly establish a manifest error of law** or must present newly discovered evidence."[3] "**Manifest error**" is defined as the "**wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court.**"[4] A motion to alter or amend is proper if it calls to the Court's attention a controlling authority that was overlooked or disregarded in the original ruling [5]

2. *Fed R. Bank Proc. 7052* provides:

   "Rule 52 F.R.Civ.P. applies in adversary proceedings, except that **any motion under subdivision (b) of that rule for amended or additional findings shall be <u>filed no later than 14 days after entry of judgment.</u>** In these proceedings, the reference in Rule 52 F.R.Civ.P. to the entry of judgment under Rule 58 F.R.Civ.P. **shall be read as a reference to the entry of a judgment or order** under Rule 5003(a).

3. FRCP 52 provides, in relevant part:
   (a)(5) *Questioning the Evidentiary Support.* **A party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings.**
   ********************
   **(b) AMENDED OR ADDITIONAL FINDINGS. On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.**

4. Fed R. Bank 9014 states, in relevant part:

---

[1] *Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).*
[2] *Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008).*
[3] *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007).*
[4] *Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000).*
[5] *Davie v. Mitchell, 291 F.Supp.2d 573, 634 (N.D.Ohio 2003); Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008) (quoting York v. Tate, 858 F.2d 322, 326 (6th Cir. 1988)).*

"(a) MOTION. In a **contested matter**[6] not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.

(c) APPLICATION OF PART VII RULES. Except as otherwise provided in this rule, and unless the court directs otherwise, **the following rules shall apply: ... 7052,**
**(d) TESTIMONY OF WITNESSES. Testimony of witnesses with respect to disputed material factual issues <u>shall be taken</u> in the same manner as testimony in an adversary proceeding.**

**(e) ATTENDANCE OF WITNESSES. The court shall provide procedures that enable parties to ascertain at a reasonable time before any scheduled hearing <u>whether the hearing will be an evidentiary hearing</u> at which witnesses may testify.**

5.  ED MI LR Bank 9014-1(k)  states, in pertinent part:

    **"(k) Evidentiary hearings. Unless the court orders otherwise, the initial hearing on a contested matter will <u>not</u> be an evidentiary hearing. The** court may determine at the initial hearing whether an evidentiary hearing is necessary and, if so, **will schedule it at that initial hearing.** No further notice of the evidentiary hearing need be served."

6.  A court's award or denial of attorney fees and costs is usually reviewed for an **abuse of discretion**.[7] "A district court abuses its discretion when:

    (a) it relies upon clearly erroneous findings of fact;

    (b) applies the law improperly; or,

    (c) uses an erroneous legal standard." [8]

However, if a contract is interpreted solely by reference to the language of the agreement itself, then the Bankruptcy Court's interpretation of the contract is a matter of law that is subject to de novo review on appeal.[9]

---

[6] *Fed. R. Bankr. P. 9014* advisory committee's note (**"If a party in interest opposes the amount of compensation sought by a professional, there is a dispute which is a contested matter."**).
[7] *NORTHEAST OHIO COALITION FOR HOMELESS v. Husted, 831 F. 3d 686 (6th Cir2016); Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 551 (6th Cir. 2008).*
[8] *Id. Wikol v. Birmingham Pub. Schs. Bd. Of Educ., 360 F.3d 604, 611 (6th Cir. 2004)); The Ne. Ohio Coal. for the Homeless v. Husted, 831 F.3d 686, 702 (6th Cir. 2016) (internal citations omitted); United Mine Workers of Am. 1974 Plan and Trust v. Lexington Loan Co. (In re HNRC Dissolution Co.), 396 B.R. 461, 465 (B.A.P. 6th Cir. 2008);*
[9] *In re Econ. Lodging Sys. Inc., 234 B.R. 691, 693 (6th Cir. BAP 1999).*

7. For the reasons more fully set forth below, DE 285 violates all three (3) prongs of the abuse of discretion standard, and, violates applicable Michigan and federal law.

8. This motion is timely, as filed within 14 days of the September 23, 2019 issuance of DE. 285. This Amendment is timely, as filed within seven (7) days of 10/08/19 pursuant to DE 287.

## B. CLEARLY ERRONEOUS FINDINGS OF FACT

**[Facts and events may be mixed questions of fact and law and may therefore be discussed under multiple sections]**

9. DE 285 recites a limited and erroneous statement of facts, denominated as "FINDINGS OF FACT", DE 285, P1. These include:

P.1 **Michael Tindall, who represented Barbara Duggan, a creditor of the Debtor, contacted the Chapter 7 Trustee, Michael Mason, to inform him about possible avoidable transfers of real and personal property of the Debtor.** Mr. Mason was already represented by counsel, but he reached an understanding with Mr. Tindall to allow Mr. Tindall and his law firm, Tindall Law Firm, (collectively "Tindall") to represent Mr. Mason and the estate as special counsel for a limited purpose.

To the extent relevant [special counsel submits it is not] there is no evidence in this record or that of any related proceeding as to who contacted who in 2012. This is recited to illustrate BOTH the lack of evidence, and, DE 285's reliance on substituted/non supported factual conclusions to support a pre-determined result.

P.3 Ultimately, however, **through negotiations by Samuel Sweet the successor Trustee to Mr. Mason, 1101 Jones Road was returned to the Trustee, as well as some of the Personal Property.**

There is no "evidence", in this record or that of any related proceeding, whether in the form of testimony – or – copy(s) of any instrument(s) of conveyance to support (a) negotiations by Sweet; or, (b) the "recovery" of anything. There is, however, direct evidence of the recovery of both real and personal property in June 2014, in Case No. 12-02248, BEFORE Sweet ever became Trustee. This "evidence" takes the form of: (a) settlement placed on the record in this Court; (b) instruments of conveyance [Bill of Sale and Quit Claim Deed] specifically approved by this Court, See Exhibits 2, 3; and, (c) this Court's own written order approving same.See, Exhibit 4, DE 207, 6/25/14; and, (d) the established prior rulings of this Court made March 8, 2013. See, immediately below.

