UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION−FLINT

In re:

CHRISTOPHER D. WYMAN,

Debtor.

_____/

Case No. 12-32264

Chapter 7

Honorable Daniel S. Opperman

ORDER DENYING AMENDED MOTION TO MODIFY/ALTER/AMEND
OPINION/ORDER ON APPLICATION FOR PRE-APPROVED ATTORNEY FEES
OF SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 328(a), DOCKET NO. 285
AND FOR AMENDED OR ADDITIONAL PLEADINGS

On September 23, 2019, the Court entered an Opinion Regarding Application for Payment of Pre-Approved Attorney Fees of Special Counsel to Trustee Pursuant to 11 U.S.C. § 328(a). At the conclusion of this Opinion, the Court set a telephonic status conference for October 9, 2019, to discuss remaining issues in the case. Prior to that status conference, Michael Tindall filed the above-titled Motion on October 7, 2019, which was later amended on October 15, 2019 to properly attach a proposed order. In the Motion, Mr. Tindall asserts that the Court abused its discretion by making findings of fact without an evidentiary hearing and that the Court applied the incorrect legal standard because what is involved is a property right to a one-third contingency of the amount recovered, making the Court's analysis under 11 U.S.C. § 328 inappropriate. Mr. Tindall cites Federal Rules of Civil Procedure 59(e) and 52[1] and in support of his Motion.

Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the entry of the judgment." Here, the Court issued an Opinion at Docket No. 285, not an order or judgment. However, for purposes of proceeding with this matter, the Court will continue its analysis. Local Bankruptcy Rule 9024-1(b), applicable to motions filed

---

[1] Made applicable to this bankruptcy proceeding by Federal Rules of Bankruptcy Procedure 9023 and 7052, respectively.

pursuant to Rule 59(e), provides that no response may be filed and no oral argument scheduled unless the court orders otherwise. E.D. Mich. LBR 9024-1(b). "'Under this standard [of review], the . . . court's decision and decision-making process need only be reasonable.'" The granting of a Rule 59(e) motion "is an extraordinary remedy and should be used sparingly." This is because a motion pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Pequeno v. Schmidt (In re Pequeno)*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (internal citations and footnotes omitted). *See also Hansen v. Moore (In re Hansen)*, 368 B.R. 868 (B.A.P. 9th Cir. 2007).

    The Court decided the Application for Payment of Pre-Approved Attorney Fees as it did in the September 23, 2019 Opinion based upon the pleadings before it and the docket in this case. The Court also heard oral argument on August 29, 2019. Neither party requested an evidentiary hearing on the Application, nor would the Court have found such helpful. Based upon the record before it and after consideration of the oral argument of the parties, the Court first determined that the statute applicable to the request for attorney fees in the Motion before it was Section 328. The Court next determined that the one-third contingency fee was to be calculated on the undisputed amount of the sale proceeds of the 1011 Jones Road property. These findings and conclusions were reasonably made after consideration of the relevant pleadings, namely the application for employment of Mr. Tindall and related pleadings, as well as the pleadings and attached documents connected with the sale of the 1011 Jones Road property. No other document would have assisted the Court in reaching its conclusion as to these two issues. These preliminary findings as to the applicable statute for analysis and the appropriate amount upon which to base the one-third contingency were reasonably made and were not manifest errors of law or fact. Nor does Mr. Tindall propose to present newly discovered evidence on these issues. Rather, Mr. Tindall simply disagrees with the Court's conclusions on these issues. However, as discussed in the September 23, 2019 Opinion, further evidence is needed on the issue of what the final amount awarded to Mr. Tindall should be,

whether such be by additional pleadings and/or at an evidentiary hearing, as to "how much of the [net sale proceeds of] $65,607.98 was attributable to Mr. Tindall and to Mr. Sweet."

ACCORDINGLY, IT IS HEREBY ORDERED that the above-titled Motion DENIED.

**Signed on November 06, 2019**



/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge