UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

CHRISTOPHER D. WYMAN,

      Debtor.
_____/

Case No. 12-32264-dof
Chapter 7 Proceeding
Hon. Daniel S. Opperman

OPINION REGARDING TRUSTEE'S MOTION TO
DECLARE SECURED CLAIM SATISFIED AND LIEN RELEASED

      The Chapter 7 Trustee, Samuel Sweet, filed a Motion Deeming Claim No. 1 to be Satisfied because he caused $32,288.91 to be wired on behalf of the claimant, Barbara Duggan, who has partially assigned her claim to her former attorney, Michael Tindall. Mr. Sweet apparently thought that his payment completely satisfied Claim No. 1 and sought confirmation of that understanding from Elie Bejjani, the attorney for Ms. Duggan. When conflicting responses resulted, Mr. Sweet filed the instant Motion, to which Ms. Duggan and Mr. Tindall replied. The essence of their response is that because Ms. Duggan's claim is a secured claim by virtue of a judgment and a lien that was filed on property sold by Mr. Sweet, then Ms. Duggan is entitled to payment of her attorney fees. Both Ms. Duggan and Mr. Tindall also argue that the vehicle chosen by Mr. Sweet, a motion, is improper and that instead an adversary proceeding should be filed.

      The Court heard oral argument on December 17, 2019. In addition to the arguments raised in their pleadings, Mr. Sweet reported that the net sale proceeds from the property in question, 1011 Jones Road, Howell, Michigan, totaled $65,607.98 and that Livingston County was owed approximately $28,000 for tax liens that had a superior interest to that of Ms. Duggan. Mr. Sweet sought approval of this Court to subordinate the tax liens owed to Livingston County, and the Court approved that request by way of an Order dated May 6, 2019. Per Mr. Sweet's May 31,

1

2019 Report of Sale of 1011 Jones Road, Howell, Michigan, the total amount paid by the purchaser of that property was $65,607.98 with payment of $32,288.91 to pay Claim No. 1 and $31,877.64 for delinquent property taxes. The net amount left was $27.18. Mr. Sweet intimated at the December 17, 2019 hearing that to the extent that Ms. Duggan and Mr. Tindall were entitled to recover attorney fees, then their secured claim would only be $27.18 as required by 11 U.S.C. § 506.

## Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1) and E.D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (B) (allowance or disallowance of claims against the estate).

## Analysis

Ms. Duggan and Mr. Tindall are correct in that the type of relief requested by Mr. Sweet appears to be either in the form of an objection to claim or determination of claim which must be addressed in an adversary proceeding. Here, the amount available to Ms. Duggan and Mr. Tindall, $27.18, compels the Court to consider other means to bring this matter to a conclusion, all as required by Federal Rule of Bankruptcy Procedure 1001.

The Court has concluded that to resolve the procedural issues, the parties will have until January 24, 2020 to elect to have the $27.18 paid to Ms. Duggan's attorney, which represents the oversecured portion of Claim No. 1. In the event the parties do not make such an election by January 24, 2020, then the Clerk of the Court is directed to initiate an adversary proceeding by docketing the Motion Deeming Claim No. 1 to be Satisfied at Docket No. 302 as the Complaint and the Joint Objection of Ms. Duggan and Mr. Tindall found at Docket No. 305 as the Answer,

2

12-32264-dof    Doc 316    Filed 01/09/20    Entered 01/09/20 15:02:13    Page 2 of 3

as well as including Docket Nos. 311 and 313 on behalf of Mr. Sweet and Ms. Duggan and Mr. Tindall, respectively. If such an adversary proceeding is filed, the Court will grant Mr. Sweet leave to amend his pleadings by February 7, 2020 and then allow Ms. Duggan and Mr. Tindall until February 28, 2020 to file a responsive pleading. Any fee to initiate this adversary proceeding will be held in abeyance by the Court.

The Court will enter an Order consistent with this Opinion.

**Signed on January 9, 2020**



/s/ Daniel S. Opperman

**Daniel S. Opperman
United States Bankruptcy Judge**