UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
CHRISTOPHER D. WYMAN
*Debtor(s)*,

CASE NO. 12-32264
CHAPTER 7

_____\

### Fed. R. Bank. 3001(e)(2) NOTICE OF TRANSFER OF REMAINDER OF ALLOWED SECURED CLAIM

PLEASE TAKE NOTICE that allowed secured claimant, BARBARA DUGGAN ("Assignor"), pursuant to Fed. R. Bank. 3001(e)(2), which states as follows:

> "(2) *Transfer of Claim Other than for Security after Proof Filed.* If a claim other than one based on a publicly traded note, bond, or debenture **has been transferred** other than for security **after the proof of claim has been filed**, evidence of the transfer **shall be filed by the transferee.** The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 21 days of the mailing of the notice or within any additional time allowed by the court. If the alleged transferor files a timely objection and the court finds, after notice and a hearing, that the claim has been transferred other than for security, it shall enter an order substituting the transferee for the transferor. **If a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor.**

Has transferred/assigned the **remaining** fifty (50%) percent of the allowed secured claim dated and filed November 25, 2014, Claim No. 1, based on that certain AMENDED JUDGMENT DATED April 24, 2012, plus any and

all remaining claims for statutory interest, fees and costs, including her claim for post-petition attorney fees under 11 USC 506(b), including but not limited to:

(a) Claim for post-petition attorney fees incurred, as originally asserted in DE 305 in the amount of $32,240.34;

(b) Counter Claim for damages for waste and statutory and common law conversion, including double/triple damages, attorney fees and consequential damages, originally asserted in Adv. No. 19-03018, DE 15;

(c) Any and all claims/counterclaims arising therefrom, including but not limited to, BREACH OF FIDUCIARY DUTY against Trustee Sweet;

(d) All right title and interest in Case No **19-11756**, Easter District of Michigan, including all rights to trial by jury;

(e) All claims for sanctions, whether by statute or court rule, arising from or out of any of these proceedings.

whether now existing or hereafter arising out of or related to the collection or enforcement of the described secured PROOF OF CLAIM, and, any JUDGMENT based thereon or arising therefrom to MICHAEL E. TINDALL ("Assignee").

Respectfully Submitted,

Dated: 1/6/20

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
CHRISTOPHER D. WYMAN
*Debtor(s),*

CASE NO. 12-32264

CHAPTER 7

_____\\

## ELECTION FOR ADVERSARY PROCEEDING AND JURY TRIAL REGARDING POST PETITION ATTORNEY FEES DUE PURSUANT TO 11 USC 506(b) AS ORDERED BY THIS COURT, DE 317 AND 316

Now comes Assignee MICHAEL E. TINDALL, in pro per, pursuant to FED. R. BANK 3001(e) (2) NOTICE OF TRANSFER OF REMAINDER OF ALLOWED SECURED CLAIM, filed simultaneously herewith, "hereinafter Claimant", and for the JOINT ELECTION ordered by this Court, DE 317,316 filed January 9, 2020 state:

1. On January 9, 2020, this Court issued its OPINION, DE 316 and subsequent ORDER, DE 317, determining the legal issue that the subject claim is an "over secured" claim under 11 USC 506(b) and directing the parties to "elect" between payment of $27.18, or, the adversary proceeding required by Fed R. Bank. P. 7001(1), (2) and/or (9) for the proper determination of an affirmative claim of "promissory estoppel" improperly asserted by Trustee Sweet – as a defense – in DE 311.

2. In so doing, DE 316 incorrectly recites the "amount available" as being $27.18. DE 316, PP 2, **"which represents the over secured portion of Claim No. 1."**

3. For the reasons, both factual and legal, set forth in DE 315, dated December 19, 2019, and, DE 395, Nos. 6,7,8,9 and 10, the "amount" of the post-petition attorney fees to be added on to the now declared "over secured" Claim No. 1 is a factual issue to be determined by the jury in the required adversary proceeding.

4. Therefore, Assignee elects the adversary proceeding required by Rule 7001; affirmatively states such proceeding is a Core proceeding; and, demands a trial by jury of all claims and defenses, as set forth in DE 305.

Respectfully Submitted,

/s/

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated: 1/16/20

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:
CHRISTOPHER D. WYMAN
*Debtor(s),*

_____\

CASE NO. 12-32264
CHAPTER 7

## CERTIFICATE OF SERVICE

The undersigned certify that:

**1. FED R. BANK 3001(e)(2) NOTICE OF TRANSFER OF REMAINDER OF ALLOWED SECURED CLAIM; and,**

**2. ELECTION OF ADVERSARY PROCEEDING AND JURY TRIAL REGARDING POST-PETITION ATTORNEY FEES DUE PURSUANT TO 11 USC 506(b), AS ORDERED BY THIS COURT, DE 317,316**

were served on Plaintiff SAMUEL D. SWEET, Trustee and ELIE BEJJANI, counsel for BARBARA DUGGAN on January 16, 2020 through the ECF System.

Dated: 1/16/20

/S/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**