UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

CHRISTOPHER D. WYMAN,
Debtor.
_____/

Case No. 12-32264-dof
Chapter 7 Proceeding
Hon. Daniel S. Opperman

OPINION REGARDING FIRST AND FINAL FEE APPLICATION
OF ATTORNEY FOR TRUSTEE, SAMUEL D. SWEET

Samuel D. Sweet, the Chapter 7 Trustee in this case, filed an Application with this Court seeking $22,175 in attorney fees and $181 in expenses as the attorney for the estate. Michael Tindall, the former attorney for the Trustee and now in his position as a creditor, filed an Objection to this Application and raises a preliminary issue as to whether Mr. Sweet has standing to apply for these fees and expenses. The Court heard oral argument on December 17, 2019 and took this matter under advisement.

Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1) and E. D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (B) (allowance or disallowance of claims against the estate).

Findings of Fact

Michael Mason was originally appointed the Chapter 7 Trustee in this case, and he filed an Affidavit seeking to employ his firm as an attorney for the estate on May 30, 2012. Subsequently, Michael Tindall and The Tindall Law Firm were appointed as special counsel for the estate. Mr. Mason subsequently retired in August 2014 and Mr. Sweet was appointed as the successor Chapter 7 Trustee. On November 17, 2014, Mr. Sweet filed the following Affidavit:

1

## AFFIDAVIT OF DISINTERESTEDNESS

STATE OF MICHIGAN )
                                  )SS.
COUNTY OF OAKLAND )

       Samuel D. Sweet, being fully duly sworn says that he is an attorney and that he is authorized to make this Affidavit, that he has never been employed by or had any connection with the Debtor(s), Debtor's(s') creditors or any other party in interest, their respective attorney, accountants or the U.S. Trustee, except Mr. Samuel D. Sweet was employed as a law clerk by the Office of the United States Trustee during 1991 and 1992; that he has no interest adverse to the Debtor(s), the creditors or the estate; that he is a disinterested person as defined by 11 U.S.C. § 101(14), and that he knows no reason why they should not act as counsel for the Trustee.

       Samuel D. Sweet, in his capacity as Trustee of this bankruptcy estate, has requested that Samuel D. Sweet act as his attorney in this matter. Hourly rates as follows:

                       Samuel Sweet        $250.00

Any direct out of pocket costs will be charged to the estate. Copies will be charged at $.20 per page, facsimile transmission at $.50 per page. Samuel D. Sweet will not be paid any fees or costs without prior Court's approval, as required by 11 U.S.C. § 331.

BY: /s/ Samuel D. Sweet
Samuel D. Sweet (P48668)
P. O. Box 757
Ortonville, MI 48462-0757
(248) 236-0985

Mr. Tindall, as the attorney for the estate, received electronic notice of Mr. Sweet's filing and did not file an objection until recently.

Sometime later, in 2017, Mr. Tindall was disbarred and he delivered his files to Mr. Sweet. At that time, there were five pending adversary proceedings, as well as other motions requiring legal attention. As Mr. Sweet stated on December 17, 2019, he inquired of other potential counsel to represent him and none indicated willingness to do so and he was left with the task of liquidating this estate for the benefit of creditors. Thereafter, Mr. Sweet did take certain actions such that real

2

property was sold, a secured claim was paid, and approximately $32,288.91 is now in Mr. Sweet's hands for payment of administrative claims. Mr. Tindall, as the prior attorney for the estate, contends that he is entitled to payment from these funds. Mr. Sweet, by virtue of his Application for Fees, likewise makes a claim to these funds.

Mr. Tindall argues that Mr. Sweet does not have standing because he was not properly appointed as the attorney for the estate. Specifically, Mr. Tindall argues that Mr. Sweet did not file a separate application for employment with notice and opportunity to respond.[1] Further, Mr. Tindall argues that Mr. Sweet's Affidavit does not satisfy the requirements of 11 U.S.C. § 327(d), requiring him to act in the "best interest of the estate." Moreover, Mr. Tindall also asserts that the fees for services performed by Mr. Sweet for estate should be disallowed because Mr. Sweet did nothing to benefit the estate, and even if he did, such were an unnecessary duplication of services of those services of himself as special counsel. Further, Mr. Tindall asserts that the fees requested are unreasonable as a whole, without specifically addressing separate time entries of Mr. Sweet. Finally, Mr. Tindall argues that all of Mr. Sweet's requested fees did not benefit the estate because such relate to matters for which Mr. Tindall rendered services as attorney for the estate and had brought to conclusion successfully.

<u>Applicable Authorities</u>

11 U.S.C. § 327(a) and (d) state:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

---

[1] This argument was fleshed out at oral argument and pieced together after review of that hearing, which implied that all applications require notice, and by extension, an opportunity to object. Mr. Tindall did not cite any statute or rule requiring notice and an opportunity for hearing. The Court will not address this argument because a cursory review of the docket in this case reveals that Mr. Tindall did not give such notice and opportunity to respond to his application to employ, so his employment could similarly be challenged.

> . . .
>
> (d) The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate.

Federal Rule of Bankruptcy Procedure 2014(a) states:

> (a) **Application for and Order of Employment.** An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Local Bankruptcy Rule 2014(c) states:

> (c) Appointing Chapter 7 Trustee As Attorney. Unless the trustee is also a creditor in the case, whenever a chapter 7 panel trustee seeks to be appointed as trustee's attorney, an order appointing that person as attorney will be deemed to have been entered without the formal entry of an order, effective upon the filing of the verified statement required by the last sentence in F.R.Bankr.P. 2014(a).

<u>Analysis</u>

Mr. Tindall argues that the Local Rule is inconsistent with Bankruptcy Rule 2014 and that Mr. Sweet was never authorized to act as the attorney for the estate. As Rule 2014 states, its basis comes out of Section 327 of the Bankruptcy Code. Section 327 allows for the employment of professional persons under subsection (a), but also authorizes the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate. Subsection (d)

4

allows for the Trustee to act as an attorney, as opposed to subsection (a), which allows for an individual to be employed by an attorney.

Turning to Rule 2014, reference is made to the approval of the employment of an attorney, but there is no mention as to acting as an attorney. Mr. Sweet's Affidavit says as much when he indicates that he knows of no reason why he should not act as counsel for the Trustee. Further, his Affidavit is consistent with Section 327 wherein he states that he is authorized to make the Affidavit and that he wishes to act as counsel for the Trustee in two separate places.

As further comfort, Local Rule 2014 virtually mirrors Bankruptcy Rule 2014 with the exception that the Local Rule construes the instant situation to not require a specific order but instead deems that an order is entered when the trustee files a paper to be appointed as an attorney. Again, Section 327(d) does not require an order. Moreover, Rule 2014 does not specifically state that a separate order needs to be entered and, to that fact, does not even require that two separate papers, that is an application and a verification, be filed with the Court. At oral argument, Mr. Tindall made much of the point that no notice was given to any party that Mr. Sweet sought to act as his own attorney. A review of the electronic filing notice in the Court's docket indicates that Mr. Tindall received multiple notifications of the filing of Mr. Sweet's Affidavit when it was filed in November 2014.

To the extent that someone is concerned that due process was not given to the parties, the electronic notice of Mr. Sweet's Affidavit was given and that is sufficient notice under the electronic procedures of this Court. Specifically, ECF Procedure No. 12(a), states that "transmission from the Court to the Filer or User of the "Notice of Electronic Filing" of a Paper constitutes notice and service of the filed Paper upon that Filer or User."

5

12-32264-dof    Doc 324    Filed 01/28/20    Entered 01/28/20 11:20:21    Page 5 of 7

Mr. Tindall also makes much of the supposed difference between the Local Rule and the Bankruptcy Rule and rightfully argues that the Local Rule cannot be in conflict with the Bankruptcy Rule. Here it is not. First, the Affidavit filed by Mr. Sweet meets the requirements of Rule 2014(a) even when that section arguably does not apply. Second, Bankruptcy Rule 2014 does not clearly state that a separate application and verified statement must exist. The Rule uses the word "accompany" but there is nothing in the Rule that indicates that these two concepts must be placed in separate papers.

Instead, this Court reads Local Rule 2014 in harmony with Bankruptcy Ruel 2014 to allow for Mr. Sweet to act as the attorney for the estate upon the filing of a verification as required by Rule 2014. Mr. Tindall's arguments, while innovative, do not convince this Court that Mr. Sweet was improperly acting as his own attorney either under Section 327(d), 327(a), Bankruptcy Rule 2014, or Local Bankruptcy Rule 2014-1.

At the December 17, 2019 hearing, Mr. Tindall focused primarily on the lack of standing of Mr. Sweet which this Court finds to be unpersuasive. Mr. Tindall did also however indicate that he had concerns about the merits of Mr. Sweet's fee application. The Court inquired as to whether Mr. Tindall had detailed those concerns on an entry-by-entry basis and Mr. Tindall admitted that he had not. In order to allow Mr. Tindall a full and complete opportunity to object to the merits in Mr. Sweet's fee application, the Court will allow Mr. Tindall to file an amended objection by February 14, 2020.

## Conclusion

For the reasons stated in this Opinion, the Court concludes that Mr. Sweet has standing to seek attorney fees as set forth in his Application. The Court will allow Mr. Tindall until February 14, 2020 to file an amended objection to Mr. Sweet's fees. Thereafter, the Court will consider any additional pleadings and then determine if an evidentiary hearing is needed.

**Not for Publication**

**Signed on January 28, 2020**



/s/ Daniel S. Opperman

Daniel S. Opperman
United States Bankruptcy Judge