UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
CHRISTOPHER D. WYMAN
*Debtor(s),*

CASE NO. 12-32264

CHAPTER 7

_____\

## RESPONSE TO OPINION, DE 324

MICHAEL E. TINDALL, Assignee of all [100%] claims of BARBARA DUGGAN, and a party in interest, files the following RESPONSE to this Court's invitation to file "an amended objection" to Trustee Sweet's APPLICATION for attorney fees as attorney for the estate.

1. On October 30, 2019, Trustee Sweet filed his APPLICATION for $22,175 in attorney fees, alleging valid appointment as attorney for Trustee under Section 330. DE 291.

2. On November 1, 2019, the undersigned – previous counsel for Trustee appointed by Order of this Court - filed a comprehensive OBJECTION to the APPLICATION, DE 293, setting forth numerous factual and legal objections to the APPLICATION in significant detail, with appropriate Exhibits.

    A. DE 293 by no means sets forth the entirety of the facts and law demonstrating that Trustee Sweet's APPLICATION must be denied, and, is far more than the undersigned is obligated to provide in making such an objection.

3. This Court conducted oral argument on December 17, 2019, during which the undersigned – repeatedly - stated, on the record:

   A. That the sole burden of proof in this matter is on Trustee Sweet;

   B. That the undersigned carries NO burden whatsoever, including objecting to specific entries, or, identifying defects in the APPLICATION; and,

   C. That Trustee Sweet's Application – including its Exhibits - was BOTH defective [for the various factual and legal reasons set forth in the OBJECTION], and, Trustee Sweet's APPLICATION had failed to carry his burden of proof, as imposed by Section 330.

4. *11 USC 330(a)(1)* states, in relevant part:

   "(a) (1) ...subject to section ... 328 the court may award to ... **a professional person employed under section 327**

   (A)**reasonable** compensation for ... **necessary** services rendered by the <u>attorney</u> ..."

5. *11 USC 330(a)(4)(A)* states, in relevant part:

   "(4) (A) Except as provided in subparagraph (B), **the court shall not allow compensation** for—

   (i) **unnecessary duplication of services**; or

   (ii) **services that were not—**

   (I) reasonably likely to <u>benefit the debtor's estate</u>; or

   (II) <u>**necessary**</u> **to the administration of the case.**"

6. The payment of attorneys **who are appointed pursuant to 11 U.S.C. § 327 is governed by 11 U.S.C. § 330[.]**" *Dery v. Cumberland Casualty & Surety Co. (In re 5900 Associates, Inc.), 468 F.3d 326, 329 (6th Cir. 2006).* The burden of proof on all requirements for approval, under Section 330, is on the professional requesting compensation for his or her services from the bankruptcy estate. *In re Sharp, 367 B.R. 582, 585 (Bankr. E.D. Mich. 2007) (citing In re New Boston Coke Corp., 299 B.R. 432 (Bankr. E.D. Mich. 2003).* That burden must be met by a preponderance of the evidence following discovery and trial. *In re Ulrich, 517 B.R. 77, 80 (Bankr.E.D.Mich.2014)*( **A professional seeking approval of fees and expenses bears the burden of proof by a preponderance of the evidence**); *Baker Botts LLP v. ASARCO LLC, 135 S. Ct. 2158, 2163 (2015)*(**ASARCO, controlled once again by its parent company, challenged the compensation requested in the applications. After extensive discovery and a 6-day trial on fees, the Bankruptcy Court rejected ASARCO's objections...**)

7. This burden is not to be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors or use by debtor. *In re Ulrich, at 80 (quoting In re Pettibone Corp., 74 B.R. 293, 299 (Bankr. N.D. Ill. 1987)).*

8. The party seeking approval also "**has the burden of proving that his claim constitutes an administrative expense.**" *McMillan v. LTV Steel, Inc., 555 F.3d 218, 226 (6th Cir.2009) (citing In re White Motor Corp., 831 F.2d 106, 110 (6th Cir.1987)).* The

claimed expense must have been an "actual" cost that is "necessary" to the "preservation" of the estate. *See In re Patch Graphics, 58 B.R. at 745 (citing In re Club Dev. & Mgmt. Corp., 27 B.R. 610, 612 (9th Cir.BAP1982))* ("An **administrative expense may not be allowed <u>absent a finding</u> that the expense is <u>necessary</u> for preserving the estate.**"). *In re HNRC Dissolution Co., 371 B.R. 210, 225-26 (E.D.Ky.2007), aff'd, 536 F.3d 683 (6th Cir.2008) (per curiam), cert. denied, ___ U.S. ___, 129 S.Ct. 2866, 174 L.Ed.2d 578 (2009).*

9. For the reasons above stated, the undersigned respectfully declines this Court's invitation to narrow the issues to specific "defective" entries; and/or, assume all or part of the burden of proof to otherwise be satisfied by Trustee Sweet.

Respectfully Submitted,

/S/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: <u>met@comcast.net</u>**

Dated: 2/07/20

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
CHRISTOPHER D. WYMAN
*Debtor(s),*

_____\\

CASE NO. 12-32264
CHAPTER 7

## CERTIFICATE OF SERVICE

The undersigned certifies that:

**RESPONSE TO OPINION, DE 324**

were served on SAMUEL D. SWEET, Trustee on February 7, 2020 through the ECF filing system

Dated: 2/07/20

/s/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**