**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**IN RE:**
**CHRISTOPHER D. WYMAN**
***Debtor(s),***

**CASE NO. 12-32264**

**CHAPTER 7**

**________________________________**

# COMBINED MOTION AND BRIEF TO VACATE VOID INTERLOCUTORY ORDER PUPORTING TO SUBORDINATE MICHIGAN AD-VALOREM REAL ESTATE TAXES UNDER 11 USC 724 DUE TO LACK OF JUDICIAL POWER AND FRAUD

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter collectively "allowed secured claim"), moves pursuant to FRCP 54(b), made applicable to bankruptcy by Fed. R. Bank. 7054, to vacate this Court's interlocutory Order, DE 244, dated May 16, 2019, for the reason that, as more fully set forth below, the Order is absolutely void as it directly violates the express terms of *11 USC 724*, and, therefore, exceeds this Court's judicial power under the applicable statute.

1. A motion, under FRCP *54(b) is proper* if it calls to the Court's attention controlling authority that was overlooked or disregarded in the original ruling.

## A. APPLICABLE MOTION STANDARD:

1. *FRCP 54(b)* provides:

> "…**any order or other decision**, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties **and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities**."[1]

A party moving to revise an interlocutory order must demonstrate: "(1) an intervening change of controlling law; (2) new evidence available; **or** (3) **a need to correct a clear error** or prevent manifest injustice."[2]

2. On March 20, 2019, Trustee Sweet filed a MOTION FOR SUBORDINATION OF TAX LIENS, DE 221.

3. On the date Sweet filed DE 221, *11 USC 724(b)* provided in pertinent part:

> "(b) Property in which the estate has an interest **and** that is subject to a lien that is not avoidable under this title (**other than to the extent that there is a properly perfected unavoidable tax lien arising in connection with an ad valorem tax on real or personal property of the estate**) and that **secures an allowed claim for a tax**, or proceeds of such property, shall be distributed—"

4. On the date Sweet filed DE221, he had actual knowledge:

A. That Michigan real property taxes are "ad-valorem" taxes.

---

[1] *Fed. R. Civ. P. 54(b) (emphases added); In re Life Investors Ins. Co. of Am., 589 F.3d 319, 326 n. 6 (6th Cir. 2009), citing, Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed.Appx. 949, 959 (6th Cir.2004); Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir.1991)).*

[2] *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009);Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004)*; *Tenn. Protection & Advocacy, Inc. v. Wells, 371 F.3d 342, 348 (6th Cir. 2004).*

B. That “ad-valorem” taxes may **NOT** be subordinated under *11 USC 724.*

C. That the prohibition against subordinating “ad-valorem” property taxes has existed for 15 years, since 2005.

D. That no secured claim had been filed, allowed or existed in the Claims Register of this case for real property taxes.

5. Nevertheless and despite this actual knowledge, Sweet signed and filed DE 221, falsely and fraudulently representing that such a secured claim existed and could lawfully be subordinated under *11 USC 724.*

6. On May 6, 2019, this Court entered its Order, Case No 12-32264, DE 244, illegally subordinating real property tax liens for “ad-valorem” taxes, in the amount of $31,877.64, for which no “claim” existed in the Claims Register, as required by *11 USC 502*; no secured claim had been allowed, as required by *11 USC 506*; to administration expenses in this case “**pursuant to Section 724 of the Bankruptcy Code**”.

7. An order to subordinate tax liens under Section 724 is and remains an interlocutory order until distribution of the amounts subordinated is made. *In re K.C. MACHINE & TOOL COMPANY, 816 F.2d 238 (6TH CIR 1987); In re Darnell, 834 F. 2d 1263 (6th Circuit 1987).*

*8.* A bankruptcy Court has no judicial power to enter an order that exceeds the statutory and/or equitable boundaries of the applicable statute. Any such order entered is void. *Law v. Siegel, ___ U.S. ___, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014), (*"**[i]t is hornbook law" that bankruptcy courts cannot "override explicit mandates of other sections of the Bankruptcy Code." at 1194**) (**the bankruptcy court exceeded its inherent powers and violated the Code.** ***Id.*** **at 1195**.); *In re Baker, 791 F. 3d 677 (6th Cir 2015)* (**Law v. Siegel limits the power of the Bankruptcy Court).**

9. Entry of an order that exceeds the judicial power of the entering court is an abuse of discretion. *IN RE UNIVERSITY OF MICHIGAN, 936 F. 3d 460, 462-463 (6th Cir 2019)* (federal **courts <u>may only</u> act if they have power to do so. And they only have power if Congress or the Constitution so provides. <u>When courts act beyond that power</u>, as the district judge did here, <u>they abuse their discretion</u>); (Thus, courts must look to Congress for delegations of power and <u>may not</u> expand those delegations "by judicial decree."** ***Kokkonen v. Guardian Life Ins. Co. of Am.,*** **511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) … Any power a lower federal court exercises <u>must</u> have some basis in either an act of Congress or the Constitution. Otherwise, <u>it has no basis in law</u>**.); *US v. Tolliver, 949 F. 3d 244, 250 (6th Cir 2020)* (**Judges should interpret the law—we shouldn't redline Congress's work. Indeed, when judges rewrite the words agreed upon by Congress and the President, we <u>aggrandize our power beyond its limits</u>**.)

10. Fifteen (15) years ago, Congress enacted *119 STAT. 124, PUBLIC LAW 109–8, Title VII, Sec 701, APR. 20, 2005, Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA),* amending section 724(b)(1) to provide that tax liens arising in connection with **<u>ad valorem taxes</u>** will **<u>not</u>** be subordinated under Section 724. Section 724(f) confirms this exclusion "**Notwithstanding the exclusion of ad valorem tax liens under this section…"** Therefore, (a) Sweet's Motion, DE 221, constitutes knowing and intentional fraud; and, (2) this Court's order, DE 244, is an abuse of discretion and absolutely void.

Wherefore, Claimant respectfully requests this Court vacate DE 244 as void.

Respectfully Submitted,

__/S/_MICHAEL E. TINDALL____
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated: 10/9/20

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**IN RE:**
**CHRISTOPHER D. WYMAN**
***Debtor(s),***

______________________________\

**CASE NO. 12-32264**
**CHAPTER 7**

**ORDER**

This matter having come before this Court on Claimant's

**COMBINED MOTION AND BRIEF TO VACATE VOID INTERLOCUTORY ORDER PUPORTING TO SUBORDINATE MICHIGAN AD-VALOREM REAL ESTATE TAXES UNDER 11 USC 724 DUE TO LACK OF JUDICIAL POWER AND FRAUD**

and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED** that the MOTION TO VACATE be and it hereby is GRANTED, with prejudice.

IT IS FURTHER ORDERED that DE 244 is hereby declared void for lack of judicial power and fraud.

**IT IS FURTHER ORDERED** that Trustee Sweet immediately distribute all remaining proceeds from the sale of 1011 Jones Rd., Howell MI in immediately available funds to Claimant MICHAEL E. TINDALL.

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

**In re:**

**CHRISTOPHER D. WYMAN**

**Chapter: 7**

**Case No.: 12-32264**

**Debtor(s) /**

**Judge: D. S. OPPERMAN**

**NOTICE OF MOTION**

Petitioner has filed papers with the court to: TO VACATE VOID ORDER SUBORDINATING AD-VALOREM PROPERTY TAXES UNDER 11 USC 724

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Motion or if you want the court to consider your views on the motion, within 14 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
111 1st St, Bay City, MI
BAY CITY, MI 48708-5601

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

**MICHAEL E. TINDALL 18530 MACK AVE., STE 430, DETROIT MI 48236**
**SAMUEL D. SWEET, TRUSTEE, PO BOX 757, ORTONVILLE MI 48462**

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Date: 10/11/20

Signature: /S/ MICHAEL E. TINDALL
Name: MICHAEL E. TINDALL, in pro per
Address: 18530 MACK AVE., STE 430
DETROIT, MI 48236
(248) 250-8819

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**IN RE:**
**CHRISTOPHER D. WYMAN**
***Debtor(s),***

**______________________________**

**CASE NO. 12-32264**
**CHAPTER 7**

**CERTIFICATE OF SERVICE**
**(Modified for PEDUP)**

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter collectively "allowed secured claim"), certifies that Claimant/Defendant/Counter Plaintiff's FRCP 54 MOTION TO VACATE VOID ORDER SUBORDINATING ADVALOREM PROPERTY TAXES UNDER 11 USC 724 was submitted for filing through the PEDUP program on October 11, 2020 and will be served on Plaintiff Trustee Sweet through the Court's ECF System on the date and at the time so filed by the Clerk.

Respectfully Submitted,

Dated: 10/11/20

_/S/_MICHAEL E. TINDALL_
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email:** met@comcast.net