UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

CHRISTOPHER D. WYMAN,      Case No. 12-32264
    Chapter 7 Proceeding
Debtor.     Hon. Daniel S. Opperman
_____/

## OPINION AND ORDER DENYING INTERESTED PARTY MICHAEL TINDALL'S MOTION TO VACATE ORDER GRANTING TRUSTEE'S MOTION FOR SUBORDINATION OF TAX LIENS DATED MAY 6, 2019 (DOCKET NO. 244)

On May 6, 2019, the Court entered the following Order:

ORDER GRANTING TRUSTEE'S MOTION FOR
SUBORDINATION OF TAX LIENS

This matter having come before this Honorable Court based upon the Trustee's Motion for Subordination of Tax Liens; no objections having been filed to the Trustee's Motion; or any filed objection having been resolved; notice having been provided properly, pursuant to Rule 2002 and 9019 of the Federal Rules of Bankruptcy Procedures; and the Court being fully advised in the premises;
IT IS HEREBY ORDERED that pursuant to Section 724 of the Bankruptcy Code the tax liens relative to the property located at 1011 Jones Road, Howell, Michigan, shall be and are hereby subordinated to the costs of administration herein.

("Subordination Order").

Interested Party Michael Tindall, as assignee of the claims of Barbara Duggan, files this Motion to vacate the Subordination Order, asserting that such is an interlocutory order which should be set aside under Federal Rule of Civil Procedure 54(b), made applicable to this contested matter pursuant to Federal Rules of Bankruptcy Procedure 7054 and 9014(c). Specifically, Mr. Tindall argues that the Subordination Order should be set aside to correct a

1

clear error of law because under 11 U.S.C. § 724, ad valorem property taxes may not be subordinated, making this Order void as a matter of law.

The Chapter 7 Trustee, Samuel Sweet, objects, asserting that the taxing authority at issue, Livingston County, consented to the subordination of its tax claims and liens, attaching his own, sworn Affidavit to that effect. This Affidavit states that he "did talk on the telephone with the Attorney for Livingston County whereby said Attorney provided that they consented to the subordination of their tax liens relative to the administration of this estate." The Trustee also raises the issue of Mr. Tindall's standing to bring this Motion. The Trustee asserts that if the tax lien had not been subordinated, Mr. Tindall would not have been paid anything because these funds would not have been subject to Mr. Tindall's lien.

Mr. Tindall filed a reply to the Trustee's Response, arguing that the Trustee's Affidavit should be disregarded as inadmissible hearsay, and that the Trustee ignores his lack of authority under Section 724(b) to subordinate this tax lien. He also argues the because Livingston County did not file a claim in this case it should not be paid.

Rule 54(b) states:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief - whether as a claim, counterclaim, crossclaim, or third-party claim - or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is not just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Section 724(b) provides that liens may not be subordinated other than under the priority specified in that section and further defines how and when a trustee may subordinate a tax lien. Specifically, subsection (e) of Section 724 defines how and when a trustee may subordinate a tax lien:

2

(e) Before subordinating a tax lien on real or personal property of the estate, the trustee shall—
(1) exhaust the unencumbered assets of the estate; and
(2) in a manner consistent with section 506(c), recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving or disposing of such property.

At the hearing on this Motion, the parties reiterated their respective positions. At the parties' request, the Court allowed for supplemental pleadings to be filed, which the Court has considered. Notably, the Trustee attaches the sworn Affidavit of Jennifer Nash, the Livingston County Treasurer, which states that she "concurred with" the "Motion to Sell and subordinate tax liens to the cost of administering the Property." Ms. Nash's Affidavit further states that the Livingston County Treasurer continues to be owed $36,539.93 if paid by April 30, 2021, and that "the liens were transferred to the proceeds of the sale," and that the "Trustee holds the funds subject to the lien of the Livingston County Treasurer."

The issue of Mr. Tindall's standing must be decided first. even if the Subordination Order is set aside, this would mean Livingston County would be paid, not Mr. Tindall; thus, Mr. Tindall has no standing to ask that the Subordination Order be set aside.

In order to demonstrate standing generally, a party must meet three elements:

(1) actual or threatened injury resulting from the conduct or action of another;

(2) an injury which can be traced to the challenged conduct or action; and

(3) the injury may be redressed by a favorable decision by the court.

*In re Cormier*, 382 B.R. 377, 410 (Bankr. W.D. Mich. 2008).

Mr. Tindall's claimed injury is not having his lien paid from the sale proceeds. This injury did not result from the Trustee and the Subordination Order because setting aside this Order, the only possible redress of this injury asserted by Mr. Tindall, would result in Livingston County being paid the full amount of the taxes owed from the sale proceeds and Mr. Tindall receiving nothing.

Even if Mr. Tindall did have standing, parties can always enter into agreements not otherwise prohibited by law. This would include the ability of bankruptcy trustees and taxing authorities to consent to change or subordinate the priority status of liens. The consent of Livingston County to subordinate is now affirmatively documented on the record in this case. This consent addresses Mr. Tindall's statutory concern because Livingston County consented to subordination of the taxes. While the Bankruptcy Code does protect the rights of parties, parties may elect to not assert those rights. Here, Livingston County did exactly that and this Court sees no reason to second guess that decision. Moreover, it is not this Court's role to oversee Livingston County. The Trustee acted pursuant to his duties in compliance with the Bankruptcy Code and rules to negotiate and obtain the agreement of Livingston County to subordinate its tax liens.

WHEREFORE, IT IS HEREBY ORDERED that Interested Party Michael Tindall's above-titled Motion is DENIED.

**Signed on September 20, 2021**



/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**