UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,
Debtor.
_____/

Case No. 12-32264-dof
Chapter 7 Proceeding
Hon. Daniel S. Opperman

OPINION ALLOWING CERTAIN
ATTORNEY FEES AND COSTS OF SAMUEL D. SWEET, PLC

Introduction

Counsel for the Chapter 7 Trustee filed an Application for Fees of $22,175 and costs of $181. Michael Tindall objected to these fees and costs. For the reasons stated in this Opinion, the Court awards $21,800 in fees and $181 of costs.

Facts

Michael A. Mason was originally appointed the Chapter 7 Trustee in this case, but he retired and Samuel D. Sweet was appointed as the successor trustee. He retained his office as counsel and proceeded to investigate the Debtor's assets and arranged the sale of those assets, resulting in the receipt of over $65,000 for the estate. Mr. Tindall, as an attorney and subsequently on his own behalf after he was disbarred, filed objections to the Trustee's actions. Mr. Tindall, before being disbarred on September 20, 2017, initiated an adversary proceeding on behalf of Mr. Mason but was unable to complete this action. Mr. Sweet did negotiate a resolution, but Mr. Tindall was dissatisfied with this result and raised objections to many actions of the Trustee.

The most recent objection was to the Fee Application of Samuel D. Sweet, PLC ("Sweet"), seeking fees of $22,175 and costs of $181. The Court overruled Mr. Tindall's objection by way of an Opinion and Order dated January 28, 2020, but allowed Mr. Tindall an opportunity to amend his objection to detail his orally expressed concerns about Sweet's services, preferably on a line-

1

by-line basis. To date, Mr. Tindall has not filed any such supplement or amendment other than to indicate that the burden of proof is on Sweet.

The Court has engaged its own independent analysis that it applies for every fee application and concludes that no further hearings are necessary.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Discussion of Authorities

Section 330 provides the starting point for Court consideration of fee applications, stating that the Court may award "reasonable compensation for actual, necessary services rendered . . . ." and may award "reimbursement for actual necessary expenses." Initially, Section 330(a)(3) provides, in relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Section 330(a)(4) prohibits the Court from allowing compensation for:

> (i) unnecessary duplication of services; or

(ii) services that were not–
  (I) reasonably likely to benefit the debtor's estate; or
  (II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

## Analysis

Initially, the Court notes it reviews thousands of fee applications for professionals annually in Chapter 7, 11, 12 and 13 cases. In doing so, the Court has experience in analyzing the appropriate hourly rate, as well as the services needed to represent a Chapter 7 Trustee.

The Court starts with Sweet's hourly rate of $250, which is near the lower end of hourly rates for attorneys. The lowest rate the Court has reviewed is $195 per hour; the highest is $400 per hour for Chapter 7 Trustee cases. The Court finds the $250 per hour as a reasonable hourly rate for an attorney such as Sweet, who has practiced law for decades and specialized in Chapter 7 cases for many of those years.

Turning to the hours expended, the Court has carefully reviewed the Fee Application and finds that most entries describe services classically performed by an attorney – attending hearings,

3

meeting with counsel, drafting and modifying pleadings and documents, and conferring with pro se individuals.

Also, the amount of time expended for each service is consistent with what this Court would expect to see in this case, especially in comparison with other Chapter 7 cases.

Three entries deserve mention because each do not necessarily fit what the Court would expect in a Chapter 7 case. First, Sweet reported a service on March 6, 2018 of 1 hour with the description "Calculate amount needed to pay creditors in full". While this information may be useful, an attorney need not perform this service. Likewise, the April 12, 2018 entry of .5 hours "Estimate cost of repairs for property" strikes the Court as a service the Trustee, not his attorney, should provide. The Court will not award 1.5 hours and reduces the award by $375 (1.5 hours x $250).

In contrast, the May 29, 2019 entry of "Attend closing on Jones Road property" of 2 hours is appropriate, especially given the objections in this case and the April 26, 2019 entry indicating the threat of a suit against a title company. Normally, an attorney might not need to attend a real estate closing, but the circumstances in this case warranted this extra attention and service. The Court finds this service and time spent reasonable. The same is true for all other entries not already mentioned in this Opinion. Accordingly, except for the March 6 and April 12, 2018 entries, the services meet the requirements of Section 330(a)(3) and are not within the prohibitions of Section 330(a)(4).

The Court steps back to look at the broader view mentioned in *Boddy*. Sweet has special skills in the Chapter 7 area and the requested fees as modified are commensurate with fees of like Chapter 7 cases, as well as non-bankruptcy cases. In making this observation, the Court notes

4

12-32264-dof    Doc 345    Filed 01/28/22    Entered 01/28/22 13:28:13    Page 4 of 5

many unusual circumstances in this case, many of which have been addressed in previous Opinions of this Court in this and related cases.

Next, the Court turns to the response of Mr. Tindall to the January 28, 2020 Opinion and Order of the Court. While reminding all that he did not have the burden of proof of Sweet's fees, Mr. Tindall respectfully declined to narrow the issues to specific entries. While it is true Sweet does have the burden of proof, the application meets that burden. Many entries tie directly to actions in Court, and a substantial majority are logically connected to pleadings filed with this Court and are, therefore, verifiable. It is not sufficient for a party to say "I object"; the objection must have substance. Here, the Court has considered the objections of Mr. Tindall and has engaged its own analysis. The Court concludes the majority of Mr. Tindall's objections are overruled except for the 1.5 hours described in this Opinion. As a result, Sweet is awarded $21,800 in fees and costs of $181 in the total amount of $21,981.

The Court will enter an Order consistent with this Opinion.

**Not for Publication**

**Signed on January 28, 2022**

/s/ Daniel S. Opperman

**Daniel S. Opperman**
**United States Bankruptcy Judge**