UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
CHRISTOPHER D. WYMAN
*Debtor(s)*,

_____\

CASE NO. 12-32264
CHAPTER 7

## CLAIMANT'S MOTION AND BRIEF
## TO VACATE DE 345 FOR
## FRAUD ON THE COURT UNDER FRCP 60(d) (3)
## BY TRUSTEE SWEET

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34); and, an independent party in interest holding a separate secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter "allowed secured claim"), and for this MOTION TO VACATE DE 345 states:

1. On October 30, 2019, Sweet filed DE 292 in this case seeking an award of fees, compensation and expenses for services allegedly performed by Sweet AS ATTORNEY [not trustee] of this bankruptcy estate. See, Exhibit 3

2. On October 30, 2019, Sweet filed, as part of DE 292 [PPs 7-12 of 16], a listing of services and hours allegedly performed AS ATTORNEY for this bankruptcy estate for which he sought compensation. See, Exhibit 4.

3. On January 28, 2022, this Court, relying upon the representations of fact contained in DE 292, entered its Order DE 345 approving

1

fees to Sweet, AS ATTORNEY, for the trustee in this bankruptcy case.

4. FRCP 60(d) (3) provides that an order may be vacated where that order is based on fraud perpetrated on the court by an officer of the court.[1]

5. An officer of the court's duty is to be candid with, and not make any material misrepresentations to the court.[2]

6. Filing a fraudulent fee application by an officer of the court is a "flagrant violation of the obligation of candor to the court and fiduciary obligations to the estate."[3]

7. Punitive damages may also be awarded for fraud on the court.[4] Remedying fraud on the court "**is necessary to the integrity of the courts, for `tampering with the administration of justice. It is a**

---

[1] *Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 247-48 (1944); Demanjuk v. Petrovsky, 10 F.3d 338, 356 (6th Cir. 1993); Tenn-Fla Partners v. First Union Nat'l Bank of Fla. (In re Tenn-Fla Partners), 226 F.3d 746, 751 (6th Cir. 2000)* (**affirming the revocation of a confirmation order under § 1144 because of fraud on the court**).

[2] *Bennett v. Williams, 892 F.2d 822, 823 (9th Cir.1989)* (**requiring trustee's candid disclosure to the court to be entitled to quasi-judicial immunity**); *Lopez-Stubbe v. Rodriguez-Estrada (In re San Juan Hotel), 847 F.2d 931, 942 (1st Cir.1988)* ("**[J]udicial immunity [from personal liability] is contingent upon `candid disclosure' to the court....**").

[3] *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Charles N. Wooten, Ltd. (In re Evangeline Ref. Co.), 890 F.2d 1312, 1323 (5th Cir.1989).*

[4] *See Tenn-Fla Partners, 226 F.3d at 751* (**affirming the bankruptcy court's denial of punitive damages for fraud on the court, but noting that "such an award lies within the discretion of the trial court"**).

2

wrong against the institutions set up to protect and safeguard the public."[5]

8. In DE 292, Sweet expressly represented he was entitled to fees, compensation and expenses, AS ATTORNEY for the bankruptcy estate. Yet, Sweet knew and there can be no dispute that Sweet was never appointed to act, as AN ATTORNEY, for the bankruptcy estate, under 11 USC 327. NO such order so appointing Sweet to act and be compensated as AN ATTORNEY for this bankruptcy estate has ever been entered.[6] The mere filing of DE 292

---

[5] *Chambers, 501 U.S. at 44* (quoting *Hazel-Atlas Glass, 322 U.S. at 246); In Re Endeco, Inc., 675 F.2d 166, 167 (8th Cir. 1982)*( **where the trustee has misused Debtor's funds, the bankruptcy court may withhold compensation.**); *In Re Stillwell, 12 F.2d 205, 206 (6th Cir. 1926)* (**Abuses may include failure to report the condition of the estate, misuse of funds and failure to deposit funds in the designated depository**); *Matter of Lowe, 18 B.R. 20, 23 (Bkrtcy.N.D.Ga.1981)* (**where damages are inflicted upon creditors as a result of an attorney's improper actions, such losses should be borne by the offender as a sanction.**) *In Re Redman, 69 B.R. 27, 15 B.C.D. 657, 658 (Bkrtcy.D.Hawaii 1986)* (**where a trustee has allowed self-interest to come before the interests of the estate, denial of compensation is warranted**).

[6] While significant discussion and argument did take place to the effect that an AFFIDAVIT OF DISINTEREST could suffice as an APPLICATION to be appointed ATTORNEY for the bankruptcy estate, no ORDER granting such an APPLICATION has ever been entered. Therefore, no compensation or expenses can be awarded to Sweet, as ATTORNEY, as he has never been appointed or authorized to act or to be paid as ATTORNEY. *Laramie v. US Trustee, 540 US 526, 538-9, 124 S.Ct. 1023, 157 L.Ed. 2d, 1024 (2004); In re Resource Tech. Corp., 356 BR 435, 449 (BC ND Ill. 2006).* Simply put, *Lamie* established employment under 11 U.S.C. § 327 as a prerequisite to receiving compensation under 11 U.S.C. § 330.

representing that compensation could/should be paid was fraud on this Court.

9. In DE 292, and, Sweet's Exhibits attached thereto, Sweet fraudulently represented that services he allegedly performed, as Trustee under Section 704, AND, in matters having NOTHING to do with this bankruptcy case [i.e. revocation of his own bond] were services he could/should be compensated for as ATTORNEY for the bankruptcy estate, contrary to the express prohibition of such compensation contained in 11 USC 328(b).[7] The mere filing of DE 292 representing that such compensation could/should be paid to Sweet, as ATTORNEY services, was fraud on this Court.

10. Sweet's own Exhibit, setting forth the services for which he claimed compensation, see Exhibit 4, clearly reflects that EVERY service for which Sweet sought compensation – as an ATTORNEY – under sections 327 and 330 were – in fact – either (a) not related to this case or authorized under section 327 [in

---

[7] 11 U.S.C. § 328(b) reinforces the Bankruptcy Code's distinction between **necessary** professional services and those which are "**generally performed by a trustee without the assistance of an attorney or accountant.**" Section 328(b) emphasizes that only the former are compensable under § 330(a), whether the attorney and the trustee are the same person, or, a separate person. *Baker Botts LLP v. ASARCO LLC 576 U.S. 121, 131 135 S.Ct. 2158, 192 L.Ed.2d 208 (2015).* **(stressing that § 330(a) "does not authorize courts to award `reasonable compensation' *simpliciter*, but `reasonable compensation *for actual, necessary services rendered by'* the § 327(a) professional"** (emphasis in original)); *In re Crutcher Transfer Line, Inc.,20 BR 705 (BC WD Ken 1982); MATTER OF SYLVESTER, 23 F. 4th 543, 547 (5th Cir 2022); In re Mabson Lumber Co., 394 F.2d 23, 24 (2d Cir. 1968); IN RE McCONNELL, 641 BR 261 (DC ND Ga 2022).*

4

yellow]; or, (b) Trustee services prohibited under section 328(b) [in pink]

11. In DE 292, Sweet falsely represented that he:

   A. Acted as legal counsel for the Trustee since August 26, 2014;

   B. Continued the representation begun by Claimant in five (5) related adversary proceedings, despite NEVER appearing as an attorney or filing a single pleading as an attorney, per the docket in each such case.

   C. Acted as a lawyer in those adversary proceedings;

   D. Obtained title to 1011 Jones Rd. from Pichler; See, Exhibit 3 attached.

Sweet made these same representations in DE 176 and 182. All were absolutely false when made, and, knowingly made to perpetrate fraud on this Court.

12. The indisputable record facts of this case plainly show:

   A. This voluntary bankruptcy was filed May 24, 2012. DE 1, Case No. 12-32264

   B. Michael Mason was appointed the duly qualified and acting Chapter 7 Trustee in this bankruptcy case on or about May 24, 2012. DE 8, Case No. 12-32264

   C. Barbara Duggan ("Duggan"), a secured state court lien creditor with a perfected Judgment Lien, Claim No.1, appeared in this bankruptcy case on May 24, 2012. DE 9, Case No 12-32264.

   D. Duggan subsequently became a Co-Plaintiff with Trustee Mason in numerous adversary proceedings (a) to recover fraudulent transfers from Debtor Wyman and Diana Gentry for the benefit of their respective bankruptcy estates; (b) to recover damages – including post judgment attorney fees – under

Michigan law; and, (3) to object to discharge(s) of Wyman and Gentry.

E. On March 13, 2013, this Court issued DE 66, Case No. 12-02248, containing the following rulings completely eliminating any claimed interest by Michelle Pichler in 1011 Jones Rd. and recovering the Jones Rd. realty, by Trustee Mason, as property of the bankrupt estate:

**"The Debtor signed a Quit Claim Deed transferring the Jones Road Property to Ms. Pichler in October, 2009" DE 66, P2**

**"While the Court acknowledges that Ms. Pichler claims that there was a land contract, the titleholder to the Jones Road Property was the Debtor, not Ms. Pichler." DE 66, P4**

**... but the Quit Claim Deed was not recorded until April 24, 2012... The Quit Claim Deed was recorded within the 90 day period prior to the Debtor's bankruptcy petition DE 66, P4**

F. Thereafter, on June 24 and 25, 2014, in Case No. 12-02248, ALL the real and personal property – later sold by Trustee Sweet in 2019- was recovered by Trustee Mason for the bankrupt estate by (a) settlement placed on the record in this Court June 24, 2014; (b) instruments of conveyance [Bill of Sale and Quit Claim Deed] specifically approved by this Court June 24, 2014; and, (c) this Court's JUDGMENT dated June 25, 2014. See, Case No 19-3018, DE 89, Exhibit 3.

G. On July 15, 2014, Trustee Mason obtained an OFFER TO PURCHASE 1011 Jones Rd. [realty only] for the amount of $82,000.00. See, Case No 19-3018, DE 89, Exhibit 8.

H. As confirmed by Trustee SWEET'S counsel's billing records, Case No. 12-32264, DE 349, PP 16-18, Nov. 2013 through June 30, 2014, this recovery of real and personal property, as well as this Court's JUDGMENT, was approved and effectuated by Trustee Mason, and, became property of the bankrupt estate,

6

BEFORE Trustee Sweet was appointed as successor Trustee August 26, 2014.

I. Trustee Mason was succeeded by Trustee Sweet ("Sweet") on August 26, 2014. Case No. 12-32264, DE 150.

J. Trustee Sweet has NEVER been appointed ATTORNEY for the Trustee pursuant to Sections 327 and 330.

K. On February 10, 2015, Mr. Sweet testified, in Case No 12-3347, that the personal property and equipment, later sold by Trustee Sweet in 2019, was recovered as property of the bankrupt estate, by Trustee Mason in 2014. See, Case No 19-3018, DE 89, Exhibit 6, PP 59 LL 16-18, LL 22-23; P 60, LL1-3; P 62, LL 1-4; LL 7-13; P63, LL 17-21; P64, LL 7-10; P68, LL 18-21, L25; P69, LL 1-3; LL 10-13; P70; LL 2-8; P71, LL 22; P72, LL 2-6.

L. On February 10, 2015, Mr. Sweet testified he needed to have the personal property appraised and valued. See, Case No 19-3018, DE 89, Exhibit 6, PP –67, LL 7-17; P 68, L5; P74-LL24-25; P75, LL 1-6; P76, LL 4-11.

M. On February 26, 2015, this Court entered its Order, DE 93, Case No. 12-03447, ordering Mr. Sweet to determine **"the value of each item described in the attachments to the Bill of Sale"** By March 10, 2015. See, Case No 19-3018, DE 89, Exhibit 7.

N. In approximately June 2018, Sweet entered into a real estate sale contract to sell 1011 Jones Rd., Howell MI to litigation opponent Dianna Gentry at a clearly inadequate price - far less than previously offered to Trustee Mason in June 2014 by an arms-length buyer for the realty alone. Additionally, the contract with Gentry proposed to transfer to Gentry certain construction equipment [recovered by Trustee Mason in 2014], estimated, by Sweet – himself – to be worth at $50,000.00, for no consideration. The contract executed by Sweet and proposed to the Court for approval stated:

7

"3. Bankruptcy Trustee will have removed a "Claim of Interest" Filed by BARBARA DUGGAN 5/5/2012 and recorded 5/3/12 In Livingston County Register of deeds Liber 2012R-015343" See, Case No 19-3018, DE 89, Exhibit 4, Aden. 1, No 3, P10 of 19;

O. Trustee Sweet filed his first MOTION TO SELL the real and personal property- previously recovered by Trustee Mason - on June 7, 2018. DE 176, Case No. 12-32264. See, Case No 19-3018, DE 89, Exhibit 4.

P. Trustee Sweet filed his second [Amended] MOTION TO SELL the real and personal property previously recovered by Trustee Mason on December 11, 2018. DE 182, Case No. 12-32264. See, Case No 19-3018, DE 89, Exhibit 5. The sale, parties and terms, was identical to Sweet's first MOTION TO SELL.

Q. Sweet collected no rent for the realty from Debtor, despite Debtor's continued occupation of the real property throughout the entire history of the case. Case No. 20-03012, DE 24; DE 45, P4-5, No. g.

R. Sweet did not value, appraise, list or market the realty. Case No. 20-03012, DE 24; DE 45, P4-5, No. h.

S. Sweet did not comply with this Court's Order dated February 26, 2015 to value the personal property and equipment. See No. M above and See, Case No 19-3018, DE 89, Exhibit 7.

T. Sweet did not value, appraise, list or market the construction equipment. Case No. 20-03012, DE 24; DE 45, P4-5, No.h

U. Sweet did not consult with his Co-Plaintiff Duggan, Case No. 20-03012, DE 45, P4, No. b, or obtain her consent prior to executing the agreement with Gentry.

V. Trustee Sweet did not comply with the Department of Justice, Handbook for Chapter 7 Trustees, requiring that he value and document valuation for real and personal property sold, and, the

8

required contents of a proper Notice of Sale. See, Case No 19-3018, DE 89, Exhibit 9, PP 8-17, 8-18, 8-19, 8-20, 8-28, No. 7.

13. Sweet clearly perpetrated each of the above "frauds" upon this Court willfully, intentionally and for the sole purpose of misappropriating assets of the bankruptcy estate – for himself – under the guise and through the ruse of performing compensable ATTORNEY services for the bankruptcy estate.

For the reasons above stated, DE 345 should be VACATED and significant punitive damages/sanctions should be awarded against Sweet for fraud on the court under FRCP 60(d) (3).

Dated: 11/14/22

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI  48236
(248)250-8819
**Direct Email: met@comcast.net**

IN RE:
CHRISTOPHER D. WYMAN
*Debtor(s),*

ADV. NO:19-03018

SAMUEL D. SWEET, Trustee,
Plaintiff,

CASE NO. 12-32264
CHAPTER 7

v.

BARBRA DUGGAN,
Defendant.

## CERTIFICATE OF SERVICE
### (Modified for PEDUP)

Defendant, in pro per, hereby certifies that

## CLAIMANT'S MOTION AND BRIEF
## TO VACATE DE 345
## FOR FRAUUD ON THE COURT BY TRUSTEE SWEET

was submitted for filing through the PEDUP program on November 14, 2022 and will be served on Plaintiff Trustee Sweet by the Clerk's filing through the Court's ECF System on the date and at the time so filed by the Clerk.

Dated: 11/14/2022

/s/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
Direct Email: met@comcast.net