UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,
    Debtor.
_____/

Case No. 12-32264-dof
Chapter 7 Proceeding
Hon. Daniel S. Opperman

OPINION REGARDING TRUSTEE'S MOTION FIXING APPROVED FEES
FOR SPECIAL COUNSEL AND CLAIMANT'S 11 U.S.C. § 725 MOTION
AND BRIEF TO PAY ALLOWED SECURED LIEN

Introduction

Trustee Samuel D. Sweet ("Trustee") requests that this Court find that all of the fees incurred by him as an attorney for the estate exceed $21,869.33 such that Michael Tindall, special counsel for the estate, is not entitled to receive payment of any fees. Mr. Tindall takes the opposite view and by way of his Motion argues that he is entitled to payment of his fees. For the reasons stated in this Opinion, the Court denies in part and grants in part each Motion.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Findings of Fact

The Court has written many opinions in this case and its related adversary proceedings and refers and incorporates its previous findings of fact for a full and complete recitation of facts. For ease, the Court condenses these previous findings of fact as follows.

Shortly after the Debtor filed his Chapter 7 Petition, Michael Tindall, who represented Barbara Duggan, a creditor of the Debtor, contacted the Chapter 7 Trustee, Michael Mason, to

1

inform him about possible avoidable transfers of real and personal property of the Debtor. Mr. Mason was already represented by counsel, but he reached an understanding with Mr. Tindall to allow Mr. Tindall and his law firm, Tindall Law Firm, (collectively "Tindall") to represent Mr. Mason and the estate as special counsel for a limited purpose of avoiding a transfer by the Debtor. After being appointed special counsel, Mr. Tindall filed adversary proceedings to avoid the transfer of real estate located at 1011 Jones Road, Howell, Michigan and assorted construction machinery, equipment, tools, and miscellaneous items ("Personal Property") on behalf of the estate and Ms. Duggan. The Defendants in these actions aggressively defended these adversary proceedings, resulting in protracted and contentious litigation.

Ultimately, however, through negotiations by Samuel Sweet, the successor Trustee to Mr. Mason, 1101 Jones Road was returned to the Trustee, as well as some of the Personal Property. But Mr. Tindall did not see this result to the end. On September 20, 2017, Mr. Tindall was disbarred and therefore unable to represent Mr. Sweet. Mr. Sweet filed the appropriate papers to be employed as counsel for the estate. Mr. Sweet then sold 1011 Jones Road for a net amount of $65,607.98 and included the Personal Property as part of the settlement of the adversary proceedings.

Mr. Tindall reappeared as an interested party to contest the sale of 1011 Jones Road, this time as a partial assignee of Ms. Duggan's claim and later on his own behalf as a claimant for his attorney fees and costs. Mr. Sweet has closed the sale of 1011 Jones Road, disbursed funds to Ms. Duggan, and negotiated a subordination of tax claim with Livingston County that created funds to pay administrative claims. Mr. Tindall has a claim in this estate and has asserted he should be paid his full fee.

The Court issued an Opinion on September 23, 2019 and observed:

> Applying these concepts to this case, the Court cannot determine how much of the $65,607.98 was attributable to Mr. Tindall and to Mr. Sweet. The Court can determine that Mr. Tindall is not entitled to more than $21,869.33 ($65,607.98 x 1/3) and that amount may be reduced by the *Morris, Meisner* and *McInerney* formulas, as well as other factors as argued by Mr. Sweet.

Accordingly, the Court concluded:

> Mr. Tindall's Application can be granted in part because he is entitled to some compensation, but no more than $21,869.33, less whatever amount is attributable to the Trustee's efforts to complete the sale of assets and subordination of claims.

Subsequently, the Court denied Mr. Tindall's Amended Motion to Modify/Alter/Amend the September 23, 2019 Opinion and corresponding Order. The Court next addressed the issue of Mr. Tindall's fees in its March 17, 2021 Opinion and Order Granting Plaintiff Samuel D. Sweet's Motion for Summary Judgment that was entered in an adversary proceeding in this case. As stated in the March 17, 2021 Opinion and Order:

> Finally, the Court has considered Michael Tindall's argument that summary judgment is not appropriate because his attorney fees remain in dispute. Mr. Tindall argues that under 11 U.S.C. § 506(b), his reasonable attorney fees, while disputed, remain owing. The Trustee responds that any attorney fees Mr. Tindall may claim are due and owing are a separate issue for purposes of this secured claim because the decision to close on this sale was made based upon the payoff figure provided by Mr. Bejjani, on behalf of the secured claimant, Ms. Duggan.
>
> The Court agrees with Mr. Tindall that his attorney fees are in dispute, but such has no impact in this Adversary Proceeding. This Court determined its September 23, 2019 Opinion in the Christopher Wyman bankruptcy case, Case No. 12-32264, that Mr. Tindall's fees were governed by 11 U.S.C. § 328, and that he was entitled to "no more than $21,869.33, less whatever amount is attributable to the Trustee's efforts to complete the sale of assets and subordination of claims." While Mr. Tindall filed a Motion to Modify/Alter/Amend that Opinion, the Court denied such by Order entered on November 6, 2019. Thus, the amount of attorney fees Mr. Tindall may be entitled to is a separate issue, which is governed by 11 U.S.C. § 328, not Section 506. The ultimate amount that Mr. Tindall may be awarded is to be determined in the Wyman bankruptcy case once the issues in this Adversary Proceeding are decided.

On January 28, 2022, the Court determined that Mr. Sweet was entitled to attorney fees of $21,800.00 and expenses of $181.00 for his services as an attorney for the estate.

In the instant set of Motions, the Trustee argues that since the attorney fees and costs awarded to him exceed $21,869.33, Mr. Tindall is not entitled to payment of any fees or costs. In response, Mr. Tindall argues that many of the services performed by Mr. Sweet were either unrelated to the case and/or non-compensable because of a lack of a specific order or because the services were those that should be performed as a trustee. Mr. Tindall helpfully color-coded the offending services with a corresponding yellow or pink highlight.

The Court heard oral argument regarding both Motions and took the matters under advisement. After review of the pleadings, consideration of oral arguments, and close examination of the time entries of Mr. Sweet, the Court enters this Opinion.

Applicable Authorities

Federal Rule of Bankruptcy Procedure 2014(a) states:

**Employment of Professional Persons**

**(a) Application for an Order of Employment.** An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

4

Local Bankruptcy Rule 2014-1(c) states:

> **(c) Appointing Chapter 7 Trustee As Attorney.** Unless the trustee is also a creditor in the case, whenever a chapter 7 panel trustee seeks to be appointed as trustee's attorney, an order appointing that person as attorney will be deemed to have been entered without the formal entry of an order, effective upon the filing of the verified statement required by the last sentence in F.R.Bank.P. 2014(a).

Mr. Tindall first objects that there was not a separate order appointing Mr. Sweet as an attorney for the estate. Mr. Tindall, however, ignores E.D. Mich. LBR 2014-1(c), which deems Mr. Sweet as a duly appointed attorney without formal entry of an order if a verified statement required by Federal Rule of Bankruptcy Procedure or Bankruptcy Rule 2014(a) has been filed. Mr. Sweet did so in 2014, thus fully complying with the rules. This procedure which has been in place in this District for years and allows for panel Chapter 7 Trustees, who have been vetted and are supervised by the Department of Justice through the United States Trustee to efficiently handle legal matters. Moreover, if any creditor or party in interest had an objection to such an appointment, the Court stood and stands ready to hear an argument that a panel trustee should not act as an attorney. The Court further notes that Mr. Tindall, who has been involved in this case since its inception, could have raised this issue as early as 2014. But he did not do so until recently and has not articulated a substantive reason to question Mr. Sweet's actions as an attorney. The Court therefore overrules any objection Mr. Tindall has based on a lack of a formal entry of an order.

The other objection raised by Mr. Tindall has some merit. As the Court opined in its September 23, 2019 Opinion, the cases of *Morris v. City of Detroit*, 189 Mich. App. 271 (1991); *Island Lake Arbors Condo. Ass'n. v. Meisner & Assocs., P.C.*, 301 Mich. App. 384 (2013); and *In re McInerney*, 528 B.R. 684 (Bankr. E.D. Mich. 2014) require this Court to review the services

rendered by Mr. Sweet to determine whether his services were required to finish the work started by Mr. Tindall.

Initially, Mr. Sweet offers and invites the Court to use a simple and easy method to perform this exercise. He claims that all of his services were necessary to complete Mr. Tindall's efforts and that Mr. Sweet's fees and expenses exceed the total amount Mr. Tindall could receive. A close examination of Mr. Sweet's services, however, compels a different result.

Likewise, Mr. Tindall's highlighted edits result in a vast majority of Mr. Sweet's services as being either unrelated to Mr. Tindall's special counsel project or being a duty of a trustee and therefore non-compensable. Some, but not all, of Mr. Tindall's comments are accurate, so the Court continues its analysis.

First, there are almost 100 time entries, many of which are related to the sale of the real estate and are services that only an attorney can provide such as services to prepare motions to sell and attending related court hearings. The following entries exhibit these essential attorney services:

| Rate | Time Spent | Total | Billable Time | Billable Total | Billing Status |
|---|---|---|---|---|---|
| 10/03/2018: Prepare Amended Motion for Sale per issues on title. | | | | | |
| $250.00 | 1.50 | $375.00 | 1.50 | $375.00 | Billable |

| Rate | Time Spent | Total | Billable Time | Billable Total | Billing Status |
|---|---|---|---|---|---|
| 01/16/2019: Attend hearing on Motion to Sell Property. | | | | | |
| $250.00 | 1.00 | $250.00 | 1.00 | $250.00 | Billable |

Other examples of necessary legal services are the numerous conferences to negotiate sale terms, address title issues, and to object to motions which dominate Mr. Sweet's time report.

There are, however, entries which are not related to the sale of the real estate. These include:

| Rate | Time Spent | Total | Billable Time | Billable Total | Billing Status |
|---|---|---|---|---|---|

01/24/2018: Attend hearing on bond release.
| $250.00 | 0.50 | $125.00 | 0.50 | $125.00 | Billable |

03/06/2018: Calculate amount needed to pay creditors in full.
| $250.00 | 1.00 | $250.00 | 1.00 | $250.00 | Billable |

10/11/2017: Conference with Barb Duggan regarding finding an attorney.
| $250.00 | 0.40 | $100.00 | 0.40 | $100.00 | Billable |

10/30/2017: Conference with Attorney regarding issues on case.
| $250.00 | 0.50 | $125.00 | 0.50 | $125.00 | Billable |

11/03/2017: Conference with K. Toll regarding bond issues.
| $250.00 | 0.40 | $100.00 | 0.40 | $100.00 | Billable |

01/27/2018: Conference with K.T. regarding settlement of this case.
| $250.00 | 0.40 | $100.00 | 0.40 | $100.00 | Billable |

02/07/2018: Conference with K.T. regarding settlement.
| $250.00 | 0.40 | $100.00 | 0.40 | $100.00 | Billable |

02/22/2018: Conference with K.T. regarding changes to deed and order.
| $250.00 | 0.40 | $100.00 | 0.40 | $100.00 | Billable |

11/20/2017: Prepare response to Release of Bond Motion.
| $250.00 | 1.00 | $250.00 | 1.00 | $250.00 | Billable |

11/03/2017: Review docs re: bond issues and research.
| $250.00 | 1.00 | $250.00 | 1.00 | $250.00 | Billable |

11/03/2017: Receive and review request for concurrence in release of bond.
| $250.00 | 0.50 | $125.00 | 0.50 | $125.00 | Billable |

11/05/2017: Receive and review objection to Notice.
| $250.00 | 0.30 | $ 75.00 | 0.30 | $ 75.00 | Billable |

11/06/2017: Receive and review Motion to Release Bond.
| $250.00 | 0.50 | $125.00 | 0.50 | $125.00 | Billable |

| Rate | Time Spent | Total | Billable Time | Billable Total | Billing Status |
|---|---|---|---|---|---|

11/13/2017: Review amended Order regarding fraud on court.

| Rate | Time Spent | Total | Billable Time | Billable Total | Billing Status |
|---|---|---|---|---|---|
| $250.00 | 1.00 | $250.00 | 1.00 | $250.00 | Billable |

Also, there is one entry that the Court finds and concludes is more of a service provided by a trustee:

| Rate | Time Spent | Total | Billable Time | Billable Total | Billing Status |
|---|---|---|---|---|---|

05/29/2019: Prepare Report of Sale on Jones Road property.

| Rate | Time Spent | Total | Billable Time | Billable Total | Billing Status |
|---|---|---|---|---|---|
| $250.00 | 0.50 | $125.00 | 0.50 | $125.00 | Billable |

As it examined these time entries, the Court did take into consideration the unique factors of this case, in particular the disbarment of Mr. Tindall. Some of the time entries are not directly related to the sale of the real estate such as the following:

| Rate | Time Spent | Total | Billable Time | Billable Total | Billing Status |
|---|---|---|---|---|---|

10/11/2017: Attend status conference regarding disbarment of Tindall.

| Rate | Time Spent | Total | Billable Time | Billable Total | Billing Status |
|---|---|---|---|---|---|
| $250.00 | 0.60 | $150.00 | 0.60 | $150.00 | Billable |

07/20/2017: Conference with Attorney regarding disbarment of Mike Tindall.

| $250.00 | 0.40 | $100.00 | 0.40 | $100.00 | Billable |
|---|---|---|---|---|---|

11/08/2017: Various conferences with US Trustee's Office and Attorneys regarding what to do.

| $250.00 | 1.50 | $375.00 | 1.50 | $375.00 | Billable |
|---|---|---|---|---|---|

07/20/2017: Review docs on disbarment issues.

| $250.00 | 1.60 | $400.00 | 1.60 | $400.00 | Billable |
|---|---|---|---|---|---|

08/31/2017: Receive and review Order for Disbarment of Michael Tindall.

| $250.00 | 1.00 | $250.00 | 1.00 | $250.00 | Billable |
|---|---|---|---|---|---|

09/22/2017: Receive and review Notice of Disbarment by State of Michigan.

| $250.00 | 0.50 | $125.00 | 0.50 | $125.00 | Billable |
|---|---|---|---|---|---|

|  | Rate | Time Spent | Total | Billable Time | Billable Total | Billing Status |
|---|---|---|---|---|---|---|

10/12/2017: Review various docs to try to figure out how to handle cases.
| | $250.00 | 1.50 | $375.00 | 1.50 | $375.00 | Billable |

10/30/2017: Receive and review Order for Disbarment by Federal Court.
| | $250.00 | 0.40 | $100.00 | 0.40 | $100.00 | Billable |

11/06/2017: Review full docket of case no. 12-32264 and various pleadings.
| | $250.00 | 4.20 | $1,050.00 | 4.20 | $1,050.00 | Billable |

11/06/2017: Review full docket of case no. 12-3341 and various documents.
| | $250.00 | 2.60 | $650.00 | 2.60 | $650.00 | Billable |

In the Court's view, these services would not have been needed if Mr. Tindall had not been disbarred. Each service was necessary, however, for Mr. Sweet to represent the estate properly and complete the sale of the property. After close and careful examination, review, and consideration, the Court finds that the services denoted as unrelated to the sale totaling $2,075.00 and services totaling $125.00 as trustee duties should not be allowed as attributed to the project that Mr. Tindall was retained for as special counsel, but the remaining services are connected and necessary as required by *Morris*, *Meisner*, and *McInerney*.

## Conclusion

The Court partially denies the Trustee's Motion to the extent that $2,200.00 of services should not be attributed to the special counsel project of Mr. Tindall, but does grant the Trustee's Motion in the amount of $19,600.00 in attorney fees and $181.00 in expenses. Mr. Tindall's Motion is partially granted to the extent that $2,200.00 of fees should not be attributed to this special counsel project, but denied as to the remainder of his requested relief. The Court will enter an Order consistent with this Opinion.

**Not for Publication**

**Signed on January 6, 2023**



/s/ Daniel S. Opperman

Daniel S. Opperman
United States Bankruptcy Judge