Page 4 of 14

P.4 Despite that set back, **Mr. Sweet brought these assets into the estate,** settled the adversary proceedings, and sold 1011 Jones Road. [10]

On July 31, 2012, PICHLER was examined, under oath, under Rule 2004. See, Case No. 12-03348, DE 87-8.[11] PICHLER admitted[12]:

A. She paid nothing to WYMAN for the Jones Rd. house. PP 45-46, 62
B. LINCK suggested **putting house** and mortgage in her name. PP46-47.
C. **She did not ask LINCK for loan/mortgage.** PP49-40
D. She gave LINCK no money. PP 51,57,65-68
E. **LINCK gave her no mortgage funds.** PP 51,57
F. Repair money came from Crest Homes/GENTRY. P58.
G. PICHLER did not pay for repairs to house. PP 58-59.

On March 8, 2013, more than one (1) year before Sweet became Trustee, this Court issued DE 66, Case No. 12-02248, containing the following rulings:

> While the Court acknowledges that Ms. Pichler claims that there was a land contract, the titleholder to the Jones Road Property was the Debtor, not Ms. Pichler." DE 66, P4

> The Debtor signed a Quit Claim Deed transferring the Jones Road Property to Ms. Pichler in October, 2009 DE 66, P2

---

[10] As repeatedly recited, the adversary proceeding against Ms. Pichler has not been settled. That case remains open, as the claim against her was removed to district court and only the district court can enter an order to dismiss the case. DE 395.

[11] On the same date, LICNK was examined under oath. Case No. Case No. 12-03348, DE 87-7. LINCK admitted:

A. LINCK issued Check No. 1319 for $80,000.00, dated May 13, 2009, payable to Livingston Real Estate for $80,000 to purchase 1011 Jones Rd in the name of WYMAN. P14, LL 21-25; P15, LL 1-5; LL 10-15; P19, LL2-9; P23, LL 1-16.
B. LINCK was given a mortgage dated June 1, 2009 from WYMAN for $130,000 against Jones Rd. PP 11-14
C. WYMAN made no payments to LINCK on that mortgage. PP 11-12
D. LINCK discharged the $130,000 mortgage from WYMAN, at WYMAN'S request, on October 17, 2009, without any payment. P21, LL 18-25.
E. LINCK then received a $150,000 mortgage from Pichler dated October 17, 2009. PP 25-27, LL 1-5.
F. LINCK gave PICHLER no mortgage funds. Id.
G. PICLER made no mortgage payments to LINCK. Id.

[12] An admission in deposition testimony is a binding admission by a party-opponent. *United States v. Lay, 612 F.3d 440, 448 (6th Cir. 2010)* (citing Fed. R. Evid. 801(d)(2)).

> **... but the Quit Claim Deed was not recorded until April 24, 2012...**
> **The Quit Claim Deed was recorded within the 90 day period prior to the**
> **Debtor's bankruptcy petition DE 66, P4**

There is no "evidence" on this record or that of any proceeding related to it
that Ms. Pichler ever took a valid interest/title in or to 1001 Jones Rd., or, that
Sweet acquired [factually] ANYTHING from her, by settlement, conveyance
or otherwise. Moreover, as discussed below, Michigan law [which must be
applied] clearly holds – as a matter of law – that Pichler took NO interest in
the property whatsoever. Therefore, factually, and as a matter of law discussed
below, Pichler had NOTHING to convey to Sweet in any settlement, and,
Sweet obtained NOTHING from Pichler, by settlement, conveyance or
otherwise.

**P.4 Mr. Sweet has closed the sale of 1011 Jones Road, disbursed funds to Ms.**
**Duggan, and negotiated a subordination of tax claim with Livingston**
**County that created funds to pay administrative claims.**

The record of this Court reveals ONLY a one (1) page motion seeking
subordination of tax claims, together with this Court's Order approving same.
There is no evidence of "negotiations" or of any other act(s) by Sweet related
to this subordination.

P.6-7 But the parties cannot agree on the starting amount:
>   Mr. Tindall argues that the amount should be the value of the property,
>   which he claims Mr. Sweet pegged as much higher.

>   Mr. Sweet argues the starting amount is the sale proceeds of 1011 Jones
>   Road in the amount of $65,607.98...

The Court finds and holds that $65,607.98 is the proper starting amount...
**First, this is the actual amount that the Trustee realized on the sale of**
**the property... Second, calculation of a contingent fee on the value of**
**an asset is a speculative proposition... Third, relying on the actual sale**
**price avoids mischief of using an inflated value number to calculate**
**fees.**

The ONLY "evidence" on this record or the related proceedings is that the
property was "recovered" BEFORE Sweet ever entered this case in June
2014. The ONLY evidence of the value of that recovery, at that time, is a
bona-fide arm's length offer, supported by significant deposit, **for the real**
**property alone, of $82,000.00. DE 281, Exhibit 1.** There is no "evidence"
on this record or of any related proceeding of a different value in June
2014. As this Court correctly recites, $65,607.98 is the amount of the
"sale" of BOTH the real and personal property five (5) years later, in
2019. As set forth below, as a matter of law, the later sale price selected by

this Court, without factual or legal basis, is NOT the "amount recovered", as a matter of law.

For the reasons set forth, these stated "facts" are incomplete and/or contrary to established facts of record. Regardless of their accuracy or inaccuracy, the recited facts cannot be "FINDINGS OF FACT" because the subject hearing was a "motion hearing" in a contested matter; no "evidence" was taken at that hearing to support these supposed "findings"; and, the mandatory notice was not given pursuant to *Fed. R. Bank 9014(d) and (e) and ED MI LR 9014-1(f)*.

10. A **finding of fact** is a determination made by the trier of fact as to a factual issue **based on the evidence presented** in a case.[13] Since no "evidence" exists of record to support these statements, evidence does exist that clearly establishes otherwise, no proofs were presented at the subject hearing, and, no mandatory notice was given, the Court's recitals cannot be 'FINDINGS OF FACT".[14]

### C. ERRONEOUS LEGAL STANDARD(S)

11. The respective rights of the parties, under a written attorney fee agreement, are determined and defined by application of state law.[15]

12. Rights in property, real or personal, are also defined by state law.

---

[13] "*finding of fact.*" *Merriam-Webster.com. 2019. https://www.merriam-webster.com (3 October 2019).*

[14] *Jammal v. American Family Ins. Co., 914 F. 3d 449, 456 (6th Cir 2019);*(**There is a distinction between a lower court's factual findings, which a reviewing court reviews for clear error, and "the ... application of the legal standard to them," which it reviews de novo.**"); *Solis v. Laurelbrook Sanitarium and School, Inc., 642 F.3d 518, 522 (6th Cir. 2011). United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981)(Sixth Circuit established a rule of procedural default, holding that "a party* **shall file objections to "findings of fact" or else waive right to appeal."**); *Thomas v. Arn, 474 U.S. 140, 149 (1985)* (**the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level.**").

[15] *Butner v. United States, 440 U.S. 48,55, 99 S. Ct. 914, 918 (1979)* (**"Property interests are created and defined by state law.**"); *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.), 16 F.3d 1443, 1450 (6th Cir.1994)*(**"[P]roperty rights in bankruptcy are determined only by reference to the state law of the jurisdiction.**");*Rogan v. Bank One, N.A. (In re Cook), 457 F.3d 561, 566 (6th Cir.2006).*(**The relative property interests of the Debtors, the Trustee and Fifth Third in the Property are determined by state law**).

*13.* A fee or retainer agreement is a contract and is subject to the law of contracts.[16] In Michigan, the court's interpretation of a contract is reviewed de novo, as a question of law.[17] Absent an ambiguity or internal inconsistency, contractual interpretation begins and ends with the actual words of a written agreement.[18] A contract is ambiguous only if its terms are unclear or are reasonably susceptible to more than one meaning.[19] Any ambiguity in a contingent fee contract **must** be construed against its drafter, particularly where the contract was drafted by an attorney.[20]

*14.* Federal law interpreting fee contracts under 11 USC 328 is the same.[21]

*15.* The contingent fee agreement in this case sets the amount of the contingent fee as: "… **one third (1/3) of any recovery.**" DE 63, P2 of 5.

*16.* **"Any recovery"** is clearly unambiguous; includes recovery by special counsel, Sweet or anyone else; and, must be enforced as written.

*17.* NOTHING in DE 285 suggests the term **"any recovery"** is ambiguous. Nevertheless, if so deemed [after the fact], the contingent fee contract must, as

---

[16] *Island Lake Arbors Condo. Ass'n v. Meisner & Assoc., P.C., 301 Mich.App. 384, 392-393, 837 N.W.2d 439 (2013)* ("**We interpret the parties' retainer agreement according to its plain and ordinary meaning.**"); *ESTATE OF KALISEK BY KALISEK v. Durfee, 322 Mich. App. 142, 910 NW 2d 717 (2017);Alpha Capital Mgt, Inc. v. Rentenbach, 287 Mich.App. 589, 611-612, 792 N.W.2d 344 (2010).*

[17] *Miller-Davis Co. v. Ahrens Const., Inc., 495 Mich. 161, 172, 848 N.W.2d 95 (2014).*

[18] *Henderson v. State Farm Fire & Casualty Co., 460 Mich. 348, 354, 596 N.W.2d 190 (1999).*

[19] *Island Lake, supra; Farm Bureau Mut. Ins. Co. Mich. v. Nikkel, 460 Mich. 558, 566, 596 N.W.2d 915 (1999); Smith v. Smith, 278 Mich.App. 198, 200, 748 N.W.2d 258 (2008).*

[20] *Island Lake, supra; Henslee, Monek & Henslee v. D.M. Cent. Transp., Inc., 870 F.Supp 764, 769 (E.D. Mich. 1994).*

[21] *In re Nat'l Gypsum Co., 123 F.3d 861, 862 (5th Cir.1997)(* **In disputes governed by § 328(a), the contractual arrangement is supreme, and we shall enforce the contract as written.**) *In re Asarco, LLC, 702 F. 3d 250, 257 (5th Cir 2012)* (**We have repeatedly interpreted § 328(a) as meaning precisely what it says: A professional may be retained on any reasonable terms; but, once those terms have been approved pursuant to § 328(a), the court may not stray from them at the end of the engagement unless developments subsequent to the original approval that were incapable of being anticipated render the terms improvident.**); *In re Nucentrix Broadband Networks, Inc., 314 B.R. 574, 580-81 (Bankr. N.D.Tex.2004)* ("**… the bankruptcy court must honor the plain meaning of Section 328.**"); (**[I]f a firm obtains the protection of Section 328, the firm and the Court must live with the conditions of that section.**")

a matter of law, be construed against Sweet and in favor of special counsel. The document was drafted by the Trustee's general counsel, Mr. Glusac. DE 63, P2. DE 285, PP 6-7 [quoted above] sets forth the opposing positions. As a matter of law, this Court must adopt and enforce the position of special counsel.

18. Michigan and federal law in this district define the term **"any amount recovered"** in an attorney contingent fee contract to include **"anything of value affirmatively and actually recovered"**,[22] including the recovery or relinquishment of a property interest. Value is determined as of the date of recovery, not the date of a subsequent future sale.[23]

19. Whether (a) strictly enforced, as written; (b) construed, as an ambiguous term, against the Trustee; or, (c) as defined by Michigan law; the result is the same. The **"amount recovered"** is the amount set forth by special counsel, and, the contingent fee due is $34,100.00.

D. **MICHIGAN AND FEDERAL LAW IMPROPERLY APPLIED:**

20. Michigan law defines a **"purchaser"** as:

"**565.34 Purchaser; definition.**

The term **"purchaser,"** as used in this chapter, shall be construed to embrace every person to whom any estate or interest in real estate, shall be conveyed **for a valuable consideration**, and also every assignee of a mortgage, or lease or other conditional estate."

21. As recited above, No. 9, P5, Ms. Pichler paid no consideration for 1001 Jones Rd. She, therefore, was not a "purchaser", much less a bona-fide purchaser.[24] Case No. 12-32264, DE 108-5, P 2 of 3.

---

[22] *Maiullo v. Genematas, 16 Mich App 231, 234, 167 NW2d 849 (1969)*(**amount recovered includes value of capital stock relinquished**); *Henslee, Monek & Henslee v. DM Cent. Trans. Inc., 870 F. Supp 764,770 (ED MI 1994)*(**amount recovered does not include value of intangible "job"**).
[23] *Benarek v. Wayne County Bd. Of Inst., 165 Mich App 346, 355, 419 NW2d 21 (1987)*(**amount recovered includes present value of future annuities, as of the date [Judgment Date] recovered.**)
[24] *Innovation Ventures v. Liquid Mfg., 499 Mich. 491,508, 885 NW 2d 861 (2016)*(**"To have consideration there must be a bargained-for exchange," which entails "a benefit on one**

22. Trustee Mason, however, was a bona-fide good faith purchaser for value, as of the date of filing the Petition.[25]

23. *MCL 565.29* clearly states:

> "Every conveyance of real estate within the state hereafter made, which shall not be recorded as provided in this chapter, **shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate** or any portion thereof, whose conveyance shall be first duly recorded. The fact that such first recorded conveyance is in the form or contains the terms of a deed of quit-claim and release shall not affect the question of good faith of such subsequent purchaser, or be of itself notice to him of any unrecorded conveyance of the same real estate or any part thereof."[26]

24. Therefore, as a matter of Michigan law [separate and distinct from *11 USC 544 and 547*], any interest claimed by Pichler was void as against the Trustee.[27]

25. A purported transfer of a void recorded interest is without effect, because the transferor has no interest capable of being conveyed.[28]

---

side, or a detriment suffered, or service done on the other."); *Gen. Motors Corp. v. Dep't. of Treasury, 466 Mich. 231, 238-239, 644 N.W.2d 734 (2002)(same); Pinconning State Bank v Henry, 258 Mich 44, 49 241 NW 913 (1932)* ("To be a bona fide purchaser, defendant must have purchased the personal property in question for value in good faith and without notice either actual or constructive."); 1 Cameron, Michigan Real Property Law (3rd ed), § 11.20, pp 395-396 (explaining that a bona fide purchaser is "a person who purchases or acquires some interest in real estate for valuable consideration in good faith, without notice that some third party claims a right to or interest in it").

[25] *11 USC 544 (a)* "The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by— (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists."

[26] *Penrose v McCullough, 308 Mich App 145, 152 862 NW2d 674 (2014).* (Under MCL 565.29, a bona fide or good-faith purchaser for value of an interest in real property may take priority over a prior conveyed interest.)

[27] *Bernstein v. Riseman, 282 Mich 292 (1937);Thomas v. Leja, 187 Mich App 418 (1991) (A mortgage given against real estate, without consideration, is invalid); Harwood v. Randolph Harwood, Inc., 124 Mich App 137(1983)(Inadequate consideration is evidence proving contract is a sham and transaction is fraudulent).*

[28] *Richards v Tibaldi, 272 Mich App 522, 540; 726 NW2d 770 (2006)*(It is axiomatic that a conveyance by a party with no interest in the property conveys nothing);*von Meding v.*

26. Because Pichler had no valid interest in 1001 Jones Rd., she had NOTHING to transfer or convey to Sweet. Therefore, Sweet "recovered" nothing through any settlement with or conveyance from Pichler, as a matter of law.

27. *MCL 600.2932(1)* states, in pertinent part:

> **"(1) Any person, whether he is in possession of the land in question or not, who claims any right in, title to, … interest in, or right to possession of land, may bring an action …. against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not."** [29]

28. On March 8, 2013, in Case No. 12-02248, DE 66, this Court ruled:

> **"the Court first finds that the mortgage given by the Debtor to Mr. Linck was discharged. To the extent that Mr. Linck claims that this mortgage still exists, the Discharge of Mortgage clearly indicates that the mortgage was released and satisfied." DE 66, P4**

29. Having thus determined BOTH that Ms. Pichler held no interest in Jones Rd. in 2009, see No. 9, P 6 above, and, therefore, could not support the $150,000 mortgage she signed to LINCK in 2009; and, that LINCK'S $130,000 mortgage from the Debtor was discharged; the ONLY person with a valid claim/interest in/to 1011 Jones Rd., under Michigan law, after March 8, 2013 and until June 24, 2014 was LINCK. There has never been a dispute that LINCK'S $80,000 was the money paid to acquire Jones Rd. The mortgage(s) by which he was to be repaid were declared invalid. Therefore, under

---

*Strahl, 319 Mich. 598, 609, 30 N.W.2d 363 (1948)* ("[T]he recording of an instrument cannot, of itself, make an invalid grant valid."); *Special Property VI, LLC v Woodruff, 273 Mich App 586, 591; 730 NW2d 753 (2007)(same); Ernst v. Ernst, 144 N.W. 513 (Mich. 1913)* (quit-claim deed by party who holds with spouse as tenant in the entireties transfers no interest because one such tenant has no interest he or she can convey); *Beakley v. Robert, 79 N.W. 193 (Mich. 1899)* (second quit-claim deed issued after earlier quit-claim deed conveyed no interest because grantor had no interest to convey); *Hughes v. Jordan, 76 N.W. 134, 135* (quit claim deed conveys only that interest the grantor possesses).

[29] The statute reflects the Legislature's intent to confer standing on individuals who claim an interest in real property, and authorizes suits to determine competing parties' interests in land. *Trademark Props of Mich, LLC v Fed Nat'l Mtg Ass'n, 308 Mich App 132, 137-138; 863 NW2d 344 (2014).*

Michigan law, LINCK had a statutory claim/interest to title of Jones Rd., held in "constructive trust" based on his payment of the $80,000 purchase price.[30]

30. LINCK conveyed that interest to Trustee Mason by Quit Claim Deed dated June 20, 2014, See Exhibit 2, approved by this Court by Order dated June 25, 2014, See Exhibit 4, all BEFORE Sweet ever became Trustee. Therefore, Sweet recovered nothing by the supposed settlement with PICHLER.

31. DE 285 recites:

P.5 Section 328(a) allows a trustee to employ an attorney on a contingent fee basis but allows a court to award **different compensation under different circumstances.**

n1  If needed, the Court would also **invoke the language in Section 328, the Application, the Declaration, and the Employment Order and find that the development that later occurred was such that use of value, as opposed to the actual sale price,** compels the Court to use the actual sale price as the appropriate starting amount to calculate the contingent fee.

This is clearly NOT the applicable legal standard recited in Section 328, or, in the case law applying it.

32. Whether an event has occurred that was **"not capable of being anticipated"** such as to justify an after-the-fact modification of pre-approved attorney fees under Section 328 is a question of law, or – at best- a mixed question of law and fact subject to de novo appellate review.[31]

---

[30] *Carpenter v. Mumby, 86 Mich. App. 739, 746, 273 N.W.2d 605 (1978)* **(counterclaim to set aside a prior deed as void is an action to quiet title under MCL 600.2932);** *LaVean v. Cowels, 835 F.Supp. 375, 383 (W.D.Mich., 1993)(* **Notwithstanding allegations of fraud request to rescind a deed was to quiet title under MCL 600.2932.);** *Lorimer v. Berrelez, 331 F.Supp.2d 585, 593 (E.D.Mich., 2004)(claim for* **rescission of deed and imposition of a constructive trust for non-payment are actions for the recovery of land under MCL 600.2932(1) are governed by [the] fifteen-year statute of limitations" of MCL 600.5801(4)).** *Blachy v. Butcher, 35 F.Supp.2d 554 (W.D.Mich., 1998), rev'd in part on other grounds, 221 F.3d 896 (C.A.6, 2000)*(suit to set aside earlier deed from conveyor who did not have title at time of conveyance and clear title is a quiet title action under MCL 600.2932(1)subject to 15 year statute of limitations of MCL 600.5801(4)).
[31] *In re Asarco, LLC, 702 F. 3d 250, 263 (5th Cir 2012)* **(In the context of a § 328(a) award, however, clear error is not the appropriate standard for reviewing a conclusion that the facts (***i.e.***, the subsequent developments) were "not capable of being anticipated."** *See* 11 U.S.C. § 328(a). The question whether subsequent developments were "not capable of

33. This Court must [and did not] explain with specificity why the subsequent development alleged was "**incapable of being anticipated**" under Section 328 before it may modify a pre-approved attorney fee.[32]

34. "**If the court pre-approves the terms and conditions of the retention under section 328(a), its power to amend those terms is severely constrained.**" [33] This language "creates a `high hurdle' <u>for a movant seeking to revise</u> the terms governing a professional's compensation *ex post facto*." [34] The burden of proof is on Sweet, as the party seeking to revise the terms of the contingent fee contract. There is no evidence on this record that a discrepancy between "value",

---

being anticipated" is, at the very least, a mixed question of law and fact, if not a pure question of law, <u>subject in either case to de novo review</u>.); *In re Barron, 325 F.3d 690, 693 (5th Cir.2003)(*holding "as a matter of law, that none of the[] facts or developments [were] `not capable of being anticipated' within the meaning of Section 328(a)"); *In re Quinlivan, 434 F. 3d 314, 318 (5th Cir 2005)*(providing that questions of law and mixed questions of law and fact are reviewed de novo).

[32] *In re Barron, 325 F.3d 690, 693 (5th Cir.2003)* (Before a court may revise a compensation agreement, it must <u>explain with specificity</u> why the subsequent developments were "incapable of being foreseen."); (In the context of a § 328(a) award, however, clear error is not the appropriate standard for reviewing a conclusion that the facts (*i.e.,* the subsequent developments) were "not capable of being anticipated." ... The question whether subsequent developments were "not capable of being anticipated" is, at the very least, a mixed question of law and fact, if not a pure question of law, <u>subject in either case to de novo review</u>.); 3 Collier on Bankruptcy § 328.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2009) ("A failure by the bankruptcy court <u>to make a record establishing that the approval was improvident</u> and *setting out with specificity (not conclusory statements)* <u>the development that could not have been anticipated</u> at the time of approval will be insufficient to comply with the requirements of section 328.").

[33] *In re Smart World Techs., LLC, 552 F.3d 228, 232 (2d Cir. 2009)*(setting standard for adjustment of compensation for a professional retained under Section 328(a)).

"Under section 328(a), a pre-approved fee arrangement may only be altered if proven "to have been improvident in light of developments **not capable of being anticipated at the time**" of the pre-approval. Surprisingly few cases have construed this language, but those that have make it evident that it is a high hurdle to clear." 234-5

[34] *ASARCO, L.L.C. v. Barclays Capital, Inc. (In re ASARCO), 702 F.2d 250, 258 (5th Cir. 2012)* It means that the developments must have been "*incapable* of anticipation, not merely unanticipated." *See id.* (quoting *In re Barron, 325 F.3d 690, 693 (5th Cir. 2003); see also* 3 *Collier on Bankruptcy* ¶ 328.01 (Richard Levin & Henry J. Sommer eds., 16th ed.) ("After the approval of the professional's employment and terms and conditions thereunder, the only way to modify an approved employment is for the bankruptcy court to determine that what developed in the case could not have been anticipated at the time of approval.").

Page 13 of 14

on the date of recovery, and, **"sale price"** - five (5) years later - was **"not capable of anticipation"** at the time, 2012, when the contract was approved.[35] To the contrary, a reduced sale price is easily anticipated where five (5) years have passed, and, the Trustee makes NO effort to obtain a competitive bid.

For the reasons stated, this Court must modify/alter/amend DE 285 to comply with the record facts, and, the controlling Michigan and federal law. Having done so, this Court should immediately honor the contract it pre-approved and order the $34,100.00 fee immediately paid to special counsel pursuant to its secured lien against the proceeds of sale.

Respectfully Submitted

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated: 10/7/19
AMENDED
10/15/19
PER DE 287

---

[35] *In re Barron, 325 F.3d 690, 693-94 (5th Cir.2003)* ("this Court expressly noted the limitations on bankruptcy courts' ability to revise approved fee plans. **We held that the bankruptcy court applied the incorrect legal standard by finding that the circumstances were merely unforeseen; instead, the bankruptcy court should have determined whether developments, which made the approved fee plan improvident, had been incapable of anticipation** at the time the award was approved); *In re HNRC Dissolution Co., 340 BR 818 (DC ED Ken 2006)*(Section 328(a) provides that once the terms of a professional's compensation have been pre-approved by the court under 328, those pre-approved terms cannot be altered unless they "prove to have been improvident in light of developments not capable of being anticipated at the time of fixing of such terms and conditions." **This discretion exists only when events have occurred that were not capable of being anticipated at the time the compensation terms were approved.**); *In re River Road Hotel Partners, LLC, 536 B.R. 228, 239 (Bankr. N.D. Ill. 2015)*(**claims that [financial advisor's] work did not benefit the Debtors' bankruptcy estates or contribute value to the success of the chapter 11 case are not appropriately considered in a prospective analysis under § 328(a).**"); *In re Ross, 94 B.R. 210, 216 (N.D.Ga.1988)* (contingent fee **could not be re-examined for reasonableness and could not be denied in the absence of a showing** that it was improvident due to circumstances that were "not capable of being anticipated").

**Page 14 of 14**

IN RE CHRISTOPHER D. WYMAN     CASE NO: 12-32264

Debtor(s)

# EXHIBIT NO: 1

PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
        *Debtor(s),*

                              CASE NO. 12-32264

                              CHAPTER 7

_____\

*PROPOSED*

**ORDER GRANTING MOTION, DE 286 AND APPLICATION FOR PAYMENT
OF PRE-APPROVED ATTORNEY FEES OF SPECIAL COUNSEL TO
TRUSTEE PURSUANT TO 11 USC 328(a)**

This matter having come before this Honorable Court based upon Claimant's
**APPLICATION FOR PAYMENT OF PRE-APPROVED ATTORNEY FEES OF
SPECIAL COUNSEL TO TRUSTEE PURSUANT TO 11 USC 328(a)**; Claimant
having filed DE 286 **MOTION TO MODIFY/ALTER/AMEND OPINION/ORDER
ONAPPLICATION FOR PAYMENT OF PRE-APPROVED ATTORNEY FEES
OF SPECIAL COUNSEL PURSUANT TO 11 USC 328(a), DE 285 AND FOR
AMENDED OR ADDITIONAL FINDINGS;** and, the Court being fully advised in the
premises;

    **IT IS HEREBY ORDERED** that Claimant's MOTION and APPLICATION is
**GRANTED;**

    **IT IS FURTHER ORDERED** that Trustee Sweet shall forthwith pay Claimant
the amount of his pre-approved secured contingent fee, $34,100.00, or, such lesser
amount as is available from the proceeds of the sale of 1011 Jones Rd., Howell MI.in
immediately available funds.

1

# EXHIBIT NO: 2

## QUIT CLAIM DEED

**EDWARD LINCK, a single man "GRANTOR"** whose address is ~~1825 Andover Rd.~~ *1829 Hanover* Ann Arbor MI Quitclaims and assigns to: **TRUSTEE MICHAEL A. MASON, Trustee of the Bankruptcy Estate of Cristopher D. Wyman, E. D. Michigan Case No. 12-32264, "GRANTEE"**, whose address is: c/o MICHAEL E. TINDALL, ESQ., P.O. Box 46564, Mount Clemens MI 48046 the premises in the city of Howell, County of Livingston, state of Michigan, described in attached Exhibit 1, commonly known as 1101 Jones Rd., Howell MI 48843, Tax ID#: 4702-24-300-07, together with all right title and interest in and to a certain MORTGAGE thereon, dated October 17, 2009, executed by MICHELLE PICHLER, a single woman, and recorded at 2010R-022922, Livingston County Records, together with singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, for the sum of: $1.00 and other good and valuable consideration including the release and dismissal of all claims between them in Case No. 12-03348, U.S. Bankruptcy Coourt, E.D. Michigan.

Dated: this 20th day of June , 2014

Signed:

_____          _____
                                                          EDWARD LINCK

STATE OF MICHIGAN)
LIVINGSTON COUNTY)

    The person(s) known to me to be  EDWARD LINCK,  personally appeared before me, a notary public in and for the above named county, and executed and acknowledged the foregoing document on 20th June, 2014, of their/his/her own free act and deed.

MARY FIGURSKI
NOTARY PUBLIC
LIVINGSTON COUNTY
STATE OF MICHIGAN
MY COMM EXPIRES 12/10/2018
ACTING IN LIVINGSTON COUNTY

Notary Public: _____ Livingston County     My commission expires: 12/10/2018

When recorded, return to: MICHAEL E. TINDALL, ESQ., P.O. BOX 46546, MT. CLEMENS MI 48946

**THIS TRANSFER EXEMPT PURSUANT TO MCL 207.526(a), (c), (d).**

# EXHIBIT "A"

Part of the Southwest 1/4 of Section 24, Town 4 North, Range 4 East, and part of the Northwest 1/4 of Section 25, Town 4 North, Range 4 East, more particularly described as follows: Commencing at the Southwest corner of said Section 24; thence North 03 degrees 46 minutes 16 seconds West 1298.63 feet (previously recorded as North 00 degrees 45 minutes 00 seconds West 1298.33 feet); thence along the centerline of Jones Road (66 foot wide Right of Way), North 88 degrees 04 minutes 34 seconds East 183.87 feet (previously recorded as South 89 degrees 29 minutes 00 seconds East 184.60 feet) to the Point of Beginning of the parcel to be described; thence continuing along said line North 88 degrees 04 minutes 34 seconds East (previously recorded as South 89 degrees 25 minutes 00 seconds East) 331.21 feet; thence South 01 degree 58 minutes 26 seconds East 1324.84 feet; thence South 88 degrees 10 minutes 34 seconds West 331.21 feet; thence North 01 degree 58 minutes 26 seconds West 1324.26 feet to the Point of Beginning, subject to the rights of the public over the existing Jones Road. Also subject to any other easements or restriction of record.

1011 East Jones Road                    Tax I.D. No.: 02-24-300-007

# EXHIBIT NO: 3

## BILL OF SALE FOR PERSONAL PROPERTY
### WITHOUT WARRANTY

STATE OF MICHIGAN)

COUNTY OF _____ )

     *1829 Hanover*

     EDWARD LINCK, (Seller), whose address is ~~1825 Andover~~ Rd., Ann Arbor MI, in consideration of the payment of the sum of full and complete settlement of all claims asserted against him in that certain Bankruptcy Adversary proceeding known as *MASON et al V. PICHLER, et al, Adv. Case No. 12-03348*, now pending before the U.S. Bankruptcy Court, Eastern District MI, and, the execution of that certain Settlement Agreement of even date herewith, receipt and execution of which is hereby acknowledged, does hereby sell, convey and forever transfer to MICHAEL A. MASON, (Trustee), in his capacity as Trustee of the Bankruptcy Estate of Christopher A. Wyman, Case No. 12-32264, and to his successors and assigns, the following described personal property:

### SEE ATTACHED

SELLER'S INTEREST IN THE DESCRIBED PROPERTY IS SOLD "AS-IS" WITHOUT ANY WARRANTIES, EXPRESS OR IMPLIED, AS TO THE CONDITION OF SUCH PROPERTY. FURTHER, WHILE SELLER REPRESENTS THAT SAID PROPERTY DID EXIST AND HAS BEEN IN THE POSSESSION AND CONTROL OF CHRISTOPHER A. WYMAN, SELLER MAKES NO REPRESENTATION OR WARRANTY THAT THE PROPERTY CONTINUES TO EXIST AT THE DATE HEREOF, OR, AS TO ITS PRESENT LOCATION.

This Bill of Sale shall be effective as to the transfer of all property listed herein as of this 20th day of June, 2014.

            *Edward Linck*
            EDWARD LINCK

### ACKNOWLEDGMENT

Subscribed and sworn before me this 20 day of June, 2014.

         *[signature]*
         Notary Public, Livingston County MI
         My commission expires: 12/10/2018

MARY FIGURSKI
NOTARY PUBLIC
LIVINGSTON COUNTY
STATE OF MICHIGAN
MY COMM EXPIRES 12/10/2018
ACTING IN LIVINGSTON COUNTY

# EXHIBIT NO: 1

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| Michelle J. Pichler<br>1011 Jones Rd.<br>Howell, MI 48855 | 2000 Ford E350 Cube Van: Value $2500.00 | Debtor's Residence |
| Michelle J. Pichler<br>1011 Jones Rd.<br>Howell, MI 48855 | 2004 Pontiac Montana: Value $ | Debtor's Residence |
| Gentry Sales<br>6241 W. Grand River Rd.<br>Brighton, MI 48114 | Mortar mMixer; Two 60 ft. Modular Carriers; Dell Computer and Monitor; Misc. Perfectaline Equipment; Misc. Axles; Ladders, Pic & Scaffold; Blower and Trimmer; Michigan Laser Transit; Craftsman Generator | 1011 Jones Rd., Howell, MI. 48855 |
| Edward Linck<br>1829 Hanover Rd.<br>Ann Arbor, MI 48103 | JCB Backhoe; 16 ft. Tandem Trailer; Deere Tractor & Yellow Brush Hog; Skid Steer & Implements; Dresser Dozer TD7G; Tandem Landscape Trailer; Hudsone Trailer | 1011 Jones Rd., Howell, MI 48855 |
| James C. Evans<br>Allan's Park<br>Fowlerville, MI 48836 | Various Air Nailers', Various Hand Tools; Sand Blaster; Jacks & Sanchions; Miter Saws-Bosch & Rigid; Drill Press; Blue Portable Compressor; Yellow Drywall Machine; Ladders & Two Ladder Jacks; Box Storage Trailer; Trim Metal Break; Dump Cart, Two Salvage Engines | 1011 Jones Rd., Howell, MI 48855 |
| Brian Lauer<br>Sunrise Park Dr.<br>Howell, MI 48843 | Power Washer; Dirt Bike | 1011 Jones Rd., Howell, MI 48843 |
| Nancy Saunders<br>Golfview Dr.<br>Brighton, MI 48114 | Hammond Organ; Capehart Radio; Laptop Computer (needs repairs), Various furnishings for refinish | 1011 Jones Rd., Howell, MI 48855 |
| Susan Linck<br>1829 Hanover Rd.<br>Ann Arbor, MI 48103 | Misc. Hoop Building Parts; New Holland Utility Tractor; Brush Hog Brand Flail Mower; Misc. Fencing Parts. | 1011 Jones Rd., Howell, MI 48855 |

**15. Prior address of debtor**

None ☐  If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS<br>1011 Jones Rd,<br>Howell, MI  48855 | NAME USED<br>Chris Wyman | DATES OF OCCUPANCY<br>07/01/2009 to 05/01/2010 |
|---|---|---|

**16. Spouses and Former Spouses**

None ☒  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com
Best Case Bankruptcy

# STATE OF MICHIGAN

## CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | MODEL | BODY STYLE |
|---|---|---|---|---|
| 1GCHK24U24E255649 | 2004 | CHEVROLET | SILVERADO | PICKUP |

| TITLE NUMBER | ISSUE DATE | ODOMETER | BRAND/LEGEND |
|---|---|---|---|
| 230Z2240446 T | 08/15/2011 | 148625 | |

**WEIGHT/FEE CATEGORY**
26

**ODOMETER BRAND**
*ACTUAL MILEAGE

**OWNER(S) NAME AND ADDRESS**
CHRISTOPHER DAVID WYMAN
6241 GRAND RIVER RD
BRIGHTON MI 48114

NO SECURED INTEREST ON RECORD

## Title Assignment by Seller

State and federal laws require the sellers to indicate mileage when ownership is transferred. Failure to complete or providing false information may result in civil liability, fines and/or imprisonment. ANY ALTERATION, ERASURE, FORGERY OR FRAUD VOIDS THIS TITLE AND IS A CRIME.

**Completed by Seller**

I warrant that the ownership of the vehicle described on Certificate of Title has been transferred to the following purchaser(s) and is free of all previous liens.

| Printed Name of Purchaser(s) | | | Date of Sale | Selling Price |
|---|---|---|---|---|
| Purchaser's Street Address | City | State | | Zip |

I (we) certify that the odometer reading is [ ][ ][ ][ ][ ][ ] ⊠ (No Tenths) and that to the best of my knowledge the odometer mileage is

☐ actual mileage ☐ in excess of mechanical limits - WARNING ODOMETER DISCREPANCY ☐ exceeds mechanical limits of odometer (odometer has rolled over)

| Signature of Seller(s) X | | Printed Name of Seller(s) | | |
|---|---|---|---|---|
| Seller's Street Address | | City | State | Zip |

**Completed by Buyer**

A $15.00 Late Fee is Due for Failure to Apply for Title Within 15 Calendar Days of Date of Assignment

I (we) am/are aware of the above odometer certification made by the seller(s).

| Signature of Purchaser(s) X | Printed Name of Purchaser(s) |
|---|---|

NEW LIENHOLDER INFORMATION: The information below must be on an application for title and presented to the Michigan Department of State.

| Secured Party: | Address: |
|---|---|

The State of Michigan, Michigan Department of State certifies that this certificate of title is issued in compliance with the laws of Michigan and constitutes prima facie proof of ownership. Further, on the date of this issuance, the described vehicle was subject to the security interests listed above.

**MAILING ADDRESS**
CHRISTOPHER DAVID WYMAN
6241 GRAND RIVER RD
BRIGHTON MI 48114

**G71596555**

**"NOTICE TO SELLERS"**
Sellers must keep a receipt or photocopy of
the reassigned title for their records for 18
months or accompany the purchaser to a
Secretary of State Office.

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS**

EXHIBIT 1

1989 DRESSER TD7G TRACTOR   S/N 441002GK005163

1986 JCB 1400 B LOADER         S/N 14 BT 408632175

1999 JCB 1105 STEER LOADER   S/N SLP105SAXE 0804082

LOWE TRENCHER               S/N CD 02752

JOHN DEERE AUGER            S/N KRPAJ0X30036B

SKID STEER HYDRAULIC HAMMER    MODEL H 2XA

JOHN DEERE 790 TRACTOR    S/N LVG790G100431

*Crest Housing, Inc.*
6241 W. Grand River • Brighton, Mi 48114
(517)548-00001 fax (517)548-4546

October 16, 2003

## BILL OF SALE

In consideration of the sum of $1.00, the undersigned hereby sells, conveys and transfers the following items to DIANA KAYE GENTRY, to be delivered to 187 So Hughes Road, Howell, Mi, , on or before Oct, 18, 2003 free & clear of all leins and attachments. There is an exsisting blanket loin placed by First National Bank, 101 Grand River, Howell, Michigan on all items listed , with the exception of the Country Clipper mower and deck, which undersigned shall assume full responsibility for. Diana Kaye Gentry will assume the balance on an installement contract #01751001 with New Holland Credit, PO Box 7247-0170, Philadelphia, Pa which includes a lein on the Country Clipper mower & deck. All titles as applicable shall be signed over to Diana Kaye Gentry.

Country Clipper mower s/n#7893

Mower deck s/n#10107
2001 US Cargo trailer #4X4400H28110500
Lawn implements
    Pull cart (have)
    Roller
    Seeder
Weed whip (have)
Alluminum Break (have)
Scaffolding (have)
Power Washer (have)
Motar mixer (have)
tuster (have)
Gutter Machine & all inventory (have)
John Deere trictor,
2001 Jerr trailer #48XUL12171S0224
Implements:
    Finish mower
    Brush hog
    Blade' (have)
    York rake
    Box scrapper (have)
Jet skies & trailer (have)
Green trailer (have)
Laser transit

Set equipment (have)
Cement shools (have)

Complete set of Craftsman hand tools
    socket set, wrenches, screwdrivers,
    framing hammers, etc.)
1 bolt cutter
(2) 32' extension ladders
(1) each of lawn tools (barn shovel, shovel,
    landscape rake, etc)
(2) gas cans
(2) Kersone cans
Rolling measuring tape
Set equipment (have)
Cement shools (have)
Cement tools (have)
Concrete saw & cart
Compactor (Wacker Packer)
Commercial fan
2" trash pump
1 Hammer drill
Set of gutter tools
Propane heater & 30# tank
1 nail gun
Sears compressor
Circular saw
Sears 16 volt drill
Router
Siding stapler
Power paint sprayer
Pipe cutter
(2) pry bars)

CD WYMAN INC
_____
Christopher D. Wyman, President

_____
Christopher D. Wyman, Individually

State of Michigan
County of Livingston

DELORES A. GOSS
Notary Public Livingston County, Michigan
My Commission Expires October 14, 2006

On the 16 day of October               , 2003, personally appeared Christopher D. Wyman.

_Delores A. Goss_  Notary Public    My commission expires:  10-14-06

# EXHIBIT NO: 4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

    CHRISTOPHER D. WYMAN
         *Debtor(s),*

CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

\

MICHAEL A. MASON, US
BANKRUPTCY TRUSTEE
And STATE COURT JUDGMNT
CREDITOR BARBARA DUGGAN
               Plaintiffs

v.

ADVERSARY NO.12-03348

MICHELLE PICHLER, a/k/a MICHELLE GENTRY;
and, EDWARD LINCK
             Defendants.

\

TINDALL  LAW
Attorneys for Creditor B. DUGGAN
And TRUSTEE MICHAEL A. MASON
BY: MICHAEL E. TINDALL P29090
P.O, BOX 46564
MOUNT CLEMENS, MI  480436
(248) 250-8819
Direct Email: met@comcast.net

\

### STIPULATED CONSENT JUDGMENT WITHOUT COSTS

    In accordance with the Stipulation of Plaintiffs TRUSTEE MICHAEL A.
MASON and BARBARA DUGGAN, and DEFENDANT EDWARD LINCK, by and
through their respective counsel, pursuant to the terms of a certain SETTLEMENT
AGREEMENT for the satisfaction thereof executed by and between the parties,
**JUDGMENT** by **CONSENT** is hereby entered against DEFENDANT EDWARD
LINCK, without costs, and, by signature of counsel for TRUSTEE MASON, is hereby
acknowledged as fully satisfied.

Signed on June 25, 2014

                  /s/ Daniel S. Opperman
                  Daniel S. Opperman
                  United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
   CHRISTOPHER D. WYMAN
        *Debtor(s),*

_____ \

CASE NO. 12-32264
CHAPTER 7

CERTIFICATE OF SERVICE

The undersigned certifies that:

OBJECTION TO DE 292, SWEET FIRST AND FINAL APPLICATION FOR
ATTORNEY FEES

was served on SAMUEL D. SWEET and ELIE BEJJANI, on November 1 ,
2019 through the ECF filing system

/S/

MICHAEL E. TINDALL
Dated: 11/1/19          18530 MACK AVE., STE 430
                        DETROIT, MI   48236
                        (248)250-8819
                        **Direct Email: met@comcast.net